Mary Kate Sullivan (State Bar Number 180203)
marykate.sullivan@stinson.com
STINSON LLP
595 Market Street
Suite 2600
San Francisco, California 94105
Telephone:    415.398.3344
Facsimile:    415.956.0439

Loren W. Coe (State Bar Number 273124)
loren.coe@stinson.com
SARA SHAHBAZI (State Bar No. 351498)
Sara.shahbazi@stinson.com
STINSON LLP
19100 Von Karman Avenue
Suite 700
Irvine, California 92612
Telephone:    949.442.7110
Facsimile:    949.442.7118

Attorneys for Defendant loanDepot.com, LLC

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| JERRY WAGNER, DANNY WAGNER<br><br>        Plaintiff,<br><br>    v.<br><br>LOANDEPOT.COM, LLC; FREEDOM MORTGAGE CORPORATION, DOES 1-50<br><br>        Defendant. | Case No. 1:26-cv-03848-JLT-CDB<br>Hon. Judge Jennifer L. Thurston<br><br>**LOANDEPOT.COM, LLC'S NOTICE OF MOTION TO DISMISS AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT; DECLARATION OF SARA SHAHBAZI; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Judge:        Hon. Jennifer L. Thurston<br>Date:         June 30, 2026<br>Time:         9:00 a.m.<br>Courtroom 4, 7th Floor<br><br>Action Filed:  February 24, 2026 |

LOANDEPOT.COM, LLC'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES
CASE NO.  1:26-CV-03848-JLT-CDB

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on June 30, 2026 at 9:00 a.m., or as soon thereafter as counsel may be heard in Courtroom 4, 7th Floor of the Robert E. Coyle United States District Court for the Eastern District of California, located at 2500 Tulare Street, Fresno, CA  93721 , Defendant loanDepot.com, LLC ("loanDepot"), will move and hereby does move the Court for an order dismissing the first amended complaint (the "FAC") filed by Plaintiffs Jerry Wagner and Danny Wagner ("Plaintiffs").

This motion is made pursuant to Rule 12(b)(6) and is based on the grounds that the complaint and each of its causes of action fails to state a claim against loanDepot upon which relief may be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

This Motion is based upon this notice of motion and motion, the memorandum of points and authorities, the complaint and all other pleadings and records on file in this action, and upon such other argument as the Court may consider at the hearing on this motion.

Dated:  May 26, 2026                                STINSON LLP


                                                    By:    _/s/ Sara Shahbazi_
                                                           SARA SHAHBAZI

                                                    Attorneys for Defendant loanDepot.com, LLC

CORE/3543210.0017/243564327.3                                    1

LOANDEPOT.COM, LLC'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES
CASE NO.  1:26-CV-03848-JLT-CDB

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ..................................................................................................................1

II. RELEVANT FACTS............................................................................................................1

III. LEGAL STANDARD ........................................................................................................2

IV. ARGUMENT ......................................................................................................................3

    A.    The Claims For Violations Of The Homeowner Bill of Rights (COA 1 and 2), Quiet Title (COA 11), And Cancellation of Instruments (COA 13) Fail Because Plaintiffs Do Not Allege That loanDepot Claims An Interest In The Loan or Property ..................................3

        1.    The HBOR Claims Fail ..................................................................3

        2.    The Quiet Title and Cancellation Claims Fail....................................5

    B.    The Rosenthal Act/FDCPA Claim Fails ..........................................................7

    C.    Plaintiffs' California Civil Code Section 2924(a)(1) Claim Fails as to loanDepot ...................................................................................................8

    D.    Plaintiffs Have Not Alleged a Violation of the UCL Against loanDepot ..........................................................................................................8

    E.    Plaintiffs Fail to Plead a Section 7434 Claim Against loanDepot ..................9

    F.    Plaintiffs' Claims for Declaratory and Injunctive Relief Are Remedies, Not Independent Causes of Action...............................................10

    G.    Plaintiffs Fail to Plead a Cause of Action for Breach of Contract and Implied Covenant of Good Faith and Fair Dealing...............................10

    H.    Plaintiffs' Negligence, Negligent Misrepresentation and Constructive Fraud Claims Fail .................................................................12

V. CONCLUSION ..................................................................................................................15

CORE/3543210.0017/243564327.3        1

LOANDEPOT.COM, LLC'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES
CASE NO.  1:26-CV-03848-JLT-CDB

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Abdallah v. United Sav. Bank*,
43 Cal. App. 4th 1101 (1996) ........................................................................................... 6

*Aguilar v. Bocci*,
39 Cal. App. 3d 475 (1974) ............................................................................................... 6

*Apollo Cap. Fund LLC v. Roth Cap. Partners, LLC*,
158 Cal. App. 4th 226 (2007) ......................................................................................... 13

*Arnolds Mgmt. Corp. v. Eischen*
158 Cal. App. 3d 575 (1984) ............................................................................................. 6

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) .......................................................................................................... 3

*Batt v. City and Cnty. Of San Francisco*,
155 Cal. App. 4th  65 (2007) .......................................................................................... 10

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544 (2007) .......................................................................................................... 3

*Cal. Serv. Station & Auto. Repair Assn. v. American Home Assurance Co.*,
62 Cal. App. 4th 1166 (1998) ......................................................................................... 13

*Careau & Co. v. Sec. Pac. Bus. Credit, Inc.*,
222 Cal. App. 3d 1371 (1990) ........................................................................................ 12

*Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*,
20 Cal. 4th  163 (1999) ................................................................................................. 8, 9

*Connor v. Great Western Sav. & Loan Assn.*,
69 Cal. 2d 850 (1968) ..................................................................................................... 12

*Design Built Sys. v. Sorokine*,
32 Cal. App. 5th  676 (2019) ............................................................................................ 9

*Fields v. Legacy Health Sys.*,
413 F.3d 943 (9th  Cir. 2005) ........................................................................................... 3

*Glenn K. Jackson Inc. v. Roe*,
273 F.3d 1192 (9th  Cir. 2001) .......................................................................................... 8

LOANDEPOT.COM, LLC'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES
CASE NO.  1:26-CV-03848-JLT-CDB

*Glue-Fold, Inc. v. Slautterback Corp.*,
  82 Cal. App. 4th 1018 (2000)..................................................................................... 10

*Guz v. Bechtel Nat'l, Inc.*,
  24 Cal. 4th 317 (2000)............................................................................................... 12

*Khoury v. Maly's of Cal., Inc.*,
  14 Cal. App. 4th  612 (1993) ...................................................................................... 9

*Krantz v. BT Visual Images, LLC*,
  89 Cal. App. 4th 164 (2001) ....................................................................................... 8

*Lazar v. Super. Ct.*,
  12 Cal. 4th 631 (1996)............................................................................................... 13

*Lucioni v. Bank of Am., N.A.*,
  3 Cal.App.5th 150 (2016)............................................................................................ 4

*McDowell v. Watson*,
  59 Cal. App. 4th 1155 (1997)..................................................................................... 10

*McKell v. Washington Mut., Inc.*,
  142 Cal. App. 4th 1457 (2006) .................................................................................. 11

*Mendoza v. City of Los Angeles*,
  66 Cal. App. 4th 1333 (1998)..................................................................................... 12

*Mix v. Sodd*,
  126 Cal. App. 3d 386 (1981)........................................................................................ 6

*Nymark v. Heart Fed. Sav. & Loan Assn.*,
  231 Cal. App. 3d 1089 (1991)............................................................................... 12, 14

*Oaks Mgmt. Corp. v. Sup. Ct.*,
  145 Cal. App. 4th 453 (2006)..................................................................................... 14

*Otworth v. S. Pac. Transp. Co.*,
  166 Cal. App. 3d 452 (1985)...................................................................................... 11

*Prakashpalan v. Engstrom, Lipscomb & Lack*,
  223 Cal. App. 4th 1105 (2014)................................................................................... 14

*Price v. Wells Fargo Bank*,
  213 Cal. App. 3d 465 (1989)...................................................................................... 14

*Racine & Laramie, Ltd. v. Cal. Dept. of Parks & Rec.*,
  11 Cal. App. 4th 1026 (1992)..................................................................................... 11

*Riggs v. Prober & Raphael*,
   681 F.3d 1097 (9th Cir. 2012) ................................................................................................ 7

*Sheen v. Wells Fargo Bank, N.A.*,
   12 Cal. 5th  905 (2022) ......................................................................................................... 12

*Shimpones v. Stickney*,
   219 Cal. 637 (1934) ................................................................................................................ 6

*Small v. Fritz Co., Inc.*,
   30 Cal. 4th 167 (2003) .......................................................................................................... 13

*Sprewell v. Golden State Warriors*,
   266 F.3d 979 (9th  Cir. 2001) .................................................................................................. 3

*Swierkiewicz v. Sorema N.A.*,
   534 U.S. 506 (2002) ................................................................................................................ 3

*Turner v. Cook*,
   362 F.3d 1219 (9th Cir. 2004) ................................................................................................. 7

*Union Bank v. Sup. Ct.*,
   31 Cal. App. 4th 573 (1995) .................................................................................................. 14

*Wagner v. Benson*,
   101 Cal. App. 3d 27 (1980) ................................................................................................... 12

*West v. JPMorgan Chase Bank, N.A.*,
   214 Cal.App.4th 780 (2013) .................................................................................................... 5

**Statutes**

15 U.S.C. § 1692e .......................................................................................................................... 7

15 U.S.C. § 1692k(d) ..................................................................................................................... 7

26 U.S.C. § 7434(a) ....................................................................................................................... 9

Cal. Civ. Code § 1788 et seq. ......................................................................................................... 7

Cal. Civ. Code § 1788.30(f) ........................................................................................................... 7

Cal. Civ. Code § 2924.17 ...................................................................................................... 3, 4, 5

Cal. Civ. Code § 2936 .................................................................................................................... 6

California Business and Professions Code § 17200 ....................................................................... 8

California Civil Code Section 2924(a)(1) ...................................................................................... 8

Cal. Civ. Code § 2924.12(a)(1) ..................................................................................................... 4

Cal. Civ. Code § 3412 ............................................................................................................. 5, 6

Civ. Proc. Code § 761.020(c) ....................................................................................................... 5

Rosenthal Act/FDCPA ................................................................................................................. 7

**Other Authorities**

Fed. R. Civ. P. 12(b)(6) ............................................................................................................... 2

CORE/3543210.0017/243564327.3                    4

LOANDEPOT.COM, LLC'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES
CASE NO.  1:26-CV-03848-JLT-CDB

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### INTRODUCTION

This case has nothing to do with loanDepot. Plaintiffs obtained a home loan from loanDepot in April 2020. In October 2024, loanDepot transferred servicing of the loan to Freedom Mortgage Corporation ("Freedom"). In June 2025, the beneficial interest in the deed of trust was assigned to Freedom. loanDepot no longer services the loan, holds no interest in the note or deed of trust, and claims no interest in the property.

Yet Plaintiffs name loanDepot as a defendant in a foreclosure avoidance action based entirely on conduct by other entities—Freedom, Affinia Default Services, and ServiceLink. Plaintiffs do not allege that loanDepot recorded the notice of default, substituted the trustee, initiated foreclosure proceedings, or took any action adverse to Plaintiffs after the servicing transfer. Every cause of action in the First Amended Complaint fails as to loanDepot because Plaintiffs cannot connect loanDepot to the challenged conduct.

The Court should dismiss the FAC with prejudice as to loanDepot.

### II.

### RELEVANT FACTS

In April 2020, plaintiff Danny Lee Wagner and non-party Freda Sue Wagner obtained a $190,000 home loan from loanDepot ("Loan"), the repayment of which is secured by a deed of trust ("Deed of Trust") recorded against the property located at 3517 Beyers Street, Bakersfield, California (the "Property"). FAC, 2:21-22 and Exs. 1-2, 5-6; Request for Judicial Notice ("RJN"), Ex. 1. The Deed of Trust defines loanDepot as the "Lender" and Mortgage Electronic Registration Systems, Inc. ("MERS") as the beneficiary under the Deed of Trust, solely as a nominee for Lender and Lender's successors and assigns. RJN, Ex. 1 at p. 1 of 12.

Plaintiff Jerry Wagner alleges that he also owns and is domiciled at the Property. FAC, 2:21-22.

CORE/3543210.0017/243564327.3                          1

Plaintiffs allege that in October 2024 they received correspondence from Freedom Mortgage Corporation ("Freedom") and loanDepot stating that *servicing* of the loan had transferred. FAC, 3:21-24. The transfer notice attached to the FAC states that servicing transferred from loanDepot to Freedom effective October 1, 2024, that loanDepot would stop accepting payments received after September 30, 2024, and that Freedom would collect payments going forward. FAC, Ex. 3.

The beneficial interest in the Deed of Trust was also assigned by MERS to Freedom, as reflected in the Corporate Assignment of Deed of Trust recorded in the Official Records of Kern County on June 5, 2025. FAC, 4:17-21; RJN, Ex. 2.

Thereafter, the loan presumably fell into default and Freedom initiated nonjudicial foreclosure proceedings. On January 28, 2026, a Substitution of Trustee was recorded substituting Affinia Default Services, LLC ("Affinia") as trustee under the Deed of Trust. RJN, Ex. 3. The Substitution of Trustee was signed by an employee of Freedom Mortgage Corporation. *Id*.

Also, on January 28, 2026, a Notice of Default was recorded against the Property. RJN, Ex. 4. The Notice of Default states that the arrears were $5,964.16 as of January 27, 2026. *Id*. The Notice of Default also contains a Declaration of Compliance with Civil Code § 2923.5 stating that "[t]he mortgage servicer has contacted the borrower to assess the borrower's financial situation and explore options for the borrower to avoid foreclosure…."  RJN, Ex. 4.

Plaintiffs filed this foreclosure avoidance action on February 24, 2026 in the Kern County Superior Court. On May 18, 2026, Freedom filed a Notice of Removal, removing the state court action to this Court. loanDepot did not initiate or object to removal but now appears and moves to dismiss the FAC in its entirety.

## III.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides that a pleading may be challenged and dismissed for failing to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

To survive a 12(b)(6) motion, a complaint must state a claim for relief that is plausible on

its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim for relief is facially plausible when the plaintiff pleads enough facts, taken as true, to allow a court to draw a reasonable inference that the defendant is liable for the alleged conduct. *Id.*

The complaint must do more than allege mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Iqbal*, 556 U.S. at 678. A pleading does not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (*citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Mere legal conclusions are not to be accepted as true and do not establish a plausible claim for relief. *Iqbal*, 556 U.S. at 664.

Rather, a complaint must give the defendant fair notice of the nature of the claim and the grounds upon which it rests. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). Determining whether a complaint states a plausible claim for relief will be a context-specific task requiring the court to draw on its judicial experience and common sense. *Iqbal*, 556 U.S. at 679.

In the absence of specific factual allegations, a district court must dismiss the pleading because "the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 663 (citing *Twombly*, 550 U.S. at 555).

Conclusory allegations of law, unwarranted deductions of fact, or unreasonable inferences are insufficient to defeat a motion to dismiss. *See Fields v. Legacy Health Sys.*, 413 F.3d 943, 950, n.5 (9th Cir. 2005); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

## IV.

## ARGUMENT

**A. The Claims for Violations of the Homeowner Bill of Rights (COA 1 and 2), Quiet Title (COA 11), And Cancellation of Instruments (COA 13) Fail Because Plaintiffs Do Not Allege That loanDepot Claims an Interest in the Loan or Property**

### 1.      The HBOR Claims Fail

The first and second causes of action are for violations of the California Homeowner Bill of Rights ("HBOR") and Civil Code section 2924.17. The HBOR includes Section 2924.17, so

CORE/3543210.0017/243564327.3                                     3

both claims are properly addressed together. *See Lucioni v. Bank of Am., N.A.*, 3 Cal.App.5th 150, 158 (2016) (section 2924.17 is one of many statutory provisions included in the HBOR).

Plaintiffs' theories of liability are difficult to comprehend, but seemingly fall into three buckets.

First, Plaintiffs contend that "all Defendants" lack authority to foreclose because the Assignment was recorded in June 2025, after the servicing transfer occurred in October 2024. FAC, pp. 7-8. This theory fails as a matter of law because the HBOR "does not provide for the ability of a borrower to directly litigate pre-foreclosure a claim that the foreclosing party lacked a beneficial interest in the deed of trust[.]" *Lucioni*, 3 Cal.App.5th at 163. Plaintiffs also fundamentally misunderstand that servicing transfers have nothing to do with assignments of the beneficial interest in the Deed of Trust. Additionally, and more to the point, Plaintiffs do not allege facts establishing that loanDepot did anything to advance the foreclosure or that loanDepot claims to have authority to foreclose. To the contrary, Plaintiffs concede that loanDepot transferred the servicing rights to Freedom in 2024 (FAC, Ex. 3), and the beneficial interest in the Deed of Trust was conveyed to Freedom in 2025 (RJN, Ex. 2). loanDepot is not a proper defendant.

Second, Plaintiffs allege that the Declaration of Compliance with Section 2923.5 recorded with the Notice of Default is defective, so the Notice of Default is void. FAC, pp. 7-8. Again, this allegation has nothing to do with loanDepot. Freedom substituted Affinia as the new trustee under the Deed of Trust (RJN, Ex. 3). And Affinia and Freedom caused the Notice of Default to be recorded with the Declaration of Compliance with Section 2923.5. Plaintiffs do not—and cannot—allege that loanDepot had any part in preparing or recording the Notice of Default. To that end, the only pre-foreclosure remedy available under HBOR is an injunction until the violation is cured. (Civ. Code § 2924.12(a)(1).) Because loanDepot has no interest in the Loan or Property, loanDepot cannot remedy the alleged defects with the foreclosure proceedings. Plaintiffs have no remedy as to loanDepot under HBOR.

CORE/3543210.0017/243564327.3                                  4

LOANDEPOT.COM, LLC'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES
CASE NO.  1:26-CV-03848-JLT-CDB

Third, Plaintiffs allege that "all Defendants" violated section 2924.17[1] by falsifying loan records, including loanDepot's Customer Activity Statement, which allegedly contains a same-day $190,000 "Loan Set Up" entry and "Adjustment" and demonstrates a "fabricated principal balance." This theory is equally without merit. A cursory review of the Customer Activity Statement (Ex. 5 to the FAC) shows no such entries. And the suggestion that an internal accounting entry somehow vitiates the borrowers' requirement to pay back a $190,000 loan that they admittedly obtained is absurd. To that end, the customer activity statements are not foreclosure documents under section 2924.17, and the FAC does not allege that loanDepot recorded or filed the Notice of Default or any other foreclosure instrument.

For these reasons, the HBOR claims should be dismissed with prejudice.

### 2.    The Quiet Title and Cancellation Claims Fail

Plaintiffs' claims for quiet title and cancellation of instrument fail for the same fundamental reason—i.e., loanDepot does not claim any interest in the Property and loanDepot did not cause the foreclosure notices to be recorded.

"An element of a cause of action for quiet title is '[t]he adverse claims to the title of the plaintiff against which a determination is sought.'" *West v. JPMorgan Chase Bank, N.A.*, 214 Cal.App.4th 780, 802 (2013) (citing Cal. Civ. Proc. Code § 761.020(c)). Plaintiffs do not allege that loanDepot currently services the loan, has a beneficial interest in the Note or Deed of Trust, or claims any adverse interest in the Property. FAC, pp. 15-16. loanDepot does not have an adverse claim to the title of the Property.

Civil Code section 3412 permits cancellation of a written instrument when there is a reasonable apprehension that, if left outstanding, it may cause serious injury to a person against whom it is void or voidable. Cal. Civ. Code § 3412. Plaintiffs seek cancellation of several instruments related to the Loan and Property, including the purported Note, the October 2024

---

[1] Civil Code Section 2924.17 requires notices of default and foreclosure sales to be "accurate and complete and supported by competent and reliable evidence." Cal. Civ. Code § 2924.17(a). It also requires "a mortgage servicer" to "ensure that it has reviewed competent and reliable evidence to substantiate the borrower's default and the right to foreclose" before filing or recording the notice. Cal. Civ. Code § 2924.17(b).

CORE/3543210.0017/243564327.3

5

transfer letters, the June 2025 assignment, the Substitution of Trustee, and the Notice of Default. FAC, p. 18. loanDepot claims no interest in the Loan or Property, so the claim is misdirected at loanDepot. Additionally, the FAC does not allege facts demonstrating that any of these instruments are void or voidable. Plaintiffs admit obtaining the Loan and do not allege that it has been repaid, so there is no basis for cancelling the Note or Deed of Trust. The October 2024 transfer letter provided notice that the servicing transferred from loanDepot to Freedom. The Assignment recorded in June 2025 provided constructive notice that the beneficial interest in the Deed of Trust was assigned to Freedom. Furthermore, the remaining challenged instruments are not loanDepot instruments. The FAC alleges that Freedom executed the Substitution of Trustee, Affinia acted as substituted trustee, and ServiceLink prepared and transmitted the Notice of Default. FAC, pp. 3, 5. Plaintiffs do not allege that loanDepot prepared, executed, recorded, or presently seeks to enforce the Substitution of Trustee or Notice of Default. And to the extent Plaintiffs seek cancellation of IRS Forms 1098, the FAC does not allege facts showing that any form issued by loanDepot was knowingly false or that cancellation of a tax information return is an available remedy under Civil Code section 3412.

Finally, a mortgagor cannot quiet title or cancel a deed of trust without paying or tendering the debt secured by the deed of trust. *Shimpones v. Stickney*, 219 Cal. 637, 649 (1934); *Aguilar v. Bocci*, 39 Cal. App. 3d 475, 477 (1974); *Mix v. Sodd*, 126 Cal. App. 3d 386, 390 (1981). Plaintiffs do not allege that they have paid, tendered, or are able to tender the amounts owed under the Note and Deed of Trust. Instead, they argue in conclusory fashion that tender is excused because the foreclosure instruments are void. FAC, p. 6.[2] But the FAC does not allege facts establishing that any instruments are void, as opposed to merely voidable.[3]

---

[2] Plaintiffs' failure to allege tender is fatal to their quiet title claim and to any claim seeking cancellation or injunctive relief based on irregularities in the foreclosure process. Tender of the amount owed is a condition precedent to claims challenging the validity of a foreclosure or seeking equitable relief from the deed of trust. *Abdallah v. United Sav. Bank*, 43 Cal. App. 4th 1101, 1109 (1996); *Arnolds Mgmt. Corp. v. Eischen* 158 Cal. App. 3d 575, 577 (1984). Plaintiffs do not allege they paid, tendered, or are able to tender the amounts owed.

[3] To the extent Plaintiffs contend the Note and Deed of Trust were "separated" and are therefore unenforceable, that theory fails under California law. The assignment of a debt secured by a deed of trust carries the security with it. *See* Cal. Civ. Code § 2936. Thus, any assignment through MERS did not separate the Note from the security interest.

The quiet title and cancellation claims fail and should be dismissed with prejudice.

**B.  The Rosenthal Act/FDCPA Claim Fails**

Plaintiffs' Rosenthal Act/FDCPA claim fails because the FAC does not allege that loanDepot engaged in prohibited debt collection conduct. The FDCPA and Rosenthal Act prohibit a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." *Riggs v. Prober & Raphael*, 681 F.3d 1097, 1100 (9th Cir. 2012), citing 15 U.S.C. § 1692e; *see also* Cal. Civ. Code § 1788 et seq. To establish violations of the FDCPA and the Rosenthal Act, the Plaintiffs must allege: (1) they were consumers (2) who were the object of a collection activity arising from a consumer debt, and (3) the defendant is a "debt collector," (4) who engaged in an act or omission prohibited by FDCPA or Rosenthal Act. *Turner v. Cook*, 362 F.3d 1219, 1227–28 (9th Cir. 2004).

Plaintiffs allege generally that "Defendants" misrepresented the amount and legal status of the debt, attempted to collect unauthorized amounts, used false statements in foreclosure documents and account statements, misapplied payments, and recorded a Notice of Default based on false information. FAC, p. 11. But these allegations are *not* tied to loanDepot. Plaintiffs' own exhibits show loanDepot transferred servicing to Freedom effective October 1, 2024, and Freedom—not loanDepot—collected payments after the transfer and sent delinquency and loan modification communications.[4] FAC, Exs. 3, 11, 18. Nowhere in the FAC do Plaintiffs allege that loanDepot issued the Notice of Default, collected payments after the transfer, misapplied payments, or attempted to collect foreclosure-related amounts. Thus, the FAC fails to identify any specific collection act by loanDepot.

To the extent Plaintiffs contend their Rosenthal/FDCPA claim is based on loanDepot's conduct prior to the servicing transfer in October 2024, the claim is barred by the applicable one-year statutes of limitation. 15 U.S.C. § 1692k(d); Cal. Civ. Code § 1788.30(f).

---

[4] To the extent Plaintiffs suggest that accepting mortgage payments constitutes accepting "deposits" or that loanDepot required a bank charter to originate or service the loan, those theories have no basis in law. loanDepot is alleged to have acted as the loan originator, and Plaintiffs identify no authority requiring a mortgage lender to hold a bank charter to originate or service a mortgage loan.

CORE/3543210.0017/243564327.3                7

Accordingly, the motion to dismiss Plaintiffs' Rosenthal Act/FDCPA claim should be granted.

**C. Plaintiffs' California Civil Code Section 2924(a)(1) Claim Fails as to loanDepot**

Plaintiffs have not alleged a viable claim under California Civil Code section 2924(a)(1) against loanDepot. Here, the FAC references section 2924(a)(1) in the caption and in allegations that the Notice of Default was recorded by entities lacking authority, but it does not clearly identify a standalone section 2924(a)(1) cause of action, the specific conduct by loanDepot that allegedly violated the statute, or the facts supporting such a claim against loanDepot. FAC, pp. 5-8.

Furthermore, the allegations concern other entities including Freedom, Affinia and ServiceLink. Indeed, Plaintiffs allege that ServiceLink prepared and transmitted the Notice of Default, Affinia acted as substituted trustee, and Freedom executed the Substitution of Trustee. FAC, pp. 3, 5. Because the FAC does not allege that loanDepot recorded the Notice of Default, substituted the trustee, or otherwise initiated foreclosure proceedings, Plaintiffs do not connect loanDepot to the challenged Notice of Default or any conduct prohibited by section 2924(a)(1).

As such, any purported section 2924(a)(1) claim fails as to loanDepot.

**D. Plaintiffs Have Not Alleged a Violation of the UCL Against loanDepot**

Plaintiffs' Unfair Competition Law ("UCL") claim under California Business and Professions Code § 17200, is entirely derivative of the other deficient causes of action. The UCL defines unfair competition as including "any unlawful, unfair or fraudulent business act or practice." *Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*, 20 Cal. 4th 163, 175 (1999). Plaintiffs allege unlawful, unfair, and fraudulent business practices based on alleged HBOR, Rosenthal Act/FDCPA, Civil Code sections 2924.17 and 2924(a)(1), foreclosure, and servicing violations. FAC, p. 14.

Plaintiffs cannot use the UCL to evade the pleading defects in their other claims. Because Plaintiffs fail to state any predicate claim against loanDepot, the UCL claim necessarily fails. *Krantz v. BT Visual Images, LLC*, 89 Cal. App. 4th 164, 178 (2001); *Glenn K. Jackson Inc. v. Roe*,

273 F.3d 1192, 1203 (9th Cir. 2001).

Plaintiffs' UCL claim also fails because the FAC identifies no independent wrongful conduct by loanDepot. The alleged foreclosure and servicing misconduct concerns Freedom, Affinia, and ServiceLink, not loanDepot. FAC, pp. 3, 5; Ex. 3. Nor do Plaintiffs allege fraudulent or unfair conduct by loanDepot with the required specificity. A UCL claim sounding in fraud must be alleged with reasonable particularity. *Khoury v. Maly's of Cal., Inc.*, 14 Cal. App. 4th 612, 619 (1993). Plaintiffs do not allege any specific misrepresentation by loanDepot likely to deceive the public, and they do not identify any conduct by loanDepot that threatens competition or violates the policy or spirit of the antitrust laws. *Cel-Tech*, 20 Cal. 4th at 187.

Accordingly, the motion to dismiss the UCL claim should be granted.

**E.  Plaintiffs Fail to Plead a Section 7434 Claim Against loanDepot**

Section 7434(a) provides: "If any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such return." 26 U.S.C. § 7434(a). "To prevail on a section 7434 claim, plaintiff must prove: (1) defendants issued an information return; (2) the return was fraudulent; and (3) defendants *willfully* issued the fraudulent return." *Design Built Sys. v. Sorokine*, 32 Cal. App. 5th 676, 685 (2019). "Willfulness means more than just establishing ... [defendants] were aware that the return was filed." *Id.* Plaintiffs must show defendants were "'aware of the duty purportedly imposed by Section 7434, specifically intended to flout the statute.'" *Design*, 32 Cal. App. 5th at 685. "'"Courts have interpreted the term 'willfully' as requiring 'proof of deceitfulness or bad faith in connection with filing an information return.'"'" *Id.*

Plaintiffs allege that Defendants prepared, issued, and filed false Forms 1098 based on different account numbers, origination dates, and principal balances used by loanDepot and Freedom. FAC, pp. 16-17. Plaintiffs' own exhibits show that loanDepot's 2024 Form 1098 reported an origination date of April 22, 2020 and an outstanding principal balance of $175,643.73, while Freedom's later Forms 1098 used its own account numbers and reflected

information after the servicing transfer. FAC, Exs. 8-10. Plaintiffs' allegations overlook that the alleged differences are consistent with a servicing transfer and the use of different servicer account numbers; they do not establish fraud, deceit, or bad faith. Nor do Plaintiffs' allegations regarding the origination dates and principal balances state a claim against loanDepot. FAC, Exs. 8-10. Plaintiffs also fail to allege causation or damages—i.e., they do not allege that the information returns resulted in the overpayment of taxes or any other harm. Minor date differences, servicer-specific account numbers, and reporting differences after the transfer do not show loanDepot filed a fraudulent return, much less that it did so willfully.

Therefore, the motion to dismiss Plaintiffs' section 7434 claim should be granted.

**F.  Plaintiffs' Claims for Declaratory and Injunctive Relief Are Remedies, Not Independent Causes of Action**

Declaratory and injunctive relief are equitable remedies, not standalone causes of action. *Batt v. City and Cnty. Of San Francisco*, 155 Cal. App. 4th 65, 82 (2007); *McDowell v. Watson*, 59 Cal. App. 4th 1155, 1159 (1997). Such remedies depend on a viable substantive claim and have no separate viability when the underlying claims fail. *Glue-Fold, Inc. v. Slautterback Corp.*, 82 Cal. App. 4th 1018, 1023, n. 3 (2000).

Here, Plaintiffs have not alleged any viable underlying claim against loanDepot. Nor have they alleged any actual controversy or threatened conduct by loanDepot that would support declaratory or injunctive relief. The FAC does not allege that loanDepot currently services the loan, claims the right to foreclose, recorded the Notice of Default, substituted the trustee, or presently seeks to enforce any foreclosure instrument against Plaintiffs. Because Plaintiffs fail to state any substantive claim against loanDepot and allege no current foreclosure threat or adverse interest by loanDepot, there is no basis for declaratory or injunctive relief.

Accordingly, the motion to dismiss should be granted as to the declaratory and injunctive relief claims.

**G.  Plaintiffs Fail to Plead a Cause of Action for Breach of Contract and Implied Covenant of Good Faith and Fair Dealing**

Plaintiffs fail to articulate the requisite elements for a breach of contract cause of action. "A cause of action for breach of contract requires pleading of a contract, plaintiff's performance or excuse for failure to perform, defendant's breach and damage to plaintiff resulting therefrom." *McKell v. Washington Mut., Inc.*, 142 Cal. App. 4th 1457, 1489 (2006) (citation omitted). "If the action is based on an alleged breach of a written contract, the terms must be set out verbatim in the body of the complaint or a copy of the written instrument must be attached and incorporated by reference." *Otworth v. S. Pac. Transp. Co.*, 166 Cal. App. 3d 452, 459 (1985). Alternatively, a plaintiff may be able to make out a claim for breach of contract by alleging the substance of its relevant terms *McKell*, supra, 142 Cal. App. 4th at 1489. "This is more difficult, for it requires a careful analysis of the instrument, comprehensiveness in statement, and *avoidance of legal conclusions*." *Id.* (citation omitted, emphasis added).

Here, Plaintiffs allege only that they "entered into a[n] alleged contract (the Note and Deed of Trust)" and that "Defendants assumed duties under that contract as servicer, debt collector, trustee, or beneficiary." FAC, p. 10, lines 20-23. Plaintiffs allege that Defendants breached the contract by "[h]olding all received payments from Plaintiffs in a suspense account from September 2025 to December 2025," "[r]ecording defective documents," "[f]ailing to provide accurate information," and "[i]nitiating foreclosure without contractual authority." FAC, p. 10, lines 24-28; p. 11, lines 1-7. However, the FAC does not identify any specific contractual provision loanDepot allegedly breached, and Plaintiffs' own exhibits show loanDepot was no longer servicing the loan when the alleged payment and foreclosure conduct occurred. FAC, Ex. 3. Furthermore, Plaintiffs cannot simultaneously claim the Note and Deed of Trust are void and seek to enforce those same documents through a breach of contract claim.[5]

California law bars implied covenant claims that merely duplicate alleged breaches of express terms or attempt to impose duties inconsistent with the contract. *Racine & Laramie, Ltd. v.*

---

[5] The FAC continues to allege that Danny Wagner and Freda Wagner lacked capacity to contract, but it alleges no facts showing incapacity at the time the Note and Deed of Trust were executed. In any event, Plaintiffs' own exhibits attached to the FAC reflect years of payment activity after loan origination, which is inconsistent with a theory that the contract is void while also seeking to enforce that same contract.

*Cal. Dept. of Parks & Rec.*, 11 Cal. App. 4th 1026, 1031-32 (1992). Plaintiffs' implied covenant claim fails for the same reasons. Plaintiffs identify no contractual benefit loanDepot unfairly frustrated and instead seek to impose generalized duties to correct records, halt foreclosure, or police later servicing conduct. The implied covenant cannot be used to create new substantive duties not found in the parties' agreement. *Guz v. Bechtel Nat'l, Inc.*, 24 Cal. 4th 317, 349-350 (2000); *Careau & Co. v. Sec. Pac. Bus. Credit, Inc.*, 222 Cal. App. 3d 1371, 1393-1395 (1990). This is particularly true in the mortgage context, where a lender generally owes no duty beyond the conventional role of a mere lender of money absent special circumstances. *Nymark v. Heart Fed. Sav. & Loan Assn.*, 231 Cal. App. 3d 1089, 1096 (1991); *Sheen v. Wells Fargo Bank, N.A.*, 12 Cal. 5th 905, 927 (2022). Therefore, Plaintiffs fail to allege that loanDepot owed or breached any contractual obligation, particularly where Plaintiffs' own exhibits show loanDepot no longer services the loan.

As such, the motion to dismiss Plaintiffs' claims for breach of contract and implied covenant of good faith and fair dealing should be granted.

**H.  Plaintiffs' Negligence, Negligent Misrepresentation and Constructive Fraud Claims Fail**

To state a negligence claim, a plaintiff must plead: (1) legal duty owed to plaintiff; (2) breach; (3) causation; and (4) injury to plaintiff. *Mendoza v. City of Los Angeles*, 66 Cal. App. 4th 1333, 1339 (1998). "As a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money." *Nymark*, 231 Cal. App. 3d at 1096. "Liability to a borrower for negligence arises only when the lender 'actively participates' in the financed enterprise 'beyond the domain of the usual money lender.'" *Wagner v. Benson*, 101 Cal. App. 3d 27, 35 (1980) (quoting *Connor v. Great Western Sav. & Loan Assn.*, 69 Cal. 2d 850, 864 (1968)).

Plaintiffs' negligence claim fails because loanDepot owed no duty beyond the conventional lender-borrower relationship. Plaintiffs allege that Defendants owed duties to "maintain accurate records, process payments correctly, and comply with statutory foreclosure requirements." FAC, p. 12. But Plaintiffs do not allege facts showing loanDepot exceeded its role

as loan originator, undertook any special duty, or controlled payment processing or foreclosure activity after servicing transferred to Freedom. FAC, Ex. 3. To the extent Plaintiffs' negligence claim is based on the alleged payment processing errors, suspense account issues, delinquency statements, or foreclosure activity after October 2024, those allegations concern Freedom or Affinia—not loanDepot.

Even assuming that Plaintiffs base their negligence claim on alleged statutory violations or foreclosure defects, that theory also fails. Negligence per se does not create a duty of care; it applies only after an independent duty has been established. *Cal. Serv. Station & Auto. Repair Assn. v. American Home Assurance Co.*, 62 Cal. App. 4th 1166, 1180 (1998). Because Plaintiffs fail to allege facts establishing an independent duty owed by loanDepot, their negligence claim fails as a matter of law.

The elements of negligent misrepresentation are "(1) the misrepresentation of a past or existing material fact, (2) without reasonable ground for believing it to be true, (3) with intent to induce another's reliance on the fact misrepresented, (4) justifiable reliance on the misrepresentation, and (5) resulting damage." *Apollo Cap. Fund LLC v. Roth Cap. Partners, LLC*, 158 Cal. App. 4th 226, 243 (2007). Further, the facts supporting each element "'must be pled specifically; general and conclusory allegations do not suffice.'" *Small v. Fritz Co., Inc.*, 30 Cal. 4th 167, 202 (2003) (citing *Lazar v. Super. Ct.*, 12 Cal. 4th 631, 645 (1996).

Here, the FAC identifies no actionable misrepresentation by loanDepot. Plaintiffs allege generally that Defendants made representations regarding the amount owed, the status of the loan, the identity of the beneficiary, and the validity of foreclosure documents. FAC, pp. 12-13. Notably, Plaintiffs do not identify who made each alleged representation, when it was made, the specific content of the statement, or how they reasonably relied on any statement by loanDepot to their detriment. Further, the alleged misrepresentations are directed primarily at foreclosure documents and servicing conduct that loanDepot did not control. The foreclosure documents were not prepared or issued by loanDepot. *See* FAC, p. 3; Ex. 3. Nor does the FAC allege that loanDepot prepared, recorded, or issued the Notice of Default, substituted the trustee, or initiated

foreclosure proceedings. Further, Plaintiffs' allegation that the Note was executed in Foothill, California rather than Bakersfield fails to establish a material misrepresentation by loanDepot, does not affect the enforceability of the loan or establish resulting reliance or damages. As a result, Plaintiffs fail to satisfy the heightened specificity requirements for misrepresentation claims. Accordingly, the negligent misrepresentation claim fails as to loanDepot.

Plaintiffs' constructive fraud claim similarly fails because loanDepot owed no fiduciary or confidential duty to Plaintiffs. Constructive fraud is "a unique species of fraud applicable only to a fiduciary or confidential relationship" and arises from a breach of duty by one in such a relationship that induces justifiable reliance to the plaintiff's prejudice. *Prakashpalan v. Engstrom, Lipscomb & Lack*, 223 Cal. App. 4th 1105, 1131 (2014). The FAC fails to allege facts establishing that loanDepot owed Plaintiffs any fiduciary or confidential duty. Indeed, the lender-borrower relationship is an arm's-length relationship and does not create fiduciary duties. *Oaks Mgmt. Corp. v. Sup. Ct*., 145 Cal. App. 4th 453, 466 (2006); *Union Bank v. Sup. Ct.*, 31 Cal. App. 4th 573, 579 (1995); *Price v. Wells Fargo Bank*, 213 Cal. App. 3d 465, 476 (1989).

Here, loanDepot's role did not exceed the conventional role of a lender. "[A]s a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money." *Nymark*, 231 Cal. App. 3d at 1096. Plaintiffs' allegations against loanDepot primarily arise from its origination of the loan, its internal loan records, and the later transfer of servicing to Freedom. FAC, Ex. 3. Such allegations do not establish a fiduciary or confidential relationship.

Plaintiffs' constructive fraud claim is also duplicative of their negligent misrepresentation claim. Plaintiffs again rely on alleged misrepresentations regarding the amount owed, loan status, beneficiary identity, and foreclosure documents, but the FAC does not allege who at loanDepot made any such statement, when it was made, or how Plaintiffs justifiably relied on it. Because Plaintiffs have not alleged a fiduciary or confidential relationship, an actionable misrepresentation by loanDepot, or justifiable reliance, the constructive fraud claim fails as a matter of law.

For these reasons, the motion to dismiss Plaintiffs' negligence, negligent misrepresentation, and constructive fraud claims should be granted.

**V.**

**CONCLUSION**

For the reasons set forth above, loanDepot has no connection to the foreclosure activity at issue, and every cause of action in the FAC fails to state a claim against loanDepot. Accordingly, loanDepot respectfully requests that the Court dismiss the FAC with prejudice as to loanDepot.

Dated:  May 26, 2026                                     STINSON LLP


                                                    By:   */s/ Sara Shahbazi*
                                                          SARA SHAHBAZI

                                                          Attorneys for Defendant loanDepot.com, LLC

LOANDEPOT.COM, LLC'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES
CASE NO.  1:26-CV-03848-JLT-CDB