UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY WAGNER, *et al.*,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>LOANDEPOT.COM, LLC, *et al.*,<br><br>　　　　Defendants. | Case No.: 1:26-cv-03848-JLT-CDB<br><br>ORDER DENYING PLAINTIFFS'<br>MOTION FOR E-FILING PRIVILEGES<br><br>(Doc. 15) |

Plaintiffs Jerry Wagner and Danny Wagner ("Plaintiffs"), proceeding pro se, initiated this action with the filing of a complaint in state court on February 24, 2026, and a first amended complaint ("FAC") on April 13, 2026, against Defendants LoanDepot.com, LLC ("LoanDepot"), Freedom Mortgage Corporation ("Freedom"), and Affinia Default Services LLC ("Affinia") (collectively, "Defendants") before Defendant Freedom removed the action to this Court on May 18, 2026. (Doc. 1). On May 26, 2026, Defendant Freedom filed a motion to dismiss and a request for judicial notice in support thereof. (Docs. 5, 6). That same day, Defendant LoanDepot filed a separate pending motion to dismiss and a request for judicial notice in support thereof. (Docs. 7, 8). Separately, Plaintiffs filed a motion to remand a request for judicial notice in support thereof. (Docs. 17, 18).

Pending before the Court is Plaintiffs' motion for permission to participate in electronic case filing dated May 20, 2026, and filed on the docket on May 26, 2026. (Doc. 15). Plaintiffs

represent good cause exists because they have regular access to a computer, have reliable internet, and the ability to comply with CM/ECF requirements. *Id.* at 2, 3. Plaintiffs argue that granting them CM/ECF access will materially improve efficiency for both the Court and the parties given the volume of filings and deadlines. *Id.* at 6.

Generally, "self-represented litigants are not permitted to e-file in this district." *Miller v. Sacramento City Unified School District*, No. 2:21-cv-0757-JAM-CKD PS, 2021 WL 3539733, at *3 (E.D. Cal. Aug. 11, 2021); *see* Local Rule 133(b)(2) ("Any person appearing pro se may not utilize electronic filing except with the permission of the assigned Judge or Magistrate Judge."). "[E]-filing is a privilege which in some circumstances may be extended to self-represented parties. If the case proceeds beyond the pleadings stage and plaintiff has not abused the filing procedures, the court will consider a further motion for e-filing privileges." *Miller*, 2021 WL 3539733 at *3.

Here, this case has not proceeded beyond the pleadings stage. Defendants' motions to dismiss are pending the parties' completion of briefing consistent with Local Rule 230(c). Although Plaintiffs do not have access to electronically view the filings in the case, paper copies of all court orders (including minute orders) are mailed to them at the time of their issuance. It appears Plaintiffs have no issue participating in this case without access to e-filing given their filings (*see* Docs. 15, 17, 18), including filings docketed on today's date (*see* Docs. 22, 23, 24), and there is no indication Plaintiffs have not received the Court's orders. Therefore, the Court will deny Plaintiffs' motion for electronic filing privileges at this time.

**Conclusion and Order**

For the foregoing reasons, it is HEREBY ORDERED that Plaintiffs' motion for electronic filing privileges (Doc. 15) is DENIED.

IT IS SO ORDERED.

Dated: __**May 28, 2026**__ _____
                                    UNITED STATES MAGISTRATE JUDGE