Jerry Wagner
3517 Beyers St
Bakersfield Ca 93312
(661)-371-5984
Wagnerjerry82@gmail.com
In Pro Per

FILED

May 29, 2026

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

JERRY WAGNER, DANNY WAGNER

Plaintiff,

vs.

LOANDEPOT.COM, LLC, FREEDOM MORTGAGE CORPORATION, AFFINIA DEFAULT SERVICES, LLC, DOES 1-50

Defendant

Case No.: 1:26CV03848-JLT-CDB

MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUCNTION HEARING

May 18, 2026

Federal Rule of Civil Procedure 65 and the Supreme Cout's decision in Winter v. NRDC require Plaintiff to demonstrate:

(1) Likelihood of success on merits,

(2) Likelihood of irreparable harm,

(3) That the balance of equities tips in the Plaintiff's favor, and

MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUCNTION HEARING - 1

(4) That the injunction is the public interest. Plaintiff's claims are supported by California Civil Code §§ 2924(a)(1), 2924.17, and2934a, as well as controlling case law including *Dimock v Emeral Properties, Yvanova v. New Century Mortgage*

## I. RELIEF REQUESTED

1. Plaintiffs respectfully move this court for a Temporary Restraining Order and Preliminary Injunction to halt Defendants from conducting or continuing any foreclosure activity on the Subject Property and preserve the status quo. Emergency relief is required because Defendants removed this case to federal court only two days before the scheduled state-court preliminary injunction hearing, thereby stripping Plaintiffs of their imminent opportunity for judicial review and placing them at risk of foreclosure without any ability to be heard.

Defendants should not be permitted to use removal as a tactic to obtain a second opportunity to oppose motion they already defaulted on. This timing is not coincidental. It is procedural gamesmanship designed to:

- Evade the state court's imminent injunction ruling'
- Prevent Plaintiffs from obtaining timely judicial review, and
- Allow foreclosure to proceed unrestrained during the transition between  courts.

appropriate to preserve the status quo until the federal court can conduct its own hearing.

## II. PLAINTIFFS STAND UNREBUTTED IN STATE COURT

1. Plaintiffs evidence, declarations, and First Amended Complaint stand entirely unrebutted. Plaintiffs factual showing and legal arguments are undisputed as a matter of law.

Under Evidence Code § 421, when a party fails to produce evidence it should produce, the evidence offered by the opposing party must be accepted as true.

MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUCNTION HEARING - 2

Under Evidence Code § 413, the Court may draw adverse inferences from Defendants silence omissions, and failure to explain contradictions in their own documents.

Defendants did not rebut:

- The existence of three contradictory version of the note
- The false IRS reporting's
- The defective substitution of trustee
- The false trustee address
- The manufactured default created by misapplied payments
- Can not authenticate loan origination date to calculate alleged principal balance
- The broken chain of title
- The HBOR violations
- The void foreclosure documents under *Dimock v Emeral Properties*
- The Rosenthal Act violations
- Negligence and constructive fraud
- No tender required
- Three loan origination dates April 10, 2020; April 22, 2020; April 30; 2020

Not one of these facts have been disputed, explained, or contradicted.

Under Yvanova v New Century Mortgage Corp. (2016), a borrower has standing to challenge a foreclosure based on a void assignment, and any foreclosure initiated by an entity without authority is invalid as a matter of law.

## VI. DECLARATORY RELIEF IS NECESSARY

MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUCNTION HEARING - 3

1. Because Plaintiff's evidence is unrebutted, and Defendants have provided no admissible evidence, no legal argument, and no factual dispute, the Court should issue declaratory relief to:

- Confirm the foreclosure cannot proceed based on contradictory, unauthenticated documents

- Confirm that the Substitution of Trustee is void

- Confirm that the Notice of Default is void

- Confirm the chain of title is defective/broken

- Confirm that Plaintiffs were not in default

- Confirm that Defendants lack authority to foreclose

- Confirm tender is not required

- Confirm quite title

- Confirm loan origination date is unknown and the account cannot be balanced

This preserves the status quo, which is the continued possession of Plaintiff's home.

## VII. PLAINTIFFS ARE ENTITLED TO INJUNCTIVE RELIEF BECAUSE THEY PREVAIL ON THEIR MERITS

1. Because Defendants:

- Filed no opposition

- Submitted no legal argument

- Failed to meet and confer

- Failed to identify any defect in any cause of action

- Failed to rebut any fact

- Failed to provide admissible evidence

MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUCNTION HEARING - 4

- Made misrepresentations regarding consent, the FAC, and created a third version of the NOTE

- Freedom Mortgage Notice of Removal is defective and will be remanded

2. Plaintiff's evidence is uncontroverted, credible, and legally sufficient to establish:

- Irreparable harm

- Balance of equities in Plaintiffs favor

- Public interest supporting an injunction

3. Because Plaintiff's declaratory relief claim and evidence is unrebutted, the court should:

- Grant the TRO

- Enjoin all foreclosure activity

X _____   X _____

Jerry Wagner
In Pro Per            5/26/2026

Danny Wagner
In Pro Per

MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUCNTION HEARING - 5

Jerry Wagner
3517 Beyers St
Bakersfield Ca 93312
(661)-371-5984
Wagnerjerry82@gmail.com
Pro Se

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY WAGNER, DANNY WAGNER<br><br>Plaintiff,<br><br>vs.<br><br>LOANDEPOT.COM, LLC, FREEDOM MORTGAGE CORPORATION, AFFINIA DEFAULT SERVICES, LLC, DOES 1-50<br><br>Defendant | Case No.: 1:26CV 03848-JLT-CDB<br><br>DECLARATION IN SUPPORT OF TEMPORARY RESTRAING ORDER AND MOTION FOR PRELIMINAY INJUCNTION |

May 19, 2026

I, Jerry Wagner, declare:

1. I am a Plaintiff in this action. I have personal knowledge of the facts stated in this declaration, and if called as witness, I could and would testify competently to the truth of these matters.

2. This declaration is submitted pursuant to Federal Rule of Civil Procedure in support of Plaintiffs Application for Temporary Restraining Order.

DECLARATION IN SUPPORT OF TEMPORARY RESTRAING ORDER AND MOTION FOR PRELIMINAY INJUCNTION - 1

# I. IMMEDIATE AND IRREPARABLE HARM

3. My family and I face immediate and irreparable harm if foreclosure activity is not stopped immediately. We have received repeated foreclosure threats, phone calls, mailed notices, and unannounced visitors telling us our home is "in foreclosure" or "going to auction". These threats have been constant and escalating.

4. My uncle, Danny Wagner, suffers from cognitive decline and severe medical vulnerabilities. Each time a foreclosure notice arrives, he relieves the fear and confusion as if it were happening for the first time. This stress can trigger seizures or cardiac complications. His doctor has warned us that emotional stress is dangerous for him.

5. I am a Federal Initial Attack Fire Captain, responsible for the safety of firefighters and communities. The stress and instability caused by Defendant's actions have made it unsafe for me to return to duty. This is the first time in ten years I have been unable to work. The harm to my family and to public safety is immediate and ongoing.

6. Defendants have manufactured a false default by placing our payments into a suspense account, misapplying payments, and increasing the monthly amount without explanation. We continued paying every month, including double in October, yet Defendants still initiated foreclosure.

7. Once a foreclosure sale occurs, the harm is irreversible. We lose our home, our stability, and Danny's medical safety. No monetary damage can repair this.

# II. Facts about California Superior Court, County of Kern Case#26CUB00705

8. Defendants have shown me a pattern of delay, non-response, and procedural manipulation including:

DECLARATION IN SUPPORT OF TEMPORARY RESTRAING ORDER AND MOTION FOR PRELIMINAY INJUCNTION - 2

    a. Filing no opposition after the court granted two continuances

    b. Failing to meet and confer under CCP § 430.41

    c. Submitting a removal two days before preliminary injunction, that is procedural defective

    d. Producing three different versions of the NOTE

9. Freedom Mortgage was the only defendant who responded late to first complaint, April 13, FAC complaint was filed

10. Defendants did not oppose the May 20, 2026, preliminary injunction hearing. Freedom Mortgage and Affinia only submitted Declarations from incompetent witnesses making them inadmissible. They had no first had knowledge of any of the causes of action listed in the FAC.

11. Freedom Mortgage has not responded in State or Federal Court to FAC Plaintiff served on April 15, 2026, by personal service, All defendants have appeared in state-court

12. I served on all defendants by email May 18, 2026, CIV-100 Entry for Default against Freedom Mortgage.

13. Freedom Mortgage emailed back saying I was early, followed by a second email hours later with Notice of Removal

14. I emailed all Defendants my written consent for continued electronic service per Federal Rule of Civil Procedure 5(B)(2)(E). I didn't want to disrupt the communication lines that were established with all defendants prior to the removal. The honorable judge in state court issued a tentative ruling in April for email and postal service for all court proceedings , during second PI hearing, that was continued to May 20, 2026.

DECLARATION IN SUPPORT OF TEMPORARY RESTRAING ORDER AND MOTION FOR PRELIMINAY INJUCNTION - 3

15. On May 21, 2026, I have the same CIV-100 served on defendants ready to efile in state-court.

16. LoanDepot was served FAC on April 16, 2026, I am ready to ask the state-court for entry of default, if they do not reply.

17. Affinia was served on April 21, 2026 with FAC, I am still waiting for a reply, they did not try to meet and confer due to traveling until May 26, 2026.

18. I declare that during the relevant time periods of default, remand, and pending foreclosure activity, I now do not have access to the Court's electronic filing systems. As a pro se litigant, this lack of ECF access has severely hindered my ability to file time-sensitive documents, receive immediate notice of the docket activity, and respond withing the deadlines required by the Federal Rules and this Court. The inability to electronically file or receive filings in real time has placed me at a significant procedural disadvantage compared to the represented parties, who receive instantaneous services and can file at any hour. I make this statement to explain the good-cause basis for any delays or irregularities in my filings during these critical time frames.

19. Given the imminent threat of foreclosure and Defendants' prior conduct, providing notice before relief is granted would likely result in the very harm the TRO seeks to prevent but I still have no problem serving all defendants my email.

## III. FACTS SUPPORTING LIKELIHOOD OF SUCCESS ON THE MERITS

20. I personally reviewed three different versions of the NOTE served on me by LoanDepot and Freedom Mortgage. The versions differ in:

    a. Borrower signatures

DECLARATION IN SUPPORT OF TEMPORARY RESTRAING ORDER AND MOTION FOR PRELIMINAY INJUCNTION - 4

b. Indorsements

c. Execution Location

21. These contradictions show the NOTE is unauthenticated, and Defendants have provided no explanation.

22. I have reviewed IRS 1098 forms trying to establish loan origination date. There are three different origination dates: April 10, 2020; April 22, 2020; April 30, 2020. These documents were attached to FAC served on Defendants.

23. From the substitution of Trustee I reviewed it was executed by an entity with no beneficial interest, in violation of Civil Code § 2934a. The trustee address listed on the NOD for Affinia is a lawyer firm "McCalla Raymer Leibert LLP" that does not accept any documents. Making the trustee address non-workable

24. September 2025 Freedom Mortgage began placing payments in Suspense account during payment modification. We paid $1018.00 two times in October 2025; paid $1018.00 in November 2025; paid $1018.00 December 2025.

25. Then January 2, 2026, a declaration of foreclosure was filed; January 28, 2026, NOD was filed less that 30 days apart, no evidence to support foreclosure, no listed beneficiary, done by unknown entities not listed in the chain of title, no workable address for the trustee, all statutorily wrong.

26. I personally reviewed the Notice of Removal and confirmed numerous documents we filed in state court were omitted including:

• Any of Plaintiffs Proof of Services

• Short Notice For No Opposition Filed Opposing Preliminary Injunction-filed and served on all defendants by email 05/13/2026

DECLARATION IN SUPPORT OF TEMPORARY RESTRAING ORDER AND MOTION FOR PRELIMINAY INJUCNTION - 5

- Notice of Filed Declaration By Affinia Default Services, LLC -Filed and served on all defendants by email 05/13/2026

- Reply Brief Non-Opposition in Support of Motion for Preliminary Injunction and Declaratory Relief-filed and served 05/13/2026 on all defendants by email

- Declaration of Jerry Wagner in Support to Reply Brief and No Response to Opposition-filed and served 05/13/2026 on all defendants by email

- Declaration of No Opposition support of Preliminary Injunction by Katherine Davis-filed and served on all defendants by email 05/13/2026

- Short Notice of Defendants Failure to Comply with CCP § 430.41(a)-filed and served on all defendants by email on 05/13/2026

- On May 18, 2026, I served Civ-100 Notice of Entry Default for Freedom Mortgage, on all defendants by email

27. Their failure to attach the complete record has prejudiced me, because the federal court does not have access to the full evidentiary record that was before the state court, including the documents supporting our Motion for Preliminary Injunction.

## IV. SUPPORTING EXHIBITS

28. I personally reviewed and obtained the documents attached as Exhibits1 through 20 . They are true and correct copies of the documents provided to me by defendants or obtained from official sources.

    a. EXHIBIT 1-Copy of Summon

    b. EXHIBIT 2-Copy of First Amended Complaint

    c. EXHIBIT 3-Copy of POS-010 for Affinia FAC served on 4/24/2026

DECLARATION IN SUPPORT OF TEMPORARY RESTRAING ORDER AND MOTION FOR PRELIMINAY INJUCNTION - 6

d. EXHIBIT 4-Copy of POS-010 for LoanDepot  FAC served on 04/15/2026

e. EXHIBIT 5-Copy of POS-010 Freedom Mortgage FAC served on 04/16/2026

f. EXHIBIT 6 -Copy of POS-030 Affinia Notice of PI, with PI documents served on 04/21/2026

g. EXHIBIT 7- Copy of Declaration of Katherine Davis for Jerry Wagner and Danny Wagner, showing the business address listed for Affinai Default services, the alleged trustee, was not a workable address

h. EXHIBIT 8- Copy of POS 050 service of Declaration of Katherine Davis for Jerry Wagner and Danny Wagner on Freedom Mortgage and LoanDepot 04/21/2026

i. EXHIBIT 9 -Copy of Notice Filed Declaration by Affinia, proving service, appearance. Filed and Served on all defendants 05/13/2026

j. EXHIBIT 10 – Copy of Short Notice for No Opposition filed opposing preliminary injunction. Filed and Served on all defendants 05/13/2026

k. EXHIBIT 11-Copy of Short Notice of Defendants failure to Comply with CCP§ 430.41(A). Filed and Served on all defendants 05/13/2026

l. EXHIBIT 12- Copy of Declaration to no opposition in support of preliminary injunction by Katherine Davis showing hardship for Plaintiffs.  Filed and Served on all defendants 05/13/2026

m. EXHIBIT 13- Copy of Declaration of Jerry Wagner in support of Reply Brief and No Response to Opposition. Filed and Served on all defendants 05/13/2026. Showing no opposition and hardship, including all three versions of NOTE, and doctors note from Danny Wagners doctor

DECLARATION IN SUPPORT OF TEMPORARY RESTRAING ORDER AND MOTION FOR PRELIMINAY INJUCNTION - 7

n. Exhibit 14- Copy of Reply Brief non-opposition in support of motion for preliminary Injunction and Declaratory Relief. Filed and Served on all defendants 05/13-2026

o. EXHIBIT 15- Copy of POS 050 for LoanDepot, Freedom Mortgage, and Affinia on 05/13/2026

p. EXHIBIT 16- Screenshot of Superior Court of California, County of Kern website for Plaintiffs case that was removed to Federal Court (Case#26CUB00705)

q. EXHIBIT 17- Copy of Plaintiffs written consent for electronic service per Federal Rule of Civil Procedure 5(B)(2)(E), served on all defendants by email on 05/19/2026

r. EXHIBIT 18 -Copy of automated email response from Affinia after plaintiff sent written consent for electronic service

s. EXHIBIT 19-Copy of Affinia's declaration

t. EXHIBIT 20 -Screenshot of PACER website

## V. CONCLUSION

29. Based on the immediate and irreparable harm, the procedural prejudice caused by removal, Defendants' failure to oppose, and the unrebutted evidence supporting our claims, I respectfully request that the Court issue a Temporary Restraining Order to preserve the status quo and prevent foreclosure. Plaintiff respectfully request that the court set the bond at $0 because Plaintiff is a homeowner seeking to preserve the status quo, Defendant will suffer no monetary damages from a temporary pause in foreclosure activity, and a bond requirement would effectively deny access to injunctive relief.

DECLARATION IN SUPPORT OF TEMPORARY RESTRAING ORDER AND MOTION FOR PRELIMINAY INJUCNTION - 8

I declare under penalty of perjury the forgoing is true and correct

X _Jerry Wagner_____    5/26/2026
Jerry Wagner
Pro Se

DECLARATION IN SUPPORT OF TEMPORARY RESTRAING ORDER AND MOTION FOR PRELIMINAY INJUCNTION - 9

Jerry Wagner
3517 Beyers St
Bakersfield Ca 93312
(661)-371-5984
Wagnerjerry82@gmail.com
Pro Se

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY WAGNER, DANNY WAGNER<br><br>Plaintiff,<br><br>vs.<br><br>LOANDEPOT.COM, LLC, FREEDOM MORTGAGE CORPORATION, AFFINIA DEFAULT SERVICES, LLC, DOES 1-50<br><br>Defendant | Case No.: 1:26CV03848-JLT-CDB<br><br>DECLARATION IN SUPPORT OF TEMPORARY RESTRAING ORDER AND MOTION FOR PRELIMINAY INJUCNTION |

May 20, 2026

I, Jerry Wagner, declare:

1. I am a Plaintiff in this action. I have personal knowledge of the facts stated in this declaration, and if called as witness, I could and would testify competently to the truth of these matters.

2. This declaration is submitted pursuant to Federal Rule of Civil Procedure in support of Plaintiffs Application for Temporary Restraining Order.

DECLARATION IN SUPPORT OF TEMPORARY RESTRAING ORDER AND MOTION FOR PRELIMINAY INJUCNTION - 1

## COMMUNICATION EFFOTS

1. I will continue to email defendants counsel, send hard copies postal service, and provide proof of services to the court. The state court had a tentative order enforcing this before removal to Federal court.

2. When I received notification of the case removal I immediately sent written consent to continue electronic communications with defendant's counsel according to Federal rules.

3. GPS confirmation was recorded for personal services

4. Defendant LoanDepot.Com,LLC represented by Stinson LLP

   a. Counsel of Record: Loren Coe

   b. Email: loren.coe@stinson.com

   c. Adress: 19100 VonKarman Ave #700, Irvine Ca 92612

   d. Telephone: (949)-225-3748

5. Defendant Freedom Mortgage Corporation represented Hinshaw & Culbertson LLP.

   a. Counsel of Record: Brian A. Piano (SBN 251243), Zeeshan Iqbal ( SBN 254511)

   b. Email: bpaino@hinshawlaw.com, ziqbal@hinshawlaw.com

   c. Adress: 350 South Grand Ave Suite 3600, Los Angeles Ca 90071-3476

   d. Telephone: (213)-680-2800

6. Defendant Affinia Default Services, LLC represented by McCalla Raymer Leibert Pierce, LLP

   a. Counsel of Record: Nabeel M Zuberi ( SBN 294600)

   b. Email: Nabeel.Zuberi@McCalla.com

   c. Adress: 301 E. Ocean Boulevard Suite 1720, Long Beach Ca 90802

DECLARATION IN SUPPORT OF TEMPORARY RESTRAING ORDER AND MOTION FOR PRELIMINAY INJUCNTION - 2

     d.  Telephone: (562) 983-5378

I declare under penalty of perjury the forgoing is true and correct.

X _Jerry Wagner_ / 5/26/2026

Jerry Wagner
Pro Se

DECLARATION IN SUPPORT OF TEMPORARY RESTRAING ORDER AND MOTION FOR PRELIMINAY INJUCNTION - 3

Jerry Wagner
3517 Beyers St
Bakersfield Ca 93312
(661)-371-5984
Wagnerjerry82@gmail.com
In Pro Per

UNITED STATES OF DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY WAGNER, DANNY WAGNER<br><br>Plaintiff,<br><br>vs.<br><br>LOANDEPOT.COM, LLC, FREEDOM MORTGAGE CORPORATION, AFFINIA DEFAULT SERVICES, LLC, DOES 1-50<br><br>Defendant | Case No.: 1:26CV03848-JLT-CDB<br><br>BRIEF TO SUPPORT PLAINTIFFS' MOTION FOR TRO AND PRELIMINARY INJUNCTION |

May 18, 2026

NOTICE OF MOTION FOR TRO AND PRELIMINARY INJUNCTION

Plaintiffs respectfully move for an Temporary Restraining Order and Order to Show Cause re: Preliminary Injunction to halt an unlawful foreclosure based on void instruments, contradictory loan documents, and a broken chain of title. Immediate relief is necessary to preserve the status quo and prevent irreparable harm.

BRIEF TO SUPPORT PLAINTIFFS'  MOTION FOR TRO AND PRELIMINARY INJUNCTION - 1

## I. INTRODUCTION

Plaintiffs seek a Temporary Restraining Order and Preliminary Injunction to halt an unlawful foreclosure based on void instruments, contradictory loan documents, and a broken chain of title. Defendants filed no opposition to Plaintiffs' Motion for Preliminary Injunction in state court and failed to identify a single defect in any cause of action during the mandatory meet-and-confer process under CCP § 430.41. Their silence leaves Plaintiffs' factual showing and legal arguments entirely unrebutted.

Freedom Mortgage made false representations regarding removal consent and the contents of the First Amended Complaint. Freedom Mortgage asserted that all defendants consented to removal, even though LoanDepot and Affinia couldn't satisfy the meet-and-confer process. Affinias' counsel was unavailable until May 26 and did not participate in any meet-and-confer.

Freedom Mortgage also falsely claimed that Plaintiffs asserted an FDCPA cause of action, which does not appear anywhere in the FAC, while simultaneously acknowledging Plaintiffs' 26 USC § 7434 claim but failing to identify it during the meet-and-confer as required by statute.

Plaintiffs evidence stands uncontroverted. Under Evidence Code §§ 413 and 421, unrebutted evidence must be accepted as true and adverse inferences must be drawn against the silent party. Plaintiffs therefore demonstrate a strong likelihood of success on the merits, including their claims for declaratory relief, wrongful foreclosure, violation of the Homeowner Bill of Rights, Negligence, Constructive fraud, and quiet title.

## II. FACTUAL BACKGROUND AND ARGUMENT

1. Plaintiffs received three different versions of the NOTE. One from LoanDepot and one from Freedom Mortgage prior to any foreclosure activity. Third version from Freedom Mortgage served on Plaintiff after suite was brought against defendants.

BRIEF TO SUPPORT PLAINTIFFS' MOTION FOR TRO AND PRELIMINARY INJUNCTION - 2

Contradictions include:

- Borrower signatures do not match

- Missing or added indorsements

- Incorrect execution location

These contradictions render the NOTE unauthenticated under Evidence code §§ 1400-1401 and destroy standing.

2. Affina was substituted one day before NOD, by an entity with no beneficial interest, violating Civil Code § 2934a.

3. Affinia's address on the NOD is non-existent, making service impossible violating Cal Civil Code §§ .2924(a)(1); .2924.17(a); .2924.9(a), .2924.10(a); .2934a(a)(1). *Dimock v Emerald Properties (2000)*-A trustee who is not properly substituted or cannot perform statutory duties make the foreclosure void.

4. Payments were placed in a suspense account to create a false delinquency and manufacture default violating Homeowner Bill of Rights. Defendants relied on inaccurate, unreliable, and contradictory records.

5. Defendants cannot identify which NOTE is original, who the beneficiary is, while assignment on public record was recorded five months(June 2025) after first two versions of the NOTE were served on Plaintiff, and eight months (Oct 2024) after claimed assignment. There is lack of standing and a break in the chain of title.

6. Multiply origination dates making the loan unreconcilable.

7. Defendants filed no opposition, no memorandum, and no legal argument in state court.

8. Plaintiff stands entirely unrebutted

BRIEF TO SUPPORT PLAINTIFFS' MOTION FOR TRO AND PRELIMINARY INJUNCTION - 3

9. Under Yvanova v New Century Mortgage Corp. borrowers have standing to challenge a foreclosure based on a void assignment. Plaintiffs evidence shows void assignment and stands unrebutted

10. Under Dimock v. Emeral Properties, a foreclosure initiated by unauthorized trustees is void, not voidable. Affinia acted without authority.

11. Tender is not required here because no foreclosure sale has occurred, and Plaintiff seeks pre-sale injunctive relief. Under Pfeifer v. Countrywide. Tender is also excused where the foreclosure is alleged to be void, where the foreclosing party lacked authority, or where requiring tender would be inequitable. See Lona v Citibank (2011). Additionally, HBOR claims do not require tender. See Mabry v. Superior Court. Because Plaintiff challenges a void and unauthorized foreclosure process and seeks only to enjoin a pending sale, the tender rule does not apply.

12. Falsely claiming unanimous consent for removal but failed to satisfy a meet-and-confer under CCP § 430.41 demonstrates bad faith.

## III. LEGAL STANDARD FOR TRO AND PRELIMAINRY INJUNTION

1. Under Winter v NRDC, Plaintiffs must show:

- Likelihood of success on the merits

- Irreparable harm

- Balance of equities

- Public interest

Plaintiffs satisfy all four factors

## IV. DECLARATORY RELIF SUPPORTS INJUNTIVE RELIEF

BRIEF TO SUPPORT PLAINTIFFS' MOTION FOR TRO AND PRELIMINARY INJUNCTION - 4

1. A present, actual controversy exist regarding NOTE, chain of title, and foreclosure authority. Plaintiffs' declaratory relief claim is unrebutted. The Court should declare:

- The foreclosure documents are void

- Defendants lack authority to foreclose

- The chain of title is defective

- The NOTE is unauthenticated

- The Substitution of Trustee is void

- Permission to Use Electronic Filing (CM/ECF)

## V. PLAINTIFFS WILL SUFFER IRREPARABLE HARM

1. Loss of a home is irreparable as a matter of law

## VI. BALANCE OF EQUITIE FAVORS PLAINTIFFS

1. A TRO preserves the status quo and prevents wrongful foreclosure

## VII. PUBLIC INTEREST SUPPORTS RELIEF

1. California has a strong public interest in preventing foreclosure based on void or unreliable documents.

## VII. CONCLSUION

1. Because Defendants failed to oppose, failed to meet and confer, failed to identify any defect, and failed to provide admissible evidence, Plaintiffs' evidence stands unrebutted. Plaintiffs have demonstrated a strong likelihood of success, irreparable harm, and the need to preserve the status quo.

The Court should grant the Emergency Temporary Restraining Order and set and Order to Show Cause re: Preliminary Injunction.

BRIEF TO SUPPORT PLAINTIFFS' MOTION FOR TRO AND PRELIMINARY INJUNCTION - 5

X _____

Jerry Wagner
Pro Se          5/26/2026

X _____

Danny Wagner
Pro Se          5/26/2026

BRIEF TO SUPPORT PLAINTIFFS' MOTION FOR TRO AND PRELIMINARY INJUNCTION - 6

Jerry Wagner
3517 Beyers St
Bakersfield Ca 93312
(661)-371-5984
Wagnerjerry82@gmail.com
Pro Se

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JERRY WAGNER, DANNY WAGNER

Plaintiff,

vs.

LOANDEPOT.COM, LLC, FREEDOM
MORTGAGE CORPORATION, AFFINIA
DEFAULT SERVICES, LLC, DOES 1-50

Defendant

Case No.: 1:26CV03848-JLT-CDB

[PROPOSED] ORDER SETTING HEARING
AND ORDER TO SHOW CAUSE
RE:PRELIMINARY INJUNCTION

May 26, 2026

The Court has reviewed Plaintiffs' Motion for Preliminary Injunction and supporting materials

Accordingly, the Court ORDERS:

**1. Order to Show Cause**

Defendants shall SHOW CAUSSE why a Preliminary Injunction should not issue enjoining

foreclosure activity during the pendency of this action

**4. Preliminary Injunction Hearing Date.**

[PROPOSED] ORDER SETTING HEARING AND ORDER TO SHOW CAUSE RE:PRELIMINARY
INJUNCTION - 1

The hearing on Plaintiffs' Motion for Preliminary Injunction Hearing is set for:

**DATE:**

**TIME:**

**LOCATION**

**DATE AND HOUR OF ISSUANCE:**

**5. Briefing Schedule.**

Defendants shall file any opposition to the Motion for Preliminary Injunction no later than:

_____,

Plaintiffs may file a reply no later than:_____,

Plaintiffs consent to electronic service at <u>Wagnerjerry82@gamil.com</u> per Federal Rule of Civil

Procedure 5(B)(2)(E), written consent was served on all defendants 05/19/2026

**6. Bond Provision**

    **a. The Court Sets the amount of the bond $_____,**

**6. Preservation of Status Quo**

The Temporary Restraining Order Remains in effect until the preliminary injunction hearing or

further order of the Court

**7. Service**

Plaintiffs shall serve this Order on all Defendants by the fastest available means and file proof of

service.

[PROPOSED] ORDER SETTING HEARING AND ORDER TO SHOW CAUSE RE:PRELIMINARY
INJUNCTION - 2

**IT IS SO ORDERED**

**DATED:**

United States District Judge

_____.

[PROPOSED] ORDER SETTING HEARING AND ORDER TO SHOW CAUSE RE:PRELIMINARY INJUNCTION - 3

Jerry Wagner, Danny Wagner
3517 Beyers Street
Bakersfield CA, 93312
(661)-371-5984
Wagnerjerry82@gmail.com
Plaintiff, in Pro Per

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORINIA

| | |
|---|---|
| JERRY WAGNER, DANNY WAGNER | Case No.: 1:26CV03848-JLT-CDB |
| Plaintiff, | |
| vs. | [PROPSED] ORDER TEMPORARY RESTRAING ORDER |
| LOANDEPOT.COM,LLC | |
| FREEDOM MORTGAGE CORPORATION, | |
| AFFINIA DEFAULT SERVICERS, LLC | |
| DOES 1-50 | |
| Defendant | |

The Court, having considered Plaintiff's Motion for Temporary Restraining Order , the supporting Memorandum of Points and Authorities, declarations, exhibits, any opposition and reply, heard oral argument,  and good cause appearing, **ORDERS as follows:**

1.  Plaintiff's Motion for Temporary Restraining Order is GRANTED.

[PROPSED] ORDER TEMPORARY RESTRAING ORDER - 1

2. PARTIES ENJOINED-Defendants LoanDepot.COM,LLC; Freedom Mortgage Corporation; Affinia Default Services, LLC; DOES 1-50 and all persons or entities acting in concert or participation with them, including trustees, agents, servicers, attorneys, and assigns, are;

3. ENJOINED AND RESTRAINED from taking any action to advance foreclosure proceedings on the real property located at:

4. 3517 Beyers Street, Bakersfield California 93312 (the "Subject Property")

INCLUDING BUT NOT LIMITED TO:

4.1. Recording any NOTICE OF TRUSTEE"S SALE;

4.2. Posting, publishing, mailing, or serving any NOTICE OF TRUSTEE:S SALE;

4.3. Scheduling, conducting, or attempting to conduct any FORCLOSURE SALE;

4.4. Recording any TRUSTEE'S DEED UPON SALE;

4.5. Transferring, assigning, selling, or otherwise encumbering the Subject Property;

4.6. Taking any action that would ADVANCE FORCLSURE during the pendency of this action.

5. BASIS FOR RELIEF-The Court finds that Plaintiffs have demonstrated:

5.1. That Plaintiffs will suffer irreparable harm absent TRO, including loss of real personal property;

5.2. That the BALANCE OF HARDSHIPS tips sharply in Plaintiffs favor; and

5.3. The TRO serves the PEOPLES INTEREST by enforcing statuary compliance.

6. DURATION-This Temporary Restraining Order shall remain in full force and effect UNTIL the Court conducts a hearing on whether a Preliminary Injunction should issue or until further order of the Court.

[PROPSED] ORDER TEMPORARY RESTRAING ORDER - 2

7.  BRIEFING SCHEDULE-Defendants shall file any opposition to the Motion For Preliminary Injunction no later than:_____

Plaintiffs may file a reply no later than:_____

8. BOND: The Court sets bond in the amount of:$ _____

---or determines that no bond is required.

9. SERVICE OF ORDER-Plaintiffs shall promptly serve a copy of this Order on all Defendants and file proof of service with the court.


IT IS SO ORDERED


DATED:_____,2026

United States District Judge

[PROPSED] ORDER TEMPORARY RESTRAING ORDER - 3

Case# 1:26cv03848-JL-CDU

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

### TEMPORARY RESTRAINING ORDER
### (TRO)
### CHECKLIST

**NOTE:**     When filing a Motion for a TRO with the court, you must choose Motion for TRO.  You must complete this document and attach is to your motion as an attachment in CM/ECF.  If you have questions, please call the CM/ECF Help Desk at 1-866-884-5525 (Sacramento) or 1-866-884-5444 (Fresno).

**(A)**     *Check one.*     Filing party is represented by counsel     ☐

Filing party is acting in pro se     ☑

**(B)**     Has there been actual notice, or a sufficient showing of efforts to provide notice to the affected party? *See Local Rule 65-231 and FRCP 65(b).*

A third Preliminary Injunction hearing was set for May 20, 2026, at the Kern Courtny Superior Court, all three defendants completely unopposed the motion and all our evidence stood unrebutted. May 18, 2026, Freedom Mortgage filed for removal after I served them an early notice of default same day by email. We immediately emailed their counsel written consent to continue email, followed by postal for hard copies

Did applicant discuss alternatives to a TRO hearing?
No, parties have not properly meet and confer according to State or Federal rules. All defendants were served motion for Preliminary Injunction, First Amended Complaint, and appeared in state court before this removal. Plaintiff was not given any prior communication to this removal, or even an opportunity to address Freedoms concerns with FAC

Did applicant ask opponent to stipulate to a TRO?
There was no prior warning of removal to attempt TRO stipulation.

Opposing Party: **LoanDepot; Freedom Mortgage, Affinia Default Services**

Telephone No.: All information listed on declaration

**(C)**     Has there been undue delay in bringing a TRO?
NO, this matter was removed from state court May 18, 2026

Could this have been brought earlier?

Yes: ☐          No: ☑

Plaintiff submits this motion solely to preserve the status quo pending the Courts determination of subject-matter jurisdiction. Plaintiff does not waive, and expressly preserves, all arguments in support of remand.

-1

**TRO Checklist** - *Page 2*

(D)    What is the irreparable injury?

      **If all defendants are not enjoined Affinia Default Services will set a trustee's sale and action our home for a manufactured default Freedom Mortgage created by holding payments into a suspense account. Unrebutted evidence in state court, three version of NOTE, Broken Chain of title, void assignments by entities**

      Why the need for an expedited hearing?

      **Default was listed 1/28/2026, Defendants are in the statutory timeframe of a Notice of Sale, then in 21 days auction will be set..**


(E)    Documents to be filed and (unless impossible) served on affected parties/counsel:

☑    (1)    Complaint

☑    (2)    Motion for TRO

☑    (3)    Brief on all legal issued presented by the motion

☑    (4)    Affidavit detailing notice, or efforts to effect notice, or showing why it should not be given

☑    (5)    Affidavit in support of existence of irreparable harm

☑    (6)    Proposed order with provision for bond

☑    (7)    Proposed order with blanks for fixing:

        ☑    Time and date of hearing for motion for preliminary injunction

        ☑    Date for filing responsive papers

        ☑    Amount of bond, if any

        ☑    Date and hour of issuance

☐    (8)    For TROs requested *ex parte*, proposed order shall notify affected parties they can apply to the court for modification/dissolution on 2 days notice or such shorter notice as the court may allow. *See Local Rule 65-231 and FRCP 65(b)*

2