Brian A. Paino (SBN 251243)
bpaino@hinshawlaw.com
Helen Mosothoane (SBN 254511)
hmosothoane@hinshawlaw.com
Zeeshan Iqbal (SBN 337990)
ziqbal@hinshawlaw.com
**HINSHAW & CULBERTSON LLP**
350 South Grand Ave., Suite 3600
Los Angeles, CA 90071-3476
Telephone:  213-680-2800
Facsimile:  213-614-7399

Attorneys for *Defendant* **FREEDOM MORTGAGE CORPORATION**

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JERRY WAGNER, DANNY WAGNER<br><br>   Plaintiffs,<br><br>  v.<br><br>LOANDEPOT.COM, LLC; FREEDOM MORTGAGE CORPORATION; AFFINIA DEFAULT SERVICES LLC, DOES 1-50<br><br>   Defendants. | Case No.: 1:26-cv-03848-JLT-CDB<br><br>**DEFENDANT FREEDOM MORTGAGE CORPORATION'S OPPOSITION TO PLAINTIFFS' MOTION TO REMAND**<br><br>**Hearing**:<br>To be determined |

*Defendant* Freedom Mortgage Corporation ("Freedom") respectfully submits this opposition to the Motion to Remand [Doc. 17] (the "Motion") filed by *Plaintiffs* Jerry Wagner ("J. Wagner") and Danny Wagner ("D. Wagner," and together with J. Wagner, the "Plaintiffs"). This opposition is supported by the points and authorities cited herein and the record currently before the Court.

## I.   INTRODUCTION

Through the Motion, Plaintiffs seek an order remanding this case on various procedural and substantive grounds. By way of background, Plaintiffs filed a First Amended Complaint ("FAC") on April 13, 2026, asserting, among other claims, a cause of action under 26 U.S.C. § 7434 (filing false information returns) and an unfair debt collection claim based on purported violations of the Fair

1                                                    Case No.: 1:26-cv-03848-JLT-CDB

86160\330096701.v2

Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"). These federal claims appear on the face of the FAC and confer federal question jurisdiction on this Court. Freedom timely removed the action within thirty days of receiving the FAC, obtained consent from all co-defendants, and attached all pleadings and orders served upon it. For these reasons, as discussed more fully herein, Plaintiffs' challenges to the removal are meritless, and their request for fees and costs should be denied.

## II.    FACTUAL AND PROCEDURAL BACKGROUND

On February 24, 2026, Plaintiffs commenced this action in the Superior Court of California, County of Kern, by filing their original Complaint (the "Original Complaint") asserting only state-law causes of action. (*See* Doc. 1). On April 13, 2026, Plaintiffs filed their FAC, adding a cause of action under 26 U.S.C. § 7434 and an unfair debt collection claim based on alleged violations of the FDCPA. (*See id.*) The Original Complaint was not removable; the FAC made the action removable on the basis of federal question jurisdiction. (*See id.*)

Plaintiffs served the FAC on Freedom by U.S. Mail on April 13, 2026. (*See* Doc. 1). Freedom received the FAC on April 20, 2026. Pursuant to 28 U.S.C. § 1446(b)(3), Freedom filed its Notice of Removal on May 18, 2026, which was within thirty days of receipt, making removal timely under § 1446(b)(1), as calculated under Federal Rule of Civil Procedure 6(a). Freedom obtained consent to removal from co-defendants loanDepot.com, LLC and Affinia Default Services, LLC, in accordance with 28 U.S.C. § 1446(b)(2)(A). Freedom attached to its Notice of Removal all process, pleadings, and orders that had been served upon it in the state action, organized as Exhibits A through E. (*See id.*)

## III.    LEGAL STANDARD

A motion to remand generally challenges the propriety of an action's removal to federal court. 28 U.S.C. § 1447. It serves as "the functional equivalent of a defendant's motion to dismiss for lack of subject-matter jurisdiction" under Federal Rule of Civil Procedure 12(b)(1). *See Leite v. Crane Co.*, 749 F.3d 1117, 1122 (9th Cir. 2014)). "Remand may be granted for a defect in the removal procedure or for lack of subject matter jurisdiction." *McKenrick v. Evanston Ins. Co.*, 2025 U.S. Dist. LEXIS 62420, *4, 2025 WL 980147 (C.D. Cal. 2025) (citing 28 U.S.C. § 1447(c)). "In

**DEFENDANT FREEDOM MORTGAGE CORPORATION'S OPPOSITION**
**TO PLAINTIFFS' MOTION TO REMAND**

86160\330096701.v2

general, a state civil action may be removed [] if, at the time of removal, it is one over which there is federal jurisdiction." *Sols. 30 E. Europe S.R.L. v. Rasile*, 2025 U.S. Dist. LEXIS 1110, *7, 2025 WL 26793 (C.D. Cal. 2025) (citing 28 U.S.C. § 1441). Ultimately, "[c]hallenges to removal jurisdiction require an inquiry into the circumstances at the time the notice of removal is filed." *Spenser v. United States Dist. Court*, 293 F.3d 867, 871 (9th Cir. 2004). "When removal is proper at that time, subsequent events…do not require remand." *Id.*

## IV.    ANALYSIS

### A.    THIS COURT HAS FEDERAL QUESTION JURISDICTION

Pursuant to 28 U.S.C. § 1441(a), a defendant may remove a matter from state to federal court if the district would have original jurisdiction. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Federal courts have original jurisdiction where an action presents a federal question or there is diversity jurisdiction. See 28 U.S.C. §§ 1331, 1332. It is well-settled that federal jurisdiction arises "for purposes of § 1331 when a federal question appears on the face of the complaint." *City of Oakland v. BP PLC*, 969 F.3d 895, 903 (9th Cir. 2020) (internal citation omitted). As noted above, the face of Plaintiffs' FAC reflects they are seeking relief under the FDCPA. Indeed, Plaintiffs' fifth cause of action is titled: "VIOLATION OF THE ROSENTHAL ACT, FDCPA." (*See* FAC, p. 11). The claim is based on Plaintiffs' allegation that Freedom violated one or more provisions of the FDCPA.

Moreover, Plaintiffs' FAC explicitly asserts a cause of action for "Violation of 26 U.S.C. § 7434 - Filing False Information Returns." (*See* FAC, p. 16). The FAC specifically alleges that the named Defendants "prepared, issued and filed false federal tax information returns relating to Plaintiffs' mortgage loan, including but not limited to Forms 1098 and any related IRS-required mortgage reporting documents," containing "[f]alse account numbers," "[f]alse origination dates," and "[f]alse principal balances." (*See id.*) The FAC further alleges that "Defendants failed to comply with these requirements and willfully submitted false information to the IRS." (*See id.*)

In their Motion, Plaintiffs argue that 26 U.S.C. § 7434 cannot apply to IRS Form 1098. This is an argument on the merits of their own claim, not a jurisdictional objection. The question of whether Plaintiffs can ultimately prevail on their § 7434 claim is distinct from the question of

**DEFENDANT FREEDOM MORTGAGE CORPORATION'S OPPOSITION
TO PLAINTIFFS' MOTION TO REMAND**

86160\330096701.v2

whether they have pled a federal cause of action sufficient to invoke this Court's jurisdiction. A federal claim need not be meritorious to confer jurisdiction; it need only be non-frivolous. *Bell v. Hood*, 327 U.S. 678, 682-83 (1946) (holding that a suit "arises under" federal law so long as the right of recovery claimed is not "so patently without merit as to justify…the court's dismissal for want of jurisdiction"). A claim is wholly insubstantial and frivolous only when it is "so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy." *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 89 (1998) (internal quotation marks omitted).

Plainly stated, Plaintiffs have expressly invoked a federal statute as a basis for relief. Whether Form 1098 qualifies as an "information return" under that statute is a disputed question of federal law that requires adjudication by this Court. It is precisely the type of federal question that confers jurisdiction under § 1331. Plaintiffs cannot manufacture federal jurisdiction by pleading a federal claim and then seek remand by arguing their own claim fails. If Plaintiffs wish to abandon their federal claims, the proper mechanism is voluntary dismissal or amendment, not remand. Moreover, this Court has supplemental jurisdiction over Plaintiffs' state-law claims under 28 U.S.C. § 1367(a) because those claims arise from the same set of operative facts; namely, the servicing and enforcement of the mortgage loan at issue.

### B.    ALL DEFENDANTS TIMELY CONSENTED TO REMOVAL

Plaintiffs also argue that removal was defective because "no written consent from LoanDepot or Affinia Default Services appears on the federal docket." This argument is both factually misleading and legally insufficient. Freedom's Notice of Removal expressly states: "Freedom has obtained consent to this removal from loanDepot and Affinia." The Ninth Circuit does not require each defendant to file a separate consent document. Rather, it is sufficient that one defendant file a notice of removal indicating that the other defendants consent. *Proctor v. Vishay Intertechnology, Inc.*, 584 F.3d 1208, 1225 (9th Cir. 2009) (noting that the "rule of unanimity" is satisfied where the attorney for the removing defendant represents that co-defendants have consented).

Moreover, loanDepot has subsequently appeared and actively participated in this action in federal court, without objecting to removal. This participation constitutes ratification of consent even

4                                           Case No.: 1:26-cv-03848-JLT-CDB

86160\330096701.v2

if written consent were deemed technically deficient (is was not). Any defect in the consent requirement is ultimately procedural rather than jurisdictional and may be cured. *See Destfino v. Reiswig*, 630 F.3d 952, 957 (9th Cir. 2011). For its part, Co-Defendant Affinia Default Services, LLC ("Affinia") filed a pre-removal declaration of nonmonetary status. By virtue of this declaration, it has no obligation to further participate in this action. *See* Cal. Civ. Code § 2924l. In short, Freedom indisputably satisfied the consent requirement to removal and, even if it failed to do so, loanDepot's post-removal conduct serves to ratify the removal and Affinia otherwise has no legal obligation to further participate in this action.

### C.    THE NOTICE OF REMOVAL IS NOT PROCEDURALLY DEFECTIVE

Plaintiffs further argue that Freedom failed to attach "all state-court pleadings, process, and orders," as required by 28 U.S.C. § 1446(a). Freedom attached as Exhibits A through E all process, pleadings, and orders that had been served upon it in the state action, including the Summons, Original Complaint, FAC, Plaintiffs' Preliminary Injunction Motion filings, Freedom's opposition filings, the Declaration of Demurring Party, the Declaration of Katherine Davis, Affinia's Declaration of Nonmonetary Status, and the state court docket. (*See* Doc. 1). The Motion fails to identify any specific pleading, process, or order that was not included with the Notice of Removal.

In any event, any alleged technical deficiency in the attachments to the Notice of Removal is a procedural defect that does not divest this Court of subject-matter jurisdiction and may be cured by supplemental filings. *See Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1142 (9th Cir. 2013). Under *Kuxhausen*, the failure to attach "a copy of all process, pleadings, and orders served upon such defendant or defendants in such action" to a notice of removal is a curable defect and not a sufficient basis for remand." *Carrasco v. Horwitz*, 2014 U.S. Dist. LEXIS 174342, at *6, 2014 WL 7205912 (S.D. Cal. 2014) (citing 28 U.S.C. § 1446(a)).

### D.    THE FORUM-DEFENDANT RULE DOES NOT APPLY TO FEDERAL QUESTION CASES

Plaintiffs invoke the forum-defendant rule of 28 U.S.C. § 1441(b)(2), which provides that a "civil action otherwise removable solely on the basis of [diversity] jurisdiction...may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in

**DEFENDANT FREEDOM MORTGAGE CORPORATION'S OPPOSITION
TO PLAINTIFFS' MOTION TO REMAND**

86160\330096701.v2

which such action is brought." By its plain terms, § 1441(b)(2) applies only to cases removed "solely on the basis of" diversity jurisdiction under § 1332. This case was not removed on diversity grounds. It was removed on the basis of federal question jurisdiction under § 1331. The forum-defendant rule has no application where federal question jurisdiction exists. *See Lively v. Wild Oats Markets, Inc.*, 456 F.3d 933, 940 (9th Cir. 2006). It follows that Plaintiffs' invocation of this provision is entirely inapposite.

### E.    REMOVAL WAS NOT IN BAD FAITH

Plaintiffs characterize the timing of removal as "bad faith" because it was filed two days before a scheduled preliminary injunction hearing. This argument is without merit for several reasons. First, 28 U.S.C. § 1446(b)(3) affords a defendant thirty days from receipt of an amended pleading "from which it may first be ascertained that the case is one which is or has become removable." Freedom received the FAC on April 20, 2026, and filed its Notice of Removal on May 18, 2026, well within the thirty-day window. The removal statute contains no exception requiring defendants to delay removal until after pending hearings, and Plaintiffs do not cite to any such authority in the Motion.

Second, the proximity of the removal to the preliminary injunction hearing is coincidental and results from Plaintiffs' own decision to file a FAC adding federal claims during the pendency of their Motion for Preliminary Injunction. Had Plaintiffs not added a federal cause of action under § 7434 and the FDCPA, removal would not have been available. Plaintiffs cannot create federal jurisdiction by pleading federal claims and then accuse Freedom of bad faith for availing itself of the resulting right to removal. Finally, Plaintiffs' assertion that removal was filed "right after Plaintiff served Freedom Mortgage 'Notice For Request of Entry Default (Civ-100)'" is misleading. The Notice of Removal was filed within the thirty-day statutory window measured from receipt of the FAC – *i.e.*, the deadline-triggering event was the FAC, not any default notice.

### F.    THERE IS NO MEET-AND-CONFER REQUIREMENT FOR REMOVAL

Plaintiffs argue that Freedom violated EDCA Local Rule 230 by failing to meet and confer before filing the Notice of Removal. This argument conflates motion practice with the federal removal statute. Removal is a statutory right exercised under 28 U.S.C. §§ 1441 and 1446. It is not a

6                                    Case No.: 1:26-cv-03848-JLT-CDB

"motion" subject to Local Rule 230's meet-and-confer requirement. *See* Fed. R. Civ. P. 7(b) (describing a "motion" as a request for a court order). No federal statute, federal rule, or local rule requires a removing defendant to meet and confer with opposing parties before exercising its statutory right of removal. The removal statute imposes only two requirements: (1) timeliness and (2) filing a notice containing specified information. Freedom satisfied both. Plaintiffs' suggestion that the parties could have "resolved" federal questions during a meet-and-confer is legally irrelevant. A defendant's right to remove is conferred by statute and does not depend on whether the parties could hypothetically negotiate the withdrawal of federal claims.

### G.    FEES AND COSTS UNDER § 1447(c) ARE NOT WARRANTED

Plaintiffs conclude the Motion with a request for fees and costs under 28 U.S.C. § 1447(c), arguing that removal lacked an "objectively reasonable basis." Fees should be awarded only where "the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Here, removal was objectively reasonable. The FAC explicitly invokes 26 U.S.C. § 7434 and the FDCPA, both federal statutes. Freedom reasonably concluded that these federal claims conferred federal question jurisdiction. The Notice of Removal was timely filed, and consent was obtained from all co-defendants. Even if this Court were to disagree with Freedom's position on the merits of jurisdiction, the existence of at least one express federal statutory claim on the face of the FAC demonstrates there was an objectively reasonable basis for removal.

## V.    CONCLUSION

For the foregoing reasons, Freedom respectfully requests that this Court deny Plaintiffs' Motion to Remand in its entirety, including their request for fees and costs under 28 U.S.C. § 1447(c).

Dated: June 9, 2026                    **HINSHAW & CULBERTSON LLP**

By: */s/ Zeeshan Iqbal*
    BRIAN A. PAINO
    HELEN MOSOTHOANE
    ZEESHAN IQBAL
Attorneys for *Defendant* **FREEDOM MORTGAGE CORPORATION**

**DEFENDANT FREEDOM MORTGAGE CORPORATION'S OPPOSITION
TO PLAINTIFFS' MOTION TO REMAND**

86160\330096701.v2

## PROOF OF SERVICE

### *Jerry Wagner, et al. v. LoanDepot.com, LLC, et al.*
### USDC, Eastern District of California Case No.: 1:26-cv-03848-JLT-CDB

### STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am a citizen of the United States and employed in Los Angeles, California, at the office of a member of the bar of this Court at whose direction this service was made. I am over the age of 18 and not a party to the within actions; my business address is 350 South Grand Ave., Suite 3600, Los Angeles, CA 90071-3476. Email: crico@hinshawlaw.com

On **June 9, 2026**, I served the document(s) entitled: **DEFENDANT FREEDOM MORTGAGE CORPORATION'S OPPOSITION TO PLAINTIFFS' MOTION TO REMAND** on the interested parties in this action by placing true copies thereof enclosed in a sealed envelope(s) addressed as stated below:

### SEE ATTACHED SERVICE LIST

☐ **(BY MAIL)**:        I deposited such envelope in the mail at Los Angeles, California with postage fully prepaid. I am readily familiar with this firm's practice of collection and processing correspondence for mailing. Under that practice it would be placed for collection and mailing, and deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

☒ **(VIA OVERNIGHT MAIL)**:    I am "readily familiar" with the firm's practice of collection and processing correspondence for overnight delivery. Under that practice it would be deposited in a box or other facility regularly maintained by the express service carrier, or delivered to an authorized courier or driver authorized by the express service carrier to receive documents, in an envelope or package designated by the express service carrier with delivery fees paid or provided for, addressed to the person on whom it is to be served, at the office address as last given by that person on any document filed in the cause and served on the party making service; otherwise at that party's place of residence.

☒ **(BY ELECTRONIC MAIL)**:    By transmitting a true copy thereof to the electronic mail addresses as indicated below.

☒ **(BY CM/ECF SERVICE)**:        I caused such document(s) to be delivered electronically via CM/ECF as noted herein.

☐ **(BY HAND DELIVERY)**:  I caused to be delivered by hand each sealed envelope to the addressee(s) mentioned in the attached service/mailing list.

I declare under penalty of perjury under the laws of the United States that the above is true and correct and was executed on **June 9, 2026**, at Anaheim, California.

_____
Carolina Rico

**HINSHAW & CULBERTSON** LLP
350 South Grand Ave., Suite 3600
Los Angeles, CA 90071-3476
213-680-2800

86160\329819530.v1

## SERVICE LIST

*Jerry Wagner, et al. v. LoanDepot.com, LLC, et al.*
**USDC Eastern District of California Case No.: 1:26-cv-03848-JLT-CDB**

Jerry Wagner                                                    *Plaintiff*, **IN PRO PER**
3517 Beyers St.
Bakersfield, CA 93312
Tel.: (661) 371-5984
Email: wagnerjerry82@gmail.com

*(Via Email and Overnight Mail)*

Danny Wagner                                                   *Plaintiff*, **IN PRO PER**
3517 Beyers St.
Bakersfield, CA 93312
Tel.: (661) 371-5984
Email: wagnerjerry82@gmail.com

*(Via Email and Overnight Mail)*

Lauren W. Coe, Esq.                                      Attorneys for *Defendant*
Sara Shahbazi, Esq.                                      **LOANDEPOT.COM, LLC**
STINSON LLP
19100 Von Karman Ave., Suite 700
Irvine, CA 92612
Tel.: (949) 442-7110
Email: loren.coe@stinson.com
        sara.shahbazi@stinson.com

*(Via ECF)*

HINSHAW & CULBERTSON **LLP**
350 South Grand Ave., Suite 3600
Los Angeles, CA 90071-3476
213-680-2800

2
PROOF OF SERVICE

86160\329819530.v1