Brian A. Paino (SBN 251243)
bpaino@hinshawlaw.com
Helen Mosothoane (SBN 254511)
hmosothoane@hinshawlaw.com
Zeeshan Iqbal (SBN 337990)
ziqbal@hinshawlaw.com
**HINSHAW & CULBERTSON LLP**
350 South Grand Ave., Suite 3600
Los Angeles, CA 90071-3476
Telephone:  213-680-2800
Facsimile:  213-614-7399

Attorneys for *Defendant* **FREEDOM MORTGAGE CORPORATION**

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JERRY WAGNER, DANNY WAGNER<br><br>Plaintiffs,<br><br>v.<br><br>LOANDEPOT.COM, LLC; FREEDOM MORTGAGE CORPORATION; AFFINIA DEFAULT SERVICES LLC, DOES 1-50<br><br>Defendants. | Case No.: 1:26-cv-03848-JLT-CDB<br><br>**DEFENDANT FREEDOM MORTGAGE CORPORATION'S OPPOSITION TO PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**<br><br>*[Filed concurrently with Request for Judicial Notice]*<br><br>**Hearing**: [To be determined] |

*Defendant* Freedom Mortgage Corporation ("Freedom") respectfully submits this opposition to *Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction* [Doc. 27] (the "Motion") filed by *Plaintiff* Jerry Wagner ("J. Wagner" or "Plaintiff").[1] This opposition is supported by the points and authorities cited herein and the record currently before the Court.

## I.    INTRODUCTION

Plaintiff seeks a temporary restraining order and preliminary injunction enjoining Freedom from conducting foreclosure proceedings against the real property located at 3517 Beyers St.,

_____

[1] While this lawsuit was brought by both J. Wagner and Danny Wagner ("D. Wagner," and together with J. Wagner, the "Plaintiffs"), the Motion reflects that it was filed on behalf of only J. Wagner.

1                                             Case No.: 1:26-cv-03848-JLT-CDB

86160\330208329.v2

Bakersfield, CA 93312 (the "Property"). The Motion rehashes the same meritless theories raised in Plaintiffs' First Amended Complaint ("FAC"); namely, that the foreclosure proceedings are based on "void instruments," a "broken chain of title," and "contradictory loan documents." None of these theories are supported by non-conclusory factual allegations, much less evidence sufficient to warrant the extraordinary remedy of injunctive relief.

As a threshold matter, the Motion is moot as a request for emergency relief because Freedom agreed not record or cause to be recorded a Notice of Trustee's Sale with respect to the Property for a period of thirty days from June 6, 2026 - *i.e.*, through and including July 5, 2026. Indeed, no foreclosure sale can proceed absent the recording and service of a Notice of Trustee's Sale pursuant to Cal. Civ. Code § 2924(a)(3). There is accordingly no imminent threat of harm warranting emergency treatment of Plaintiff's request.

To the extent the Court nevertheless considers the merits of Plaintiffs' request for injunctive relief, it should be denied. Even a cursory review of the FAC and the Motion reveals that Plaintiffs have not stated viable claims against Freedom. The FAC strings together statutory labels, conclusory assertions, and speculation in lieu of the specific facts required to state cognizable claims. Plaintiffs are therefore unlikely to succeed on the merits of any of their claims. They have not otherwise demonstrated irreparable harm, and the balance of equities and public interest weigh in Freedom's favor. For these reasons, as discussed more fully herein, the Motion should be denied.

## II.    FACTUAL AND PROCEDURAL BACKGROUND

On or about April 10, 2020, D. Wagner and Freda Sue Wagner ("F. Wagner," and together with D. Wagner, the "Borrowers") obtained a loan (the "Loan") from loanDepot.com, LLC ("loanDepot") in the original principal sum of $190,000.00, the terms of which were set forth in a promissory note (the "Note") secured by a deed of trust (the "Deed of Trust") encumbering the Property. Mortgage Electronic Registration Systems, Inc. ("MERS"), solely as nominee for loanDepot and loanDepot's successors and assigns, was named as the original beneficiary under the Deed of Trust. (*See* FAC, pp 2-4, **Ex. 1,** Request for Judicial Notice "RJN" **Ex. A**; Declaration of Freedom Mortgage Corporation [Doc. 1-3, pp. 194-250] ("Freedom Decl."), ¶ 5, **Exs. 1-2**).

**DEFENDANT FREEDOM MORTGAGE CORPORATION'S OPPOSITION
TO PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY
INJUNCTION**

86160\330208329.v2

On March 24, 2025, following the passing of F. Wagner, D. Wagner conveyed an interest in the Property to his nephew, J. Wagner, through a Quitclaim Deed. (*Id*. at p. 4:5-6). Shortly thereafter, on June 4, 2025, MERS executed a Corporate Assignment of Deed of Trust (the "Assignment") whereby it transferred the beneficial interest under the Deed of Trust to Freedom. (*Id.*; Freedom Decl., ¶ 6, **Ex. 3**).

On January 15, 2026, Freedom executed a Substitution of Trustee (the "SOT") whereby it substituted Affinia Default Services, LLC ("Affinia") as the trustee under the Deed of Trust. (RJN, **Ex. B**; Freedom Decl., ¶ 8, **Ex. 5**). Thereafter, on January 28, 2026, Affinia caused a Notice of Default and Election to Sell Under Deed of Trust ("NOD") to be recorded against the Property, reflecting the Loan was in default as of September 1, 2025. (RJN, **Ex. C**; Freedom Decl., ¶ 7, **Ex. 4**).

On February 25, 2026, Plaintiffs commenced this action by filing their original complaint against Freedom, loanDepot, and Affinia. (*See* Doc. 1). Plaintiffs thereafter filed the operative FAC on April 13, 2026, asserting causes of action for: (1) violation of the HBOR; (2) violation of Cal. Civ. Code § 2924.17; (3) breach of contract; (4) breach of implied covenant of good faith and fair dealing; (5) violation of the Rosenthal Act/FDCPA; (6) negligence; (7) negligent misrepresentation; (8) constructive fraud; (9) unfair competition; (10) declaratory relief; (11) quiet title; (12) violation of 26 U.S.C. § 7434; and (13) injunctive relief. (*See id.*)

Freedom removed the action to this Court on May 18, 2026 (*See* Doc. 1). On May 26, 2026, Freedom filed a motion to dismiss the FAC (the "Motion to Dismiss") pursuant to Federal Rule of Civil Procedure 12(b)(6). (*See* Doc. 5). Three days later, on May 29, 2026, Plaintiffs filed the instant Motion seeking a temporary restraining order and preliminary injunction. (*See* Doc. 27). The Court issued a Minute Order on June 2, 2026, requesting that Freedom submit a status report articulating the anticipated timing of any further steps in the foreclosure process. (*See* Doc. 28). In response, on June 6, 2026, Freedom filed a statement wherein it represented that it will not record or cause to be recorded a Notice of Trustee's Sale with respect to the Property for a period of thirty days from the date of that filing. (*See* Doc. 30).

///

**DEFENDANT FREEDOM MORTGAGE CORPORATION'S OPPOSITION TO PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

86160\330208329.v2

## III.    LEGAL STANDARD

"The standard for issuing a temporary restraining order [] is the same as that for issuing a preliminary injunction." *Esquire Properties Trading, Inc. v. Starmax Enterprises, Inc.*, 2014 U.S. Dist. LEXIS 198858, at *8, WL 12479298 (C.D. Cal. 2014) (citing *Stuhlbarg Int'l Sales Co. v. John D. Brushy & Co.*, 240 F.3d 832, 839 n. 7 (9th Cir. 2001)). "A preliminary injunction is an extraordinary and drastic remedy, and a district court should enter preliminary injunctive relief only upon a clear showing that the plaintiff is entitled to such relief[.]" Id. at *8-9 (citations and internal quotations omitted). To obtain a preliminary injunction, a plaintiff must show: (1) a likelihood of success on the merits, (2) a likelihood of irreparable harm if injunctive relief were denied, (3) that the equities weigh in the plaintiff's favor, and (4) that the public interest favors injunctive relief. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

## IV.    ANALYSIS

### A.    PLAINTIFF'S REQUEST FOR EMERGENCY RELIEF IS MOOT

As a threshold matter, Plaintiff's request for emergency relief should be denied as moot. Freedom has already agreed that it will not record a Notice of Trustee's Sale with respect to the Property for at least thirty days from June 6, 2026, *i.e.*, through and including July 5, 2026. (*See* Doc. 30). Because no foreclosure sale can proceed absent the recording and service of a Notice of Trustee's Sale pursuant to Cal. Civ. Code § 2924(a)(3), there is no imminent threat of irreparable harm warranting emergency treatment of the Motion. Freedom's agreement to delay the next steps in the foreclosure process preserves the status quo and affords the Court adequate time to resolve the pending Motion without the need for expedited or emergency briefing.

### B.    PLAINTIFFS ARE UNLIKELY TO PREVAIL ON THEIR CLAIMS

Even if the Court reaches the merits, Plaintiffs cannot carry their burden of demonstrating a likelihood of success on any of their claims against Freedom. A preliminary injunction is an extraordinary remedy that may issue only upon a clear showing of entitlement, and the burden rests on Plaintiffs to make that showing as to each element of every claim on which they rely. They cannot do so. The judicially noticeable instruments and the undisputed record affirmatively refute

**DEFENDANT FREEDOM MORTGAGE CORPORATION'S OPPOSITION
TO PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY
INJUNCTION**

86160\330208329.v2

the factual premises underlying each of Plaintiffs' theories, and each claim independently fails as a matter of law for the reasons set forth below. For the same reasons articulated in Freedom's concurrently pending Motion to Dismiss, Plaintiffs are not likely to prevail on the merits of any claim asserted in the FAC.

### 1. **J. Wagner Lacks Standing**

As a threshold matter, J. Wagner is unlikely to succeed on any claims as he lacks standing to pursue the claims on which the Motion is based. The FAC and the record establish that J. Wagner was never a party to the Loan. He is a purported co-owner of the Property who acquired his interest from D. Wagner by quitclaim deed in March 2025—nearly five years after the Loan originated and after the Loan was already in default. A person who was not a party to the mortgage loan has no standing to challenge its validity or enforcement, and courts routinely reject foreclosure-related claims brought by such non-parties. *See Brockington v. J.P. Morgan Chase Bank, N.A.*, 2009 U.S. Dist. LEXIS 56622, at *9, WL 1916690 (N.D. Cal. 2009); *Wilkinson v. PHH Mortg. Corp.*, 2025 U.S. Dist. LEXIS 30685, at *9, WL 565971 (E.D. Cal. 2025). Because J. Wagner is a stranger to the Note and Deed of Trust, he cannot show a likelihood of success on any claim predicated on those instruments or on Freedom's enforcement of them.

J. Wagner separately lacks standing to pursue relief under the HBOR because he is not a "borrower" within the meaning of the statute. The HBOR defines a "borrower" as a natural person who is a mortgagor or trustor and who is potentially eligible for a foreclosure prevention alternative offered through his or her mortgage servicer. *See* Cal. Civ. Code § 2920.5(c)(1). J. Wagner is not the trustor under the Deed of Trust; Borrowers are. He therefore has no statutory standing to invoke the HBOR's protections, and he therefore cannot demonstrate any likelihood of prevailing on the claims he asserts.

### 2. **Plaintiffs' HBOR Claims Fail**

Plaintiffs' first cause of action rests on purported violations of Cal. Civ. Code §§ 2923.5, 2923.55, and 2924(a)(1). Their theory is that the declaration accompanying the NOD (the "NOD Declaration") is "invalid" because it was supposedly executed before any default existed and

Case No.: 1:26-cv-03848-JLT-CDB
**DEFENDANT FREEDOM MORTGAGE CORPORATION'S OPPOSITION TO PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

86160\330208329.v2

because it fails to identify the beneficiary, the servicer, the signer's authority, the signer's role, or the basis for the signer's personal knowledge. The judicially noticeable record forecloses both theories.

The NOD Declaration on its face reflects that it was executed by Amber Bogard on behalf of Freedom on January 2, 2026. (*See* RJN, **Ex. C**). The NOD, in turn, reflects that the Loan was due for the September 1, 2025 payment and remained in default as of January 2026. (*Id.*). This default information is corroborated by Freedom's evidence. (*See* Freedom Decl., **Ex. 7** (p. 240)). The premise that the declaration predated the default is thus demonstrably wrong. The declaration was executed roughly four months *after* Borrowers defaulted. Plaintiffs' remaining contention fares no better, because neither § 2923.5 nor § 2923.55 require the declaration to identify the beneficiary, the servicer, the signer's authority, the signer's role, or the basis for the signer's personal knowledge. *See* Cal. Civ. Code §§ 2923.5(b), 2923.55(c); *see also Ghuman v. Wells Fargo Bank, N.A.*, 989 F.Supp.2d 994, 1005 (9th Cir. 2013). Because the only defects Plaintiffs identify are contradicted by the very documents on which they rely (and the record before the Court), they are not likely to establish any violation at all.

Even if Plaintiffs could identify some technical irregularity, they would still be unlikely to prevail because the HBOR makes only *material* violations actionable, and a violation is material only if it affected the borrower's loan obligations, disrupted the loan-modification process, or otherwise harmed the borrower. *See Billesbach v. Specialized Loan Servicing LLC*, 63 Cal.App.5th 830, 830 (2021). Plaintiffs neither allege nor offer evidence that any purported defect in the NOD Declaration affected their obligations, disrupted any modification effort, or caused them harm. The absence of any showing of materiality independently defeats their likelihood of success.

To the extent the claim rests on Cal. Civ. Code § 2924(a)(1), it is unlikely to succeed for two further reasons. First, § 2924 affords Plaintiffs no private right of action. *See Orosco v. Specialized Loan Servicing, LLC*, 2020 U.S. Dist. LEXIS 151344, at *4, WL 4898054 (E.D. Cal. 2020). Second, the premise that the Assignment failed to identify Freedom is contradicted by the record: the recorded Assignment expressly names Freedom as the assignee of the Deed of Trust. (RJN, Ex. A; Freedom Decl., **Ex. 3**). As assignee, Freedom held the authority to substitute Affinia as trustee, *see*

**DEFENDANT FREEDOM MORTGAGE CORPORATION'S OPPOSITION TO PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

86160\330208329.v2

Cal. Civ. Code § 2934a(a)(1), and the recorded SOT is conclusive evidence of Affinia's authority to act as trustee, *see* Cal. Civ. Code § 2934a(d)(4). Freedom, as assignee, indisputably holds the right to exercise the power of sale. *See Strike v. Trans-West Disc. Corp.*, 92 Cal.App.3d 735, 744 (1979). In any event, California law does not permit a borrower to mount a preemptive challenge to a foreclosing beneficiary's authority to exercise the power of sale before any sale has occurred. *See Saterbak v. JPMorgan Chase Bank, N.A.*, 245 Cal.App.4th 808, 814 (2016). Plaintiffs' HBOR theory is therefore unlikely to succeed on the merits.

### 3.   Plaintiffs' Claim for Violation of Cal. Civ. Code § 2924.17 Fails

Plaintiffs' second cause of action alleges that Freedom violated § 2924.17 by recording "false, contradictory, and fabricated loan records." That theory turns entirely on the "Customer Activity Statements" prepared by loanDepot, which Plaintiffs assert fail to reflect borrower activity, payments, disbursements, or escrow transactions. (*See* FAC at 9:9-12). The exhibits Plaintiffs themselves attached to the FAC refute the assertion. The statements do in fact reflect the application of payments to the Loan, disbursements, and escrow activity, including the payment of taxes and insurance and interest earned on escrow deposits. (*Id.*, at pp. 29-30). Plaintiffs' description of these documents is thus contradicted by the documents themselves.

Because the underlying premise collapses, Plaintiffs cannot show that the NOD was based on inaccurate records, and they identify no specific statement within the NOD that is false. They do not dispute the default date, the amount due, or any other particular reflected in the NOD. On this record, Plaintiffs cannot establish even a technical violation of § 2924.17, let alone the material violation the HBOR requires and thus they are not likely to succeed on this claim. *See Billesbach*, 63 Cal.App.5th at 830.

### 4.   Plaintiffs' Breach of Contract Claim Fails

To prevail on a breach of contract claim, Plaintiffs must ultimately prove (1) the existence of a contract, (2) their own performance or excuse for nonperformance, (3) Freedom's breach, and (4) resulting damages. *See CDF Firefighters v. Maldonado*, 158 Cal.App.4th 1226, 1239 (2008). Plaintiffs are unlikely to succeed because they cannot establish at least two of these elements. As to

**DEFENDANT FREEDOM MORTGAGE CORPORATION'S OPPOSITION
TO PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY
INJUNCTION**

86160\330208329.v2

J. Wagner, he is not a party to the Note or Deed of Trust and therefore cannot sue for their breach. *See Berclain America Latina v. Baan Co.*, 74 Cal.App.4th 401, 405 (1999) ("In asserting a claim based upon a contract, this generally requires the party to be a signatory to the contract, or to be an intended third party beneficiary.").

As to D. Wagner, the record establishes that he has been in default on the Loan since September 1, 2025 (RJN, Ex. C; Freedom Decl., **Ex. 7**), and Plaintiffs neither demonstrate his performance nor offer any legally cognizable excuse for nonperformance. Their allegation that payments were held in suspense does not, without more, establish a breach: Plaintiffs identify no provision of the Note or Deed of Trust that prohibited Freedom from placing payments in suspense, and indeed identify no contractual provision that Freedom breached at all. Because Plaintiffs cannot show either performance or a breach of any identified term, they are unlikely to prevail on this claim.

### 5. **Plaintiffs' Breach of the Implied Covenant Fails**

California implies a covenant of good faith and fair dealing in every contract, but the covenant cannot create obligations inconsistent with, or untethered from, the contract's express terms. *Carma Developers (Cal)., Inc. v. Marathon Development California, Inc.*, 2 Cal.4th 342, 371 (1992); *Nein v. HostPro, Inc.*, 174 Cal.App.4th 833, 852 (2009). Plaintiffs' implied covenant claim rests on the same conduct as their breach of contract claim—that Freedom provided inconsistent information, advanced the foreclosure, and held payments in suspense—and is therefore coextensive with, and no stronger than, the contract claim it duplicates. They identify no contractual benefit of which Freedom deprived them and no exercise of discretion that frustrated their rights under the Loan. For the same reasons their contract theory fails, and because J. Wagner is not a party to the contract from which the covenant arises, Plaintiffs are unlikely to succeed on this claim.

### 6. **Plaintiffs' Rosenthal Act/FDCPA Claim Fails**

Plaintiffs' Rosenthal Act claim is built on undifferentiated assertions that "Defendants" misrepresented the amount and status of the debt and relied on false account information. These generalized allegations do not identify any specific false, misleading, or deceptive statement

**DEFENDANT FREEDOM MORTGAGE CORPORATION'S OPPOSITION TO PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

86160\330208329.v2

attributable to Freedom. The only communication attributable to Freedom within the claim is the NOD, and—as shown above—the record refutes any contention that the NOD was inaccurate or deceptive. Plaintiffs' failure to differentiate among the defendants, or to tie any unlawful communication to Freedom in particular, makes it unlikely they can establish the elements of a Rosenthal Act violation against Freedom.

The claim also cannot support the relief the Motion seeks. This is because injunctive relief is not an available remedy under the FDCPA, which the Rosenthal Act incorporates. *See Ghalehtak v. Fay Servicing, LLC*, 2017 U.S. Dist. LEXIS 177068, at *10, WL 4805589 (N.D. Cal. 2017). Because the statute on which Plaintiffs rely cannot yield the injunction they request, this claim provides no basis for the requested relief.

### 7.    **Plaintiffs' Negligence Claim Fails**

Plaintiffs' negligence claim is unlikely to succeed because Freedom owed them no duty of care. As a general rule, a financial institution owes no duty of care to a borrower when its involvement does not exceed the scope of its conventional role as a lender of money. *Nymark v. Heart Fed. Savings & Loan Ass'n*, 231 Cal.App.3d 1089, 1096 (1991). Plaintiffs identify no conduct by Freedom that exceeded that conventional role; their allegations concern nothing more than the servicing of the Loan and the conduct of the foreclosure. Absent the threshold element of duty, the claim cannot succeed.

The claim is independently barred by the economic loss rule, which precludes tort recovery for harms arising from (and not independent of) the parties' contractual relationship. *See Sheen v. Wells Fargo Bank, N.A.*, 12 Cal.5th 905, 923 (2022); *Rattagan v. Uber Techs., Inc.*, 17 Cal.5th 1, 20 (2024). Plaintiffs' asserted injuries flow directly from the Loan and its enforcement. The economic loss rule therefore bars the claim and further undermines any likelihood of success.

### 8.    **Plaintiffs' Claims for Negligent Misrepresentation and Constructive Fraud Fail**

Plaintiffs' claims for negligent misrepresentation and constructive fraud sound in fraud and are subject to the heightened pleading and proof requirements of Federal Rule of Civil Procedure

**DEFENDANT FREEDOM MORTGAGE CORPORATION'S OPPOSITION TO PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

86160\330208329.v2

9(b), which demand the who, what, when, where, and how of the alleged misconduct. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (quoting *Cooper v. Picket*, 137 F.3d 616, 627 (9th Cir. 1997)). Plaintiffs satisfy none of these. They do not identify who at Freedom made any misrepresentation, what specific statement was made, when or to whom it was communicated, or how they justifiably relied on it to their detriment. Freedom was not the original lender and could not have made the representation concerning the Note's signing location, and Plaintiffs in any event allege no detrimental reliance on that purported statement.

The constructive fraud claim is unlikely to succeed for the additional reason that it requires a fiduciary or confidential relationship, and none exists here. To the contrary, the relationship between a lender and a borrower is not fiduciary in nature, *see Nymark*, 231 Cal.App.3d at 1093 n.1, and Plaintiffs allege no special circumstances giving rise to any such relationship. Like the negligence claim, both of these tort claims are also barred by the economic loss rule. *See Sheen*, 12 Cal.5th at 923; *Rattagan*, 17 Cal.5th at 20. Plaintiffs accordingly cannot show a likelihood of success on either claim.

### 9.    Plaintiffs' UCL Claim Fails

Plaintiffs' UCL claim is derivative of their other causes of action and rises or falls with them. As a threshold matter, Plaintiffs are unlikely to establish UCL standing, which requires a showing that they lost money or property as a result of Freedom's conduct and that the loss is redressable through restitution or injunctive relief. *See Matthews v. Specialized Loan Servicing, LLC*, 2020 U.S. Dist. LEXIS 67110, at *18, WL 1889043 (C.D. Cal. 2020). Plaintiffs identify no money or property lost as a result of any act by Freedom; their default, not Freedom's conduct, is the source of their predicament.

On the merits, the claim fails under each of the UCL's three prongs. The "unlawful" prong borrows from other statutes, but Plaintiffs have shown no likelihood of establishing any predicate violation, so there is no unlawful act to borrow. *Berryman v. Merit Prop. Mgmt., Inc.*, 152 Cal.App.4th 1544, 1554 (2007). The claim likewise fails under the "unfair" prong because, on the record set out above, none of Freedom's conduct offends public policy or is immoral, unethical,

**DEFENDANT FREEDOM MORTGAGE CORPORATION'S OPPOSITION TO PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

86160\330208329.v2

oppressive, or substantially injurious. *Scripps Clinic v. Superior Court*, 108 Cal.App.4th 917, 939 (2003) (citation and internal quotations omitted).And the claim also fails under the "fraudulent" prong because the conduct Plaintiffs describe concerns private loan administration directed solely at them, not public-facing representations likely to deceive the public. *McKell v. Washington Mutual, Inc.*, 142 Cal.App.4th 1457, 1471 (2006).Plaintiffs are therefore unlikely to prevail under any prong of the UCL.

### 10.    Plaintiffs' Remaining Claims Fail

Plaintiffs' remaining claims for declaratory relief, quiet title, violation of 26 U.S.C. § 7434, and cancellation of instruments, are each derivative of the theories addressed above and fail for the same reasons. The claims for declaratory relief and cancellation of instruments depend entirely on Plaintiffs' contention that the Assignment, NOD, and related instruments are void. As the record shows, those instruments are facially valid and Plaintiffs have offered nothing beyond conclusory assertions of voidness; a derivative claim cannot survive once its antecedent theories collapse, and there is no separate basis for declaring the instruments void or cancelling them.

Plaintiffs' § 7434 claim is unlikely to succeed because the statute reaches only the willful filing of a fraudulent information return, and Plaintiffs offer no facts that Freedom willfully filed any fraudulent Form 1098 or that any misstatement was willful rather than mistaken. Their quiet title claim independently fails because they have not tendered, or offered to tender, the outstanding balance of the Loan, as California law requires for a trustor seeking to quiet title against a secured lender. *See Lueras v. BAC Home Loans Servicing, LP*, 221 Cal.App.4th 49, 86 (2013). Additionally, J. Wagner, who took his interest by quitclaim subject to the previously recorded Deed of Trust, has no basis to quiet title against that encumbrance. Finally, injunctive relief is itself a remedy rather than a cause of action and cannot stand absent a viable underlying claim. *See Guessous v. Chrome Hearts, LLC*, 179 Cal.App.4th 1177, 1187 (2009). Because every antecedent theory is unlikely to succeed, so too are the claims that depend on them.

///

///

Case No.: 1:26-cv-03848-JLT-CDB
**DEFENDANT FREEDOM MORTGAGE CORPORATION'S OPPOSITION
TO PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY
INJUNCTION**

86160\330208329.v2

## C.   PLAINTIFF'S CONTENTION THAT HIS EVIDENCE IS "UNREBUTTED" IS MERITLESS

The Motion repeatedly asserts that Plaintiffs' evidence is "unrebutted" because Freedom purportedly filed no opposition to the preliminary injunction motion in state court. This contention is factually inaccurate and legally irrelevant. Freedom did, in fact, file an opposition to Plaintiffs' Motion for Preliminary Injunction in state court on April 2, 2026, along with a supporting Request for Judicial Notice. Freedom also filed the aforementioned Freedom Decl.

Regardless, the legal standard for injunctive relief in federal court requires Plaintiffs to affirmatively demonstrate they are likely to succeed on the merits of their claims. *See Winter*, 555 U.S. at 20. The burden of proof lies squarely with Plaintiff as the moving party. A defendant's alleged silence in prior state court proceedings does not itself establish the merits of Plaintiff's claims.

## D.   PLAINTIFF WILL NOT SUFFER IRREPARABLE HARM

Plaintiffs have failed to demonstrate irreparable harm sufficient to warrant injunctive relief. As noted above, Freedom has agreed that it will not record a Notice of Trustee's Sale for thirty days from June 6, 2026. No foreclosure sale date has been set, and no sale is imminent. Even absent Freedom's agreement to delay the next steps in the foreclosure process, Plaintiffs cannot demonstrate irreparable harm because the foreclosure proceedings are valid in all respects. The Loan is in default as of September 1, 2025, and Plaintiffs do not allege they have repaid the Loan. The mere threat of the loss of a home does not alone entitle a borrower to injunctive relief. *See Tyson v. TD Servs. Co.*, 2016 U.S. Dist. LEXIS 102845, at *9, WL 4140905 (N.D. Cal. 2016) (citing *Nken v. Holder*, 556 U.S. 418, 433 (2009)). Any claim of irreparable harm is further undermined by the fact that Plaintiffs are in default under the Loan, evidencing their inability to afford the Property. *See id*. (collecting cases).

## E.   THE BALANCE OF EQUITIES FAVORS FREEDOM

The balance of equities weighs against the issuance of an injunction. An injunction would be prejudicial to Freedom as it will prevent Freedom from exercising its indisputable right to foreclose

Case No.: 1:26-cv-03848-JLT-CDB

**DEFENDANT FREEDOM MORTGAGE CORPORATION'S OPPOSITION TO PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

86160\330208329.v2

on the Property due to the undisputed default on the Loan. Freedom is the assignee of the Deed of Trust and has the contractual right to exercise the power of sale thereunder. By contrast, Plaintiffs have not stated any viable claims against Freedom, and D. Wagner has been in default on the Loan since September 2025. The public interest would also be furthered by denying Plaintiffs the injunctive relief they seek, as there is a strong public interest in enforcing valid contracts. *See BZ Clarity Tent Sub LLC v. Ross Mollison Int'l Party, Ltd.*, 2015 U.S. Dist. LEXIS 76470, *19, WL 3657249 (D. Nev. 2015); *Gen. Motors LLC v. Santa Monica Grp., Inc.*, 2010 U.S. Dist. LEXIS 78711, *9, WL 2740166 (C.D. Cal. 2010) ("The public interest is served by the enforcement of a valid and binding contract.").

## V.    <u>CONCLUSION</u>

For the reasons set forth herein, Plaintiffs' Motion should be denied.

Dated: June 12, 2026

**HINSHAW & CULBERTSON LLP**

By: */s/ Zeeshan Iqbal*
BRIAN A. PAINO
HELEN MOSOTHOANE
ZEESHAN IQBAL
Attorneys for *Defendant* **FREEDOM MORTGAGE CORPORATION**

13                    Case No.: 1:26-cv-03848-JLT-CDB

86160\330208329.v2

**PROOF OF SERVICE**

***Jerry Wagner, et al. v. LoanDepot.com, LLC, et al.***
**USDC, Eastern District of California Case No.: 1:26-cv-03848-JLT-CDB**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am a citizen of the United States and employed in Los Angeles, California, at the office of a member of the bar of this Court at whose direction this service was made. I am over the age of 18 and not a party to the within actions; my business address is 350 South Grand Ave., Suite 3600, Los Angeles, CA 90071-3476. Email: crico@hinshawlaw.com

On **June 12, 2026**, I served the document(s) entitled: **DEFENDANT FREEDOM MORTGAGE CORPORATION'S OPPOSITION TO PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION** on the interested parties in this action by placing true copies thereof enclosed in a sealed envelope(s) addressed as stated below:

**SEE ATTACHED SERVICE LIST**

☐ **(BY MAIL)**:      I deposited such envelope in the mail at Los Angeles, California with postage fully prepaid. I am readily familiar with this firm's practice of collection and processing correspondence for mailing. Under that practice it would be placed for collection and mailing, and deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

☒ **(VIA OVERNIGHT MAIL)**:    I am "readily familiar" with the firm's practice of collection and processing correspondence for overnight delivery. Under that practice it would be deposited in a box or other facility regularly maintained by the express service carrier, or delivered to an authorized courier or driver authorized by the express service carrier to receive documents, in an envelope or package designated by the express service carrier with delivery fees paid or provided for, addressed to the person on whom it is to be served, at the office address as last given by that person on any document filed in the cause and served on the party making service; otherwise at that party's place of residence.

☒ **(BY ELECTRONIC MAIL)**:    By transmitting a true copy thereof to the electronic mail addresses as indicated below.

☒ **(BY CM/ECF SERVICE)**:      I caused such document(s) to be delivered electronically via CM/ECF as noted herein.

☐ **(BY HAND DELIVERY)**:  I caused to be delivered by hand each sealed envelope to the addressee(s) mentioned in the attached service/mailing list.

I declare under penalty of perjury under the laws of the United States that the above is true and correct and was executed on **June 12, 2026**, at Anaheim, California.

_____
Carolina Rico

**HINSHAW & CULBERTSON** LLP
350 South Grand Ave., Suite 3600
Los Angeles, CA 90071-3476
213-680-2800

1
PROOF OF SERVICE

86160\329819530.v1

## SERVICE LIST

*Jerry Wagner, et al. v. LoanDepot.com, LLC, et al.*
**USDC Eastern District of California Case No.: 1:26-cv-03848-JLT-CDB**

Jerry Wagner                                                      *Plaintiff*, **IN PRO PER**
3517 Beyers St.
Bakersfield, CA 93312
Tel.: (661) 371-5984
Email: wagnerjerry82@gmail.com

*(Via Email and Overnight Mail)*

Danny Wagner                                                     *Plaintiff*, **IN PRO PER**
3517 Beyers St.
Bakersfield, CA 93312
Tel.: (661) 371-5984
Email: wagnerjerry82@gmail.com

*(Via Email and Overnight Mail)*

Lauren W. Coe, Esq.                                      Attorneys for *Defendant*
Sara Shahbazi, Esq.                                      **LOANDEPOT.COM, LLC**
STINSON LLP
19100 Von Karman Ave., Suite 700
Irvine, CA 92612
Tel.: (949) 442-7110
Email: loren.coe@stinson.com
        sara.shahbazi@stinson.com

*(Via ECF)*

**HINSHAW & CULBERTSON LLP**
350 South Grand Ave., Suite 3600
Los Angeles, CA 90071-3476
213-680-2800

2
PROOF OF SERVICE

86160\329819530.v1