Jerry Wagner, Danny Wagner
3517 Beyers st
Bakersfield CA, 93312
661-371-5984
Wagnerjrry82@gmail.com
Pro Se



**FILED**

JUN 12 2026

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JERRY WAGNER AND DANNY WAGNER,

Plaintiff,

VS.

LOANDEPOT.COM, LLC; FREEDOM
MORTGAGE CORPORATION; AFFINIA
DEFAULT SERVICES, LLC; DOES 1–50,

Defendant

Case No.: 1:26CV03848-JLT-CDB

SUPPLEMENTAL REMAND BRIEF

Plaintiffs Jerry Wagner and Danny Wagner respectfully submit this Supplemental Brief to correct several material inaccuracies in Defendant Freedom Mortgage Corporation's Opposition to Plaintiffs' Motion to Remand (Doc. 31). This Brief is submitted to ensure the Court has an accurate record for its jurisdictional analysis and Plaintiffs do not intend to litigate the merits of this case in federal court.

SUPPLEMENTAL REMAND BRIEF   - 1

1. **Freedom's Notice of Removal omitted the last three notices** filed in the state-court.(See Doc 29, Pg 115, Exhibit 16) Freedom's failure to attach the last three notices was not harmless. These notices were directly relevant to the procedural posture of the case that Freedom sought to avoid by removing to federal court. 28 USC § 1446(a) requires a removing defendant to file a copy of all process, pleadings and orders....

4. **Affinia Is a Party to This Case and Was Served**. Freedom suggests Affinia's declaration of nonmonetary status excuses participation. (Opp. 5.). Affinia Default Services is a named defendant, was served, and remains a party unless the Court orders otherwise. Cal. Civ. Code §2924l does not remove a defendant from the case. As a served defendant, Affinia was required to provide affirmative consent to removal. 28 U.S.C. §1446(b)(2)(A).

5. **No Written Consent from Co-Defendants Exists**. Freedom states it "obtained consent" from LoanDepot and Affinia. (Opp. 5.) No written consent appears on the docket. Unanimous consent must be affirmative. Freedom misapplies Proctor v Vishay; this case is not a SLUSA case, not a securities class action, and not a covered security. So 28 USC § 1446(b)(2)(A) controls, defendants must consent in writing.

6. **Post-Removal Participation Cannot Cure Missing Consent.** Freedom argues LoanDepot's later participation "ratifies" consent. (Opp. 5.). Consent must exist at the time of removal. Destfino v. Reiswig, 630 F.3d 952. Freedom misapplied Destifino; the Ninth Circuit and Destfino rejected the argument that post-removal filings constitute late consent, making clear that removal is defective if unanimity is missing when the notice is filed. LoanDepot's late activity in federal court is therefore legally irrelevant and cannot cure Freedom's failure to obtain timely, affirmative consent from LoanDepot and Affinia.

SUPPLEMENTAL REMAND BRIEF   - 2

7. Removal was allegedly coincidental. Freedom admits service of the FAC on April 13 and filed removal on May 18 (35 days). (Opp. 2.). The 30-day clock runs from service, not receipt. 28 U.S.C. §1446(b)(1).

8. Freedom misquotes Plaintiffs cause of action by inventing an FDCPA claim when only a Rosenthal Act Claim exists. Jurisdiction must be based on the complaint as pleaded, not on a defendant's re-characterization. See City of Oakland v. BP PLC, 969 F.3d 895.

9. Plaintiffs referenced the forum-defendant rule solely to prevent Defendants from attempting a secondary removal, based on Freedom's demonstrated pattern of mischaracterizing Plaintiff's claims and coincidental timing of actions. All defendants are a forum defendant because all defendants were served in California 28 USC § 1441(b)(2) bars removal based on diversity.

Removal was procedurally defective because Freedom failed to obtain unanimous written consent, file timely, and did not attach the complete state-court record as required by 28 USC § 1446. For these reasons, Plaintiffs respectfully request that the Court remand this action to the Superior Court of California, County of Kern under 28 USC § 1447(c).

_____
Jerry Wagner  June 11, 2026

SUPPLEMENTAL REMAND BRIEF  - 3