Jerry Wagner
3517 Beyers St
Bakersfield Ca 93312
(661)-371-5984
Wagnerjerry82@gmail.com
Pro Se

**FILED**

JUN 16 2026

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
　　　　　　DEPUTY CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY WAGNER, DANNY WAGNER | Case No.: 1:26CV03848-JLT-CDB |
| Plaintiff, | |
| vs. | SUPLEMENTAL TRO BRIEF |
| LOANDEPOT.COM, LLC, FREEDOM MORTGAGE CORPORATION, AFFINIA DEFAULT SERVICES, LLC, DOES 1-50 | |
| Defendant | |

June 15, 2026

## I. FREEDOM'S PROCEDURAL POSTURE IN STATE COURT FOLLOWS THEM INTO FEDERAL COURT

Plaintiffs submit this Supplement Brief to clarify a threshold procedural issue that Freedom's TRO Opposition ignores. While Federal Rule of Civil Procedure 65 and Eastern District Local Rule 231 allow a responding party to file an opposition or reply before a federal

SUPLEMENTAL TRO BRIEF - 1

court can rule on a preliminary injunction, those federal procedural rights do not erase or cure a defendant's procedural defaults in state court prior to removal.

Freedom's removal of this action from state court to federal court did not change the imminent and ongoing harm Plaintiffs face. Removal is a procedural mechanism only; it does not alter the underlying facts, the foreclosure timeline, or the injuries Plaintiffs are suffering.

## A. FREEDOM'S REMOVAL DID NOT PAUSE, CURE, OR MITIGATE ANY OF THESE HARMS.

Plaintiffs have repeatedly documented the harm this action is causing in both state-court record and the federal record

1. A doctors note from Danny Wagners primary care physician of 15 plus years filed in state court as part of the original record and federal court (Motion to remand, Doc 17, Page 100-101)

2. Jerry Wagners and Katherine Davis's declarations describing the loss of livelihood, the impact the loss of home, and the stress-induced deterioration from the ongoing foreclosure process. Declarations were filed in state court as part of the original record and federal court( Doc 17, Pages 88-102, DOC 27 Motion for TRO)

The Ninth Circuit is clear: Irreparable harm is measured by the real-world consequences to the plaintiff, not by the defendants' litigation tactics. Freedom's 30 day "pause" merely delays the next step in the foreclosure process-and only until July 5, 2026. The imminent harm remains unchanged, and the TRO is still urgently required. (Winter v. NRDC)

## B. FEDERAL JURISDICTION NEEDS TO BE ESTABLISHED BEFORE LITIGATING MERITS OF THE FAC

SUPLEMENTAL TRO BRIEF - 2

Freedom's TRO Opposition improperly attempts to argue the merits of the First Amended Complaint ("FAC")-including standing, contract claims, fraud claims, quiet title, HBOR, Rosenthal Act/FDCPA, and 26 USC § 7437-befroe this court has even determined it possesses subject-matter jurisdiction. This is procedurally improper. (Steel Co v. Citizens for a Better Environment)

Furthermore, Defendants' counsel improperly attempts to testify as a witness in their brief by making unverified declarations regarding an alleged loan default. Under long-standing federal precedent statements of counsel in briefs are not evidence and cannot be used to litigate a TRO. (Trinsey v Pagliaro)

Federal Courts must resolve jurisdiction first, before reaching any merits issues. Freedom is using a TRO Opposition to argue issues it forfeited in state court-issues Plaintiffs identified in the Notice of Non-Opposition filed in state court and supporting declarations and now federal court (DOC17 Page 82-83, DOC 17 88-118)

## C. NO OPPOSITION TO PRELIMINARY INJUNCITON IN STATE COURT

Not one defendant filed an opposition, memorandum, or responsive papers before their deadline expired to oppose preliminary injunction hearing of May 20, 2026. Under California Rules of Court 3.1113 and 31.300, that is a procedural default, Freedom forfeited its right to oppose the PI. (See DOC17 Page 82 Short Notice No Opposition Filed Opposing PI, Pages 88-112 Declarations of No Opposition and Reply Brief from state court)

## D. NO RESPONSE TO FIRST AMENDED COMPLAINT IN STATE COURT

At the time of Removal from state court May 18, 2026, not one defendant filed a demurrer, motion to strike, answer, or a responsive pleading of any kind. Removal does not retroactively transform a federal Rule 12(b)(6) motion into a state-court responsive pleading.

SUPLEMENTAL TRO BRIEF - 3

Freedoms Notice of Removal Document 1 Page 2:

" 3. Plaintiffs served FAC by U.S. Mail on April 13, 2026,…received April 20, 2026"

" 4. As of the date (May 18, 2026) of this notice, Freedom has not filed an answer or otherwise responded to the FAC."

As of June 15, 2026, there is still no record on the state docket or federal docket of a responsive pleading to Plaintiffs FAC from any defendants. (See DOC 17 Pages 121-126, screenshot of the state docket)

Removal does not cure default, restart deadlines, or erase the state-court record.

## E. CORPUS JURIS SECUNDUM CONFIRMS THAT STATE-COURT DEFAULTS AND PROCEDURAL POSTURE FOLLOW THE CASE AFTER REMOVAL

Authoritative secondary sources reinforce this rule. Corpus Juris Secundum, Volume 7, §4( pp. 801-802) explains that: Upon removal, the federal court takes the case exactly as it stood in state court, inheriting the procedural posture, defaults, and failures to act that occurred prior to removal.

C.J.S further states that removal "does not vacate or nullify proceedings already had," and that federal court" continues the case from the point at which the state court left off,' including unopposed motions, pending hearings, and expired deadlines. Mirroring the principals of 28 USC § 1450, which provides that all prior proceedings "remain in full force and effect" after removal.

## F. FREEDOM'S OWN FILINGS CONTRADICT THE BASIS FOR REMOVAL

Freedom's Notice of Removal (Doc. 1) expressly states that removal was based on two alleged federal claims:

1.  26 USC § 7434, and

SUPLEMENTAL TRO BRIEF - 4

2. Violation of the Fair Debt Collection Practices Act, 15 USC § 1592

Freedoms Opposition to Plaintiffs Motion to Remand (Doc 31 Introduction) expressly states 26 USC § 7434 and a FDCPA claim appears on plaintiffs FAC.

However, in Freedoms' TRO Opposition (Doc. 32) Freedom now argues the exact opposite:

1. Freedom refers to the "FDCPA" cause of action as "Rosenthal ACT" also contradicting their Opposition to Remand (DOC 31). Freedom claims it's a "FDCPA" causes of action on the face of FAC not a "Rosenthal Act" conferring federal question jurisdiction. Plaintiffs rebuts this issue in their Supplemental Remand Brief (DOC 34)

2. "These claims fail as a matter of law" and "provide no injunctive relief."

3. Plaintiffs' § 7434 claim is "unlikely to succeed because the statue reaches only the willful filing of a fraudulent information return. This directly supports Plaintiff's Motion to Remand (DOC 17, Page 135) which undermines Freedom's jurisdictional basis.

A defendant cannot remove a case by asserting federal claims exist and then try to defeat a TRO by asserting those same federal claims fail. This contradicts Freedoms federal questions of removal becoming frivolous. (Steel Co. v. Citizens for a Better Environment)

**CONCLUSION**

Because Freedom now disavows the very federal claims it relied upon for removal and because removal was independently procedurally defective due to:

1. Freedom claims it obtained consent from LoanDepot and Affina in Freedoms federal court filings DOC 1 and DOC 31.

   a. LoanDepot is represented by Stinson LLP

   b. Freedom is represented by Hinshaw & Culbertson LLP

SUPLEMENTAL TRO BRIEF - 5

c. Affinia is represented by McCalla Raymer Leibert LLP and counsel was unavailable until May 26, 2026, see copy of automated email response from counsel on May 19, 2026. (DOC 17 Page 129)

No Defendant filed a joinder or written affirmative consent on record, as required by 28 USC §1446(b)(2)(A) and this case does not fall under the exception of SLUSA. See also Plaintiffs Supplemental Remand Brief Doc 34. Freedom removed without unanimous consent

2. Removal was untimely because Affinia was the last defendant served by personal service on April 20, 2026, through their Registered Agent CSC Corporation, 2710 Gateway Oaks Drive, STE 150N, Sacramento Ca 95833. As of June 15, 2026, affirmative consent still does not exist for any defendant, and each defendant has a 30 day timeline from the date they were served the FAC.

3. Freedom failed to attach the full state-court record see plaintiffs Motion to Remand (DOC 17 Page 7-8 Declaration of Jerry Wagner, and Supplement Remand Brief DOC 34), where plaintiffs identify and attached missing documents also included in plaintiffs judicial notice DOC 18.

Freedoms counsels removal was undertaken in bad faith warranting sanctions under 28 USC § 1447(c), their conduct is inconsistent with the ethical duties described in the Preamble to the ABA Model Rules of Professional Conduct, which emphasize that lawyers must act as officers of the court, must not abuse legal procedure, and must use legal processes only for legitimate purposes. The Preamble makes clear that lawyers have a duty to uphold the legal system and to avoid action that undermine the integrity of judicial proceedings. Freedom's tactical removal was designed to avoid imminent state-court ruling, delay adjudication, and relitigate issues it forfeited, violating judicial principles.

SUPLEMENTAL TRO BRIEF - 6

Plaintiffs have repeatedly documented the harm this action is causing, both in the state-court record and in this federal record. Plaintiffs respectfully request this Court's protection through a Temporary Restraining Order, preserving the status quo, while the court resolves the jurisdictional defects created by Freedom's removal, and reviews Plaintiffs Remand Motion.

## MEMORANDUM POINTS AND AUTHORITIES

California Maxims of Jurisprudence

1. "No one can take advantage of his own wrong"(Civ Code § 3517), which Freedom attempts to do by benefiting from its state-court defaults;

2. "The law helps the vigilant, before those who sleeps on the rights" (Civ Code § 3527), as Freedom slept on its rights by filing no opposition and no responsive pleading;

3. "He who seeks equity must do equity" and "He who comes into equity must come with clean hand," principles Freedom cannot satisfy given its procedural misconduct; and

4. "The law respects form less than substance" (Civ Code § 3528), which prevents Freedom from using procedural gamesmanship to avoid the consequences of its state-court defaults.

X _____   X _____
Jerry Wagner          Danny Wagner
Pro Se                Pro Se

SUPLEMENTAL TRO BRIEF - 7