Brian A. Paino (SBN 251243)
bpaino@hinshawlaw.com
Helen Mosothoane (SBN 254511)
hmosothoane@hinshawlaw.com
Zeeshan Iqbal (SBN 337990)
ziqbal@hinshawlaw.com
**HINSHAW & CULBERTSON LLP**
350 South Grand Ave., Suite 3600
Los Angeles, CA 90071-3476
Telephone: 213-680-2800
Facsimile: 213-614-7399

Attorneys for *Defendant* **FREEDOM MORTGAGE CORPORATION**

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JERRY WAGNER, DANNY WAGNER | Case No.: 1:26-cv-03848-JLT-CDB |
| Plaintiffs, | |
| v. | **DEFENDANT FREEDOM MORTGAGE CORPORATION'S RESPONSE TO PLAINTIFFS' SUPPLEMENTAL TRO BRIEF** |
| LOANDEPOT.COM, LLC; FREEDOM MORTGAGE CORPORATION; AFFINIA DEFAULT SERVICES LLC, DOES 1-50 | |
| Defendants. | |

*Defendant* Freedom Mortgage Corporation ("Freedom") respectfully submits this Response to Plaintiff's *Supplemental TRO Brief* [Doc. 37] (the "Supplemental Brief") filed by *Plaintiff* Jerry Wagner ("J. Wagner" or "Plaintiff").[1] This Response is supported by the points and authorities cited herein and the record currently before the Court.

**I.    INTRODUCTION**

Plaintiffs' Supplemental Brief does not alter the Winter analysis or cure Plaintiffs' failure to demonstrate entitlement to the extraordinary remedy of a preliminary injunction. The Supplemental Brief largely reargues removal and remand issues that are already fully briefed in connection with Plaintiffs' Motion to Remand [Doc. 17] and Freedom's opposition thereto [Doc. 31]. Those

---

[1] While this lawsuit was brought by both J. Wagner and Danny Wagner ("D. Wagner," and together with J. Wagner, the "Plaintiffs"), the Supplemental Brief reflects that it was filed on behalf of only J. Wagner.

**DEFENDANT FREEDOM MORTGAGE CORPORATION'S RESPONSE TO PLAINTIFFS'
SUPPLEMENTAL TRO BRIEF**

86160\330516940.v1

arguments are irrelevant to the preliminary injunction standard and do not establish any of the four Winter factors.

Plaintiffs' position is also internally inconsistent: they ask this Court to exercise its equitable authority to issue a preliminary injunction while simultaneously insisting that the Court lacks jurisdiction to consider the merits of the very claims on which that extraordinary relief depends. Plaintiff cannot invoke the Court's authority for injunctive relief and, in the same breath, disclaim the Court's authority to evaluate whether they have shown a likelihood of success on the merits.

Moreover, there is no urgency warranting emergency relief. The Court has already converted the TRO request into a request for a preliminary injunction. (Doc. 39.) No Notice of Trustee's Sale ("NTS") has been recorded, and Freedom's voluntary representation that it will not record or cause to be recorded an NTS through July 5, 2026, remains in full force. (Doc. 30.) No foreclosure sale can proceed absent recording and service of an NTS under California Civil Code § 2924(a)(3). The status quo is preserved, and there is no imminent harm.

## II.    ARGUMENT

### A.    THE SUPPLEMENTAL BRIEF IS LARGELY IRRELEVANT TO THE PRELIMINARY INJUNCTION STANDARD

The bulk of the Supplemental Brief addresses removal procedure, alleged state-court defaults, and jurisdictional questions, none of which bear on Plaintiffs' burden under *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7 (2008). To obtain a preliminary injunction, Plaintiffs must demonstrate: (1) a likelihood of success on the merits, (2) a likelihood of irreparable harm absent injunctive relief, (3) that the balance of equities tips in their favor, and (4) that the public interest favors injunctive relief. *Id.* at 20.

A pending motion to remand does not relieve a plaintiff of the obligation to satisfy this four-factor test. Whether or not the Court ultimately retains jurisdiction, the standard for injunctive relief remains the same. Plaintiffs devote the majority of the Supplemental Brief to arguments about removal timing, consent, and the state-court docket. All of these arguments belong in remand briefing and do not establish entitlement to an injunction or meaningfully engage with the arguments

**DEFENDANT FREEDOM MORTGAGE CORPORATION'S RESPONSE TO PLAINTIFFS' SUPPLEMENTAL TRO BRIEF**

86160\330516940.v1

presented in the Freedom's Opposition. The Court should disregard those arguments for purposes of the preliminary injunction analysis.

### B.    NO "STATE COURT DEFAULT" ENTITLES PLAINTIFF TO INJUNCTIVE RELIEF

Plaintiffs contend that Freedom failed to oppose the preliminary injunction motion in state court and that this constitutes a "procedural default" that follows the case into federal court. [Doc. 37 at 3]. This is factually incorrect and legally irrelevant. As an initial matter, Freedom *did* oppose the preliminary injunction motion in state court. Freedom filed an opposition on April 3, 2026, along with a supporting Request for Judicial Notice and Proposed Order. [Doc. 1 at pp. 143-183]. Freedom thereafter filed a Declaration in support on May 6, 2026, as expressly permitted by the Superior Court. [Doc. 1 at pp. 194–250]. Plaintiffs' assertion that "not one defendant filed an opposition" is contradicted by the state-court record, which Freedom attached to its Notice of Removal.

*Second*, even if there were a procedural irregularity in state court, that would not relieve Plaintiffs of their burden under *Winter*. In federal court, the movant bears the burden of demonstrating entitlement to injunctive relief regardless of the responding party's conduct in prior proceedings. *See Winter*, 555 U.S. at 20. A defendant's alleged silence in prior state court proceedings does not itself establish the merits of a plaintiff's claims. The burden of proof lies squarely with Plaintiffs as the moving party.

### C.    FREEDOM'S REMOVAL POSITION AND MERITS POSITION ARE NOT INCONSISTENT

Plaintiffs argue that Freedom contradicts itself by removing the case on the basis of federal claims while simultaneously arguing those claims fail on the merits. [Doc. 37 at 4–5]. There is no contradiction.

It is well established that a federal claim need not be meritorious to support federal-question jurisdiction. *See Oneida Indian Nation v. County of Oneida*, 414 U.S. 661, 666 (1974). The question of whether a federal claim appears on the face of the complaint is distinct from the question of whether that claim will ultimately succeed. *See Bell v. Hood*, 327 U.S. 678, 682–83 (1946) (jurisdiction is not defeated by the possibility that the averments in the complaint might fail to state a

**DEFENDANT FREEDOM MORTGAGE CORPORATION'S RESPONSE TO PLAINTIFFS' SUPPLEMENTAL TRO BRIEF**

86160\330516940.v1

cause of action); *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 89 (1998) (distinguishing jurisdiction from merits). As Freedom explained in its Opposition to the Motion to Remand [Doc. 31], Plaintiffs' FAC expressly invokes 26 U.S.C. § 7434 and the FDCPA, a federal statutes that confer federal-question jurisdiction so long as the claims are not "wholly insubstantial" or "obviously frivolous." *Id.*

Freedom can properly remove based on the existence of pleaded federal claims while simultaneously arguing, in opposition to a preliminary injunction, that Plaintiffs are unlikely to succeed on those claims. These are two separate legal inquiries (one jurisdictional and one merits-based) and the law does not require a removing defendant to concede the merits of the claims that confer jurisdiction.

## D.   <u>NO IMMINENT IRREPARABLE HARM EXISTS</u>

Plaintiffs' Supplemental Brief asserts that Freedom's 30-day pause "merely delays the next step in the foreclosure process" and that harm remains imminent. [Doc. 37 at 2]. This does not demonstrate irreparable harm warranting injunctive relief. The undisputed facts are: (1) no Notice of Sale ("NTS") has been recorded or noticed; (2) Freedom represented to the Court that it will not record or cause to be recorded an NTS through and including July 5, 2026 [Doc. 30]; and (3) no foreclosure sale can proceed absent recording and service of an NTS pursuant to California Civil Code § 2924(a)(3). There is no scheduled sale date and therefore is no imminent foreclosure.

Plaintiffs' generalized assertions of stress and concern about potential future harm do not constitute the type of "certain and great" irreparable injury required for a preliminary injunction. *See Tyson v. TD Servs. Co.*, 2016 U.S. Dist. LEXIS 102845, at *9, WL 4140905 (N.D. Cal. 2016) (citing *Nken v. Holder*, 556 U.S. 418, 433 (2009)). Moreover, the Loan has been in default since September 1, 2025, and Plaintiffs do not allege they have repaid it. The mere threat of future loss of a home where no sale has been scheduled, does not alone entitle a borrower in default to injunctive relief. *See id.*

The Court's conversion of the TRO to a preliminary injunction request, combined with Freedom's voluntary representation, has already preserved the status quo. Plaintiffs have identified

**DEFENDANT FREEDOM MORTGAGE CORPORATION'S RESPONSE TO PLAINTIFFS'
SUPPLEMENTAL TRO BRIEF**

86160\330516940.v1

no harm that will occur before July 5, 2026, when the Court will have had adequate time to resolve pending motions on the papers.

### E.    PLAINTIFF'S REMOVAL-RELATED ACCUSATIONS DO NOT SUPPORT A PRELIMINARY INJUNCTION

The Supplemental Brief's conclusion raises various removal-related accusations: lack of written consent/joinder; untimeliness; failure to attach the full state-court record; and alleged bad faith. [Doc. 37 at 5–7]. These arguments are fully addressed in Freedom's Opposition to the Motion to Remand [Doc. 31] and have no bearing on the preliminary injunction analysis. Freedom briefly notes the following:

*Consent.* Freedom's Notice of Removal expressly represented that it obtained consent from loanDepot and Affinia. [Doc. 1]. Ninth Circuit law does not require each defendant to file a separate consent document where the removing defendant represents consent in the notice. *See Proctor v. Vishay Intertechnology, Inc.*, 584 F.3d 1208, 1225 (9th Cir. 2009). Affinia filed a declaration of nonmonetary status under California Civil Code § 2924l and has no obligation to further participate.

*Timeliness.* The FAC was served by U.S. Mail on April 13, 2026 and received April 20, 2026. Freedom removed on May 18, 2026, within the 30-day window provided by 28 U.S.C. § 1446(b)(3).

*Attachments.* Any technical deficiency in removal attachments is procedural, curable, and does not divest subject-matter jurisdiction.

*Bad faith.* Removal within the statutory window following the filing of a complaint asserting new federal claims is not bad faith. There is no meet-and-confer requirement for removal.

Regardless, none of these issues entitle Plaintiffs to injunctive relief. They are remand arguments, and the proper vehicle for resolving them is the pending Motion to Remand—not a motion for preliminary injunction.

///

///

///

///

**DEFENDANT FREEDOM MORTGAGE CORPORATION'S RESPONSE TO PLAINTIFFS' SUPPLEMENTAL TRO BRIEF**

86160\330516940.v1

III.    **CONCLUSION**

For these reasons, Freedom asks this Court to deny Plaintiff's Motion.

Dated: June 23, 2026                     **HINSHAW & CULBERTSON LLP**


By: */s/ Zeeshan Iqbal*_____
        BRIAN A. PAINO
        HELEN MOSOTHOANE
        ZEESHAN IQBAL
Attorneys for *Defendant* **FREEDOM MORTGAGE CORPORATION**

**DEFENDANT FREEDOM MORTGAGE CORPORATION'S RESPONSE TO PLAINTIFFS' SUPPLEMENTAL TRO BRIEF**

86160\330516940.v1

## PROOF OF SERVICE

***Jerry Wagner, et al. v. LoanDepot.com, LLC, et al.***
**USDC, Eastern District of California Case No.: 1:26-cv-03848-JLT-CDB**

### STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am a citizen of the United States and employed in Los Angeles, California, at the office of a member of the bar of this Court at whose direction this service was made. I am over the age of 18 and not a party to the within actions; my business address is 350 South Grand Ave., Suite 3600, Los Angeles, CA 90071-3476. Email: crico@hinshawlaw.com

On **June 23, 2026**, I served the document(s) entitled: **DEFENDANT FREEDOM MORTGAGE CORPORATION'S RESPONSE TO PLAINTIFFS' SUPPLEMENTAL TRO BRIEF** on the interested parties in this action by placing true copies thereof enclosed in a sealed envelope(s) addressed as stated below:

### SEE ATTACHED SERVICE LIST

☒ **(BY MAIL):**    I deposited such envelope in the mail at Los Angeles, California with postage fully prepaid. I am readily familiar with this firm's practice of collection and processing correspondence for mailing. Under that practice it would be placed for collection and mailing, and deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

☐ **(VIA OVERNIGHT MAIL):**    I am "readily familiar" with the firm's practice of collection and processing correspondence for overnight delivery. Under that practice it would be deposited in a box or other facility regularly maintained by the express service carrier, or delivered to an authorized courier or driver authorized by the express service carrier to receive documents, in an envelope or package designated by the express service carrier with delivery fees paid or provided for, addressed to the person on whom it is to be served, at the office address as last given by that person on any document filed in the cause and served on the party making service; otherwise at that party's place of residence.

☒ **(BY ELECTRONIC MAIL):**    By transmitting a true copy thereof to the electronic mail addresses as indicated below.

☒ **(BY CM/ECF SERVICE):**    I caused such document(s) to be delivered electronically via CM/ECF as noted herein.

☐ **(BY HAND DELIVERY):** I caused to be delivered by hand each sealed envelope to the addressee(s) mentioned in the attached service/mailing list.

I declare under penalty of perjury under the laws of the United States that the above is true and correct and was executed on **June 23, 2026**, at Anaheim, California.

_____
Carolina Rico

**HINSHAW & CULBERTSON LLP**
350 South Grand Ave., Suite 3600
Los Angeles, CA 90071-3476
213-680-2800

1
PROOF OF SERVICE

<u>SERVICE LIST</u>

*Jerry Wagner, et al. v. LoanDepot.com, LLC, et al.*
**USDC Eastern District of California Case No.: 1:26-cv-03848-JLT-CDB**

| | |
|---|---|
| Jerry Wagner | *Plaintiff*, **IN PRO PER** |
| 3517 Beyers St. | |
| Bakersfield, CA 93312 | |
| Tel.: (661) 371-5984 | |
| Email: <u>wagnerjerry82@gmail.com</u> | |

*(Via Email and U.S. Mail)*

| | |
|---|---|
| Danny Wagner | *Plaintiff*, **IN PRO PER** |
| 3517 Beyers St. | |
| Bakersfield, CA 93312 | |
| Tel.: (661) 371-5984 | |
| Email: <u>wagnerjerry82@gmail.com</u> | |

*(Via Email and U.S. Mail)*

| | |
|---|---|
| Lauren W. Coe, Esq. | Attorneys for *Defendant* |
| Sara Shahbazi, Esq. | **LOANDEPOT.COM, LLC** |
| STINSON LLP | |
| 19100 Von Karman Ave., Suite 700 | |
| Irvine, CA 92612 | |
| Tel.: (949) 442-7110 | |
| Email: <u>loren.coe@stinson.com</u> | |
|       <u>sara.shahbazi@stinson.com</u> | |

*(Via ECF)*

**HINSHAW & CULBERTSON** LLP
350 South Grand Ave., Suite 3600
Los Angeles, CA 90071-3476
213-680-2800

2
PROOF OF SERVICE

86160\329819530.v1