UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY WAGNER, *et al.*, | Case No. 1:26-cv-03848-JLT-CDB |
| Plaintiffs, | FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFFS' MOTION TO REMAND |
| v. | |
| LOANDEPOT.COM, LLC, *et al.*, | (Doc. 17) |
| Defendants. | **14-DAY OBJECTION PERIOD** |

Pending before the undersigned[1] is the motion of Plaintiffs Jerry Wagner and Danny Wagner ("Plaintiffs") to remand this action to state court and request for judicial notice in support thereof, filed on May 26, 2026. (Docs. 17, 18). On June 9, 2026, Defendant Freedom Mortgage Corporation ("Freedom" or "Defendant") filed an opposition to the motion. (Doc. 31). On June 12, 2026, Plaintiffs filed a construed reply brief in further support of the motion. (Doc. 34). The undersigned deems the motion suitable for the preparation of findings and recommendations without hearing and oral argument. *See* Local Rule 230(g). For the reasons set forth below, the undersigned will recommend Plaintiffs' motion to remand be denied.

I.      **Relevant Background**[2]

A.      **Procedural History**

Plaintiffs, proceeding pro se, initiated this action with the filing of a complaint in state court on February 24, 2026, and the operative first amended complaint ("FAC") on April 13, 2026,

---

[1] On May 29, 2026, the presiding district judge referred the pending motion to remand to the undersigned for the preparation of findings and recommendations. (Doc. 26).

[2] References to filings herein are to the CM/ECF-assigned page number.

against Defendants LoanDepot.com, LLC ("LoanDepot"), Freedom, and Affinia Default Services LLC ("Affinia") before Freedom removed the action to this Court on May 18, 2026. (Doc. 1). On May 26, 2026, Freedom filed a motion to dismiss and a request for judicial notice in support thereof. (Docs. 5, 6). That same day, LoanDepot filed a separate motion to dismiss and a request for judicial notice in support thereof. (Docs. 7, 8).[3]

On May 29, 2026, Plaintiff filed a motion for temporary restraining order and for preliminary injunction ("TRO"). (Doc. 27). Following the Court's review of the TRO motion, which highlights that a preliminary injunction motion was scheduled to be heard in state court shortly before the matter was removed to this Court, the Court ordered Freedom to submit a brief status report articulating the anticipated timing of any further steps in the foreclosure process. (Doc. 28). Alternatively, Freedom was permitted to indicate that it consents to suspend any material foreclosure activities until the Court is able to resolve the pending motions to dismiss/remand. *Id.* On June 5, 2026, Freedom filed a status report, representing that it will not record or cause to be recorded a Notice of Trustee's Sale with respect to the subject property through and including July 5, 2026, and that such voluntary representation would eliminate any urgency that might otherwise warrant emergency treatment of Plaintiffs' request for injunctive relief. (Doc. 30 ¶¶ 2, 3). Freedom filed an opposition to the TRO motion and a request for judicial notice in support thereof on June 12, 2026. (Docs. 32, 33). Plaintiffs filed a supplemental TRO brief on June 16, 2026. (Doc. 37).

**B.   Plaintiffs' FAC[4]**

In the FAC, Plaintiffs allege that they own, are domiciled, and hold a beneficial interest in the subject Property located at 3517 Beyers Street, Bakersfield, California 93312 (the "Property"). (Doc. 1-1 at 37). Plaintiffs allege that Defendants failed to maintain accurate loan records, misapplied payments, issued contradictory statements, and recorded instruments without verifying reliable evidence. *Id.* at 38. Plaintiffs allege that they relied on Defendants' representations and

---

[3] The pending motions to dismiss (Docs. 5, 7) will be addressed in forthcoming findings and recommendations following the presiding district judge's referral of the motions to the undersigned for action. (Doc. 11).

[4] The factual background is derived from allegations in the FAC and information contained in the parties' motion briefing. *See* (Docs. 1, 17, 31, 34).

communications regarding the status of the loan amount owed, the identity of the beneficiary, and the validity of foreclosure documents. *Id.* Plaintiffs allege that although Affinia was substituted as trustee the day before a notice of default issued, the substitution of trustee was executed by Freedom, who "had no recorded beneficial interest in the Deed of Trust and no authority to substitute a trustee under Civil Code § 2934a." *Id.* Plaintiffs assert that because Freedom was not the beneficiary of record, the substitution of trustee is void and Affinia lacked authority to record or act upon the notice of default. *Id.* Plaintiffs allege they "are suffering harm including clouded title, threatened with loss of home/property rights from [Defendants'] unlawful actions with eminent [f]oreclosure, emotional distress, and legal expenses." *Id.*

Plaintiffs assert 13 causes of action in the FAC, including for: (1) violation of the Homeowner Bill of Rights ("HBOR"); (2) violation of Cal. Civ. Code § 2924.17 use of false, inaccurate, and unreliable foreclosure documents; (3) breach of contract; (4) breach of implied covenant of good faith and fair dealing; (5) violation of the Rosenthal Act/Fair Debt Collection Practices Act ("FDCPA"); (6) negligence; (7) negligent misrepresentation; (8) constructive fraud; (9) unfair competition in violation of Cal. Bus. & Prof. Code § 17200; (10) declaratory relief; (11) quiet title under Code Civ. Proc. § 760.010 *et seq.*; (12) violation of 26 U.S.C. § 7434 for filing false information returns; and (13) injunctive relief. *See id.* at 42-54.

In the prayer for relief, Plaintiffs seek damages according to proof, restitution, injunctive relief, cancellation of instruments, quiet title, attorney fees, and costs. *Id.* at 54-55.

### C.    Notice of Removal

In the notice of removal, Freedom asserts that this action was removable from state court on the basis of federal question jurisdiction arising from Plaintiffs' FAC asserting a cause of action under 26 U.S.C. § 7434 and incorporating claims under the FCDPA (15 U.S.C. § 1692, *et seq.*). (Doc. 1 at 2 ¶ 2); *see id.* ¶ 14. Freedom further asserts the notice of removal is timely because it was filed within 30 days of its receipt of the FAC under Federal Rule of Civil Procedure 6(a). *Id.* ¶ 3. Freedom asserts that to the extent the FAC asserts state law claims, this Court has supplemental jurisdiction over those claims. *Id.* ¶ 15.

///

3

## II.     Governing Authority

Federal courts are courts of limited jurisdiction and may hear only those cases authorized by federal law. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Jurisdiction is a threshold inquiry, and "[f]ederal courts are presumed to lack jurisdiction, 'unless the contrary appears affirmatively from the record.'" *Casey v. Lewis*, 4 F.3d 1516, 1519 (9th Cir. 1993) (quoting *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 546 (1986)). A federal court's jurisdiction may be established in one of two ways: actions arising under federal law or those between citizens of different states in which the alleged damages exceed $75,000. 28 U.S.C. §§ 1331, 1332. "Subject-matter jurisdiction can never be waived or forfeited," and "courts are obligated to consider *sua sponte*" subject matter jurisdiction even when not raised by the parties. *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012).

Under 28 U.S.C. § 1441(a), a civil action may be removed to the district court where the action is pending if the district court has original jurisdiction over the action. Under 28 U.S.C. § 1332, a district court has original jurisdiction of a civil action where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and the dispute is between "citizens of different states." 28 U.S.C. § 1332. A district court also has original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States[,]" known as federal question jurisdiction. 28 U.S.C. § 1331; *Badgerow v. Walters*, 592 U.S. 1, 7-8 (2022).

Removal statutes are "strictly construe[d] against removal." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* Thus, the removing party bears the burden of establishing original jurisdiction in the district court and "any doubt about the right of removal requires resolution in favor of remand." *Corral v. Select Portfolio Servicing Inc.*, 878 F.3d 770, 773 (9th Cir. 2017) (citing *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009)); *see Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) ("the court resolves all ambiguity in favor of remand to state court.") (citing *Gaus*, 980 F.2d at 566).

## III.     Parties' Contentions

Plaintiffs move to remand, asserting removal was improper on various grounds, including

that not all Defendants timely and properly consented to removal, the notice of removal was procedurally defective, the Court lacks subject matter jurisdiction, and the removal was undertaken in bad faith. (Doc. 17 at 2). Plaintiffs support their motion by way of a declaration of Plaintiff Jerry Wagner and by attaching various documents, including copies of the FAC, service documents, and filings from the state court proceedings. *Id.* at 4-10; *see generally id.* Plaintiffs assert that remand is proper because the Court lacks subject matter jurisdiction as the FAC's claim under 26 U.S.C. § 7434 "cannot create federal question jurisdiction because IRS 1098 Form is not an 'information return' reporting payments made to the taxpayer, and therefore cannot satisfy" the elements to state a claim. *Id.* at 135-36 ("With no viable federal claim on the face of the complaint, removal under [§ 1331] was improper and remand is mandatory."). Plaintiffs request fees under 28 U.S.C. § 1447(c) because "removal lacked an objectively reasonable basis" given the invalid § 7434 claim and the defective notice of removal. *Id.* at 139.

Freedom opposes the motion to remand, contending that the FAC's federal claims—for filing false information returns under 26 U.S.C. § 7434 and for violations of the FDCPA—confer federal question jurisdiction on this Court, removal is timely, Freedom obtained consent to its removal from all co-Defendants, and attached all pleadings and orders served upon it. (Doc. 31 at 1-2). Freedom asserts that any alleged technical defects in the attachments to the notice of removal does not divest the court of subject matter jurisdiction and may be cured by supplemental filings. *Id.* at 5. Freedom argues that Plaintiffs' invocation of the forum-defendant rule is inapplicable because this case was removed on federal question jurisdiction, not on diversity grounds. *Id.* at 5-6 (citing *Lively v. Wild Oats Markets, Inc.*, 456 F.3d 933, 940 (9th Cir. 2006)). Freedom contends that removal was not in bad faith as removal was timely and Plaintiffs cite no authority requiring it to delay removal until after pending hearings in state court. *Id.* at 6. Freedom asserts removal was objectively reasonable given the FAC asserts a claim pursuant to 26 U.S.C. § 7434 and the FDCPA such that Plaintiffs' request for fees and costs under § 1447(c) is not warranted. *Id.* at 7.

In reply, Plaintiffs clarify they do not intend to litigate the merits of the FAC. (Doc. 34 at 1). Plaintiffs contend that no written consent from the co-defendants exist despite Freedom's contention it "obtained consent" from LoanDepot and Affinia. *Id.* at 2.

5

**IV.    Plaintiffs' Unopposed Request for Judicial Notice**

Plaintiffs request the Court take judicial notice of documents filed in the state court proceeding before this action was removed and other "public record" documents including screenshots of the state court docket, of an automated email from Affinia, and of Affinia's declaration.  (Doc. 18 at 1); (Doc. 29 at 1-3).  Freedom did not file any opposition to the request for judicial notice.  *See dkt.*

A court may take judicial notice of facts "not subject to reasonable dispute" because they are either "(1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201.  A court may take judicial notice of "documents on file in federal and state courts."  *Harris v. Cnty. of Orange*, 682 F.3d 1126, 1131-32 (9th Cir. 2012); *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).  And a court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue."  *U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.,* 971 F.2d 244, 248 (9th Cir. 1992) (citation omitted).  While a court may take judicial notice of the existence of state court pleadings as filed court records, it does not take notice of the truth of the documents' contents.  *Lutge v. Harrington*, No. 23-15057, 2024 WL 654915, at *3 (9th Cir. Feb. 16, 2024) (citing *Harris*, 682 F.3d at 1132).

Here, the undersigned finds Plaintiffs' requests for judicial notice appropriate as to their proffer of state court filings attached to the request for judicial notice.  *See* (Doc. 29 at 2).  These exhibits each comply with Rule 201 of the Federal Rules of Evidence and the Ninth Circuit's holdings  in *Harris* and *U.S.  ex  rel.  Robinson  Rancheria  Citizens  Council  v.  Borneo,  Inc*.  Specifically, the undersigned takes judicial notice of these state court filings from the state court action (Case No. 27CUB00705) before it was removed to this Court.  (Doc. 1 at 2 ¶ 1).

**V.    Discussion**

    **A.    Federal Question Jurisdiction Exists**

        1.    Governing Authority

The "presence or absence of federal question jurisdiction is governed by the 'well-pleaded

6

complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 386 (1987); *Nelson v. Foster Poultry Farms*, 706 F. Supp. 3d 1007, 1015 (E.D. Cal. 2023) ("Determination of federal question jurisdiction 'is governed by the 'well-pleaded complaint rule[.]'"). A plaintiff's complaint must establish "either that (1) federal law creates the cause of action or that (2) plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Williston Basin Interstate Pipeline Co. v. An Exclusive Gas Storage Leasehold & Easement*, 524 F.3d 1090, 1100 (9th Cir. 2008). The well-pleaded complaint rule "makes a plaintiff the master of his complaint: it allows him to avoid federal jurisdiction by relying exclusively on state law." *Balcorta v. Twentieth Century-Fox Film Corp.*, 208 F.3d 1102, 1107 (9th Cir. 2000); *Caterpillar*, 482 U.S. at 399 ("[T]he plaintiff may, by eschewing claims based on federal law, choose to have the cause heard in state court[.]"). The existence of federal question jurisdiction is determined by the complaint at the time of removal. *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1065 (9th Cir. 1979); *Williams v. Costco Wholesale Corp.*, 471 F.3d 975, 976 (9th Cir. 2006) ("We have long held that post-removal amendments to the pleadings cannot affect whether a case is removable, because the propriety of removal is determined solely on the basis of the pleadings filed in state court.").

2.    <u>Analysis</u>

Freedom removed to this Court based on federal question jurisdiction. (Doc. 1 at 3 ¶ 14). In their notice of removal, Freedom argues Plaintiffs' FAC asserts causes of action for violation of 26 U.S.C. § 7434 and violation of the FDCPA. *Id.*; *see* (Doc. 1-1 at 36, 46-47, 52-53). Plaintiffs' twelfth claim in the FAC for violation of 26 U.S.C. § 7434 for filing false information returns establishes that "federal law creates the cause of action[.]" *Williston*, 524 F.3d at 1100. Plaintiffs' FAC alleges in support of the claim that they suffered as a direct result from Freedom's false IRS filings, which they assert "are prohibited under [] § 7434." (Doc. 1-1 at 52).

Because this cause of action is an appropriate ground for federal question jurisdiction at the time of removal, the undersigned finds that the Court has subject matter jurisdiction over this action. *Caterpillar*, 482 U.S. at 386. Plaintiffs' attempt to cast its claim under § 7434 as a "legally

7

impossible" federal claim in arguing that a claim under § 7434 cannot be satisfied because a Form 1098 "is not an information return within the meaning of § 7434" (Doc. 17 at 136-137) is unconvincing for purposes of the undersigned's determination of federal question jurisdiction at the time of removal. *Libhart*, 592 F.2d at 1065. Because Plaintiffs are the master of their complaint and elected to add the claim to their FAC when they amended their original complaint in state court, Plaintiffs invocation of a federal statute as a basis for relief availed themselves to the Court's subject matter jurisdiction, including for the adjudication of the merits of their federal claim in federal district court. *See Williston*, 524 F.3d at 1094 ("As a general rule, when '[t]he question of jurisdiction and the merits of [the] action are intertwined,' dismissal or lack of jurisdiction is improper.") (citing *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004)). Indeed, the undersigned finds here "an intertwining of jurisdiction and merits" as the issue of whether Plaintiffs may ultimately prevail on their right to recovery under their § 7434 claim "rests upon the interpretation of a federal statute that provides both the basis for the court's subject matter jurisdiction and the [Plaintiffs'] claim for relief." *Id.*

Therefore, insofar as Plaintiffs seek to remand on the basis of lack of subject matter jurisdiction, the undersigned will recommend Plaintiffs' motion to remand be denied on this basis.

**B.      Defendant Freedom's Notice of Removal is Not Procedurally Defective**

Separately, the undersigned finds that Freedom's removal is not procedurally defective. First, the undersigned finds no issue of consent in the notice of removal. Under § 1446, "all defendants who have been properly joined and served in the action must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A); *see Destfino v. Reiswig*, 630 F.3d 952, 956 (9th Cir. 2011). The Ninth Circuit follows the approach adopted by the Sixth Circuit in requiring "only that 'at least one attorney of record' sign the notice [of removal] and certify that the remaining defendants consent to removal; it does not insist that each defendant submit a written notice of such consent." *Proctor v. Vishay Intertechnology Inc.*, 584 F.3d 1208, 1224-25 (9th Cir. 2009) (quoting *Harper v. AutoAlliance Int'l, Inc.*, 392 F.3d 195, 201-06 (6th Cir. 2004); *cf. id.* at 1224 ("In contrast, the Fifth, Seventh, and Eighth Circuits have adopted the more demanding requirement that each co-defendant must submit a timely, written notice of consent to joinder.") (citations omitted).

Specifically, "the filing of a notice of removal can be effective without individual consent documents on behalf of each defendant" and "[o]ne defendant's timely removal notice containing an averment of the other defendants consent and signed by an attorney of record is sufficient." *Id.* at 1225. Freedom's notice of removal asserts that it "has obtained consent to this removal" from Defendants LoanDepot and Affinia in accordance with 28 U.S.C. § 1446(b)(2)(A). (Doc. 1 ¶ 11). Therefore, the undersigned does not find any issue as to the consent and joinder of Defendants in Freedom's notice of removal.

Second, Plaintiffs contend that remand is warranted because Freedom's notice of removal is defective for failure to attach all state-court filings as required by 28 U.S.C. § 1446(a) – specifically, the last three notices filed in the state court, which are identified in Exhibit 16 to Plaintiffs' request for judicial notice and include screenshots of the state court docket. (Doc. 34 at 2); *see* (Doc. 29 at 115). This argument fails.

Under 28 U.S.C. § 1446(a), "[a] defendant desiring to remove any civil action from a State court shall file ... a notice of removal ... containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1446(a). Where a defendant's notice of removal fails to attach state court filings and pleadings as required under § 1446(a), the Ninth Circuit finds "this *de minimis* procedural defect [is] curable" and does not warrant remand "even after expiration of the thirty-day removal period." *See Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1142 (9th Cir. 2013) (quotations and citations omitted).

Freedom's notice of removal appears to include all relevant process, pleadings, and orders served in the state court action, and its omission of screenshots of the state court docket does not render its notice of removal deficient under § 1446(a).

The undersigned finds Plaintiffs' remaining arguments without merit. Plaintiffs' argument against remand premised on the forum-defendant rule, invoked in matters involving actions removed on the basis of diversity jurisdiction, is inapplicable here as Freedom's notice of removal is based solely on federal question jurisdiction. *See* 28 U.S.C. § 1441(b)(2); *Lively v. Wild Oats Mkts., Inc.*, 456 F.3d 933, 939 (9th Cir. 2006) (explaining that the forum-defendant rule "confines

removal on the basis of diversity jurisdiction to instances where no defendant is a citizen of the forum state"). Separately, Plaintiffs fail to show any bad faith on the part of Freedom simply because Freedom filed its notice of removal two days before a scheduled preliminary injunction hearing in the state court action. Under § 1446(b), "a defendant sued in state court must file a notice of removal 'within thirty days after receipt by the defendant ... of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.'" *Proctor*, 584 F.2d at 1223; *see* 28 U.S.C. § 1446(b). Freedom's notice of removal was filed on May 18, 2026. (Doc. 1). Plaintiffs' FAC, which added a federal claim sufficient to establish federal question jurisdiction, was filed on April 13, 2026, and received by Freedom on April 20, 2026. *Id.* ¶ 3. Therefore, Freedom's notice was timely filed, and Plaintiffs cannot show bad faith simply based on the allegation that the removal was in close proximity to a pending state court proceeding.

In sum, Plaintiffs fail to show any procedural defect in Freedom's notice of removal sufficient to warrant remand and fail to show their entitlement to fees and costs under § 1447(c). Therefore, the undersigned will recommend Plaintiffs' motion to remand be denied.

**IV.    Conclusion and Recommendation**

Accordingly, it is HEREBY RECOMMENDED that Plaintiffs' motion to remand (Doc. 17) be DENIED.

These Findings and Recommendations will be submitted to the U.S. District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 14 days** after being served with a copy of these Findings and Recommendations, any party may file written objections with the Court. Local Rule 304(b). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and **shall not exceed 15 pages** without leave of Court and good cause shown. The Court will not consider exhibits attached to the Objections.

To the extent any party wishes to refer to any exhibit(s), that party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the 15-page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28

U.S.C. § 636(b)(l)(C).  A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:   **June 25, 2026**

_____
UNITED STATES MAGISTRATE JUDGE