UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY WAGNER, *et al.*,<br><br>    Plaintiffs,<br><br>  v.<br><br>LOANDEPOT.COM, LLC, *et al.*,<br><br>    Defendants. | Case No. 1:26-cv-03848-JLT-CDB<br><br>FINDINGS AND RECOMMENDATIONS TO GRANT DEFENDANT FREEDOM MORTGAGE CORPORATION'S MOTION TO DISMISS AND TO GRANT DEFENDANT LOANDEPOT.COM, LLC'S MOTION TO DISMISS WITH LEAVE TO AMEND<br><br>(Docs. 5, 7)<br><br>**14-DAY OBJECTION PERIOD** |

Pending before the undersigned[1] is (1) the motion of Defendant Freedom Mortgage Corporation ("Freedom") to dismiss the first amended complaint ("FAC") of Plaintiffs Jerry Wagner and Danny Wagner ("Plaintiffs") and request for judicial notice in support thereof, filed on May 26, 2026, and (2) the motion of Defendant LoanDepot.com, LLC ("LoanDepot") to dismiss the FAC and request for judicial notice in support thereof, filed on the same day. (Docs. 5-8). Plaintiffs' failure to respond to either motion is construed as non-oppositions to the motions. *See* Local Rule 230(c). The undersigned deems the motions suitable for the preparation of findings and recommendations without hearing and oral argument. *See* Local Rule 230(g). For the reasons set forth below, the undersigned will recommend the motions to dismiss the FAC of Freedom and LoanDepot ("Defendants") be granted with leave to amend.

///

///

---

[1] On May 27, 2026, the presiding district judge referred the pending motions to dismiss to the undersigned for the preparation of findings and recommendations and vacated the hearing on the motions. (Doc. 11).

## I.  Relevant Background[2]

### A.  Procedural History

Plaintiffs, proceeding pro se, initiated this action with the filing of a complaint in state court on February 24, 2026, and the operative first amended complaint ("FAC") on April 13, 2026, against Defendants LoanDepot.com, LLC ("LoanDepot"), Freedom, and Affinia Default Services LLC ("Affinia") before Freedom removed the action to this Court on May 18, 2026.  (Doc. 1).  On May 26, 2026, Plaintiffs filed a motion to remand and request for judicial notice in support thereof. (Docs. 17, 18, 29).  After the motion to remand was fully briefed  (*see* Docs. 31, 34), the presiding district judge referred it to the undersigned for action (Doc. 26) and the undersigned thereafter issued findings and recommendations to deny the motion to remand.  (Doc. 41).

On May 29, 2026, Plaintiff filed a motion for temporary restraining order and for preliminary injunction ("TRO").  (Doc. 27).  Following the Court's review of the TRO motion, which highlights that a preliminary injunction motion was scheduled to be heard in state court shortly before the matter was removed to this Court, the Court ordered Freedom to submit a brief status report articulating the anticipated timing of any further steps in the foreclosure process.  (Doc. 28).  Alternatively, Freedom was permitted to indicate that it consents to suspend any material foreclosure activities until the Court is able to resolve the pending motions to dismiss/remand.  *Id.* On June 5, 2026, Freedom filed a status report, representing that it will not record or cause to be recorded a Notice of Trustee's Sale with respect to the subject property through and including July 5, 2026, and that such voluntary representation would eliminate any urgency that might otherwise warrant emergency treatment of Plaintiffs' request for injunctive relief.  (Doc. 30 ¶¶ 2, 3).  Freedom filed an opposition to the TRO motion and a request for judicial notice in support thereof on June 12, 2026.  (Docs. 32, 33).  Plaintiffs filed a supplemental TRO brief on June 16, 2026.  (Doc. 37).

///

///

///

///

---

[2] References to filings herein are to the CM/ECF-assigned page number.

**B.      Plaintiffs' FAC**[3]

In the FAC, Plaintiffs allege that they own, are domiciled, and hold a beneficial interest in certain property located at 3517 Beyers Street, Bakersfield, California 93312 (the "Property"). (Doc. 1-1 at 37).   Plaintiffs allege that Defendants failed to maintain accurate loan records, misapplied payments, issued contradictory statements, and recorded instruments without verifying reliable evidence. *Id.* at 38.  Plaintiffs allege that they relied on Defendants' representations and communications regarding the status of the loan amount owed, the identity of the beneficiary, and the validity of foreclosure documents.  *Id.*  Plaintiffs allege that although Affinia was substituted as trustee the day before a notice of default issued, the substitution of trustee was executed by Freedom, who "had no recorded beneficial interest in the Deed of Trust and no authority to substitute a trustee under Civil Code § 2934a."  *Id.*  Plaintiffs assert that because Freedom was not the beneficiary of record, the substitution of trustee is void and Affinia lacked authority to record or act upon the notice of default.  *Id.*  Plaintiffs allege they "are suffering harm including clouded title, threatened with loss of home/property rights from [Defendants'] unlawful actions with eminent [f]oreclosure, emotional distress, and legal expenses."  *Id.*

Plaintiffs assert 13 causes of action in the FAC, including for: (1) violation of the Homeowner Bill of Rights ("HBOR"); (2) violation of Cal. Civ. Code § 2924.17 use of false, inaccurate, and unreliable foreclosure documents; (3) breach of contract; (4) breach of implied covenant of good faith and fair dealing; (5) violation of the Rosenthal Act/Fair Debt Collection Practices Act ("FDCPA"); (6) negligence; (7) negligent misrepresentation; (8) constructive fraud; (9) unfair competition in violation of Cal. Bus. & Prof. Code § 17200; (10) declaratory relief; (11) quiet title under Code Civ. Proc. § 760.010 *et seq.*; (12) violation of 26 U.S.C. § 7434 for filing false information returns; and (13) injunctive relief.  *See id.* at 42-54.

In the prayer for relief, Plaintiffs seek damages according to proof, restitution, injunctive relief, cancellation of instruments, quiet title, attorney fees, and costs.  *Id.* at 54-55.

///

---

[3] The factual background is derived from allegations in the FAC relevant and material to the instant motion and as raised in the parties' briefing. *See* (Docs. 1, 17, 31, 34).

## C.     Notice of Removal

In the notice of removal, Freedom asserts that this action was removable from state court on the basis of federal question jurisdiction given that Plaintiffs' FAC asserts a cause of action under 26 U.S.C. § 7434 and incorporating claims under the FCDPA (15 U.S.C. § 1692, *et seq.*). (Doc. 1 at 2 ¶ 2); *see id.* ¶ 14. Freedom further asserts the notice of removal is timely because it was filed within 30 days of its receipt of the FAC under Federal Rule of Civil Procedure 6(a). *Id.* ¶ 3. Freedom asserts that to the extent the FAC asserts state law claims, this Court has supplemental jurisdiction over those claims. *Id.* ¶ 15.

## II.     Governing Authority

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests a complaint's sufficiency and asks a court to dismiss a plaintiff's complaint for failing "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6); *N. Star Int'l v. Ariz. Corp. Comm'n.*, 720 F.2d 578, 581 (9th Cir. 1983) (citing *Peck v. Hoff*, 660 F.2d 371, 374 (8th Cir. 1981)). A complaint may be dismissed as a matter of law either for lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) (citing *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533-34 (9th Cir. 1984)).

To survive a motion to dismiss under Rule 12(b)(6), a complaint must provide sufficient factual matter to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see* Fed. R. Civ. P. 8(a)(2) (a complaint must contain a short and plain statement of the claim showing that the pleader is entitled to relief). A complaint satisfies the plausibility requirement if it contains sufficient facts for the court to "draw [a] reasonable inference that the defendant is liable for the misconduct alleged." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

When considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court must accept as true all factual allegations put forth in the complaint and construe all facts and inferences in favor of the non-moving party. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted); *Hebbe v. Pliler*, 627 F.3d 338, 340 (9th Cir. 2010). The complaint need not include

4

"detailed factual allegations," but must include "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citations omitted). The Court is "not 'required to accept as true allegations that contradict exhibits attached to the Complaint or matters properly subject to judicial notice, or allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences.'" *Seven Arts Filmed Entm't, Ltd. v. Content Media Corp. PLC*, 733 F.3d 1251, 1254 (9th Cir. 2013) (quoting *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010)).

Leave to amend should be freely granted "unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000); *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986); Fed. R. Civ. P. 15(a).

Finally, courts must construe pro se pleadings liberally and hold such pleadings to a less stringent standard than those drafted by attorneys. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *see Hughes v. Rowe*, 449 U.S. 5, 9 (1980) ("It is settled law that the allegations of [a pro se litigant's complaint] 'however inartfully pleaded' are held 'to less stringent standards than formal pleadings drafted by lawyers . . .'" (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972))). A court should dismiss a pro se complaint if "it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012).

### III.   Parties' Contentions

As noted above, Plaintiffs' failure to file any response to the pending motions to dismiss is construed as a non-opposition to the motions. Local Rule 230(c).

#### A.   Defendant Freedom's Motion to Dismiss the FAC

Freedom moves to dismiss the FAC with prejudice on the ground that it fails to state a claim against Freedom upon which relief can be granted. (Doc. 5 at 2). Freedom asserts that none of the claims asserted against Freedom is supported by sufficient factual allegations to survive a motion to dismiss. *Id*. at 11. For example, Freedom argues that while Plaintiffs "purport to state a claim for violation of 26 U.S.C. § 7434, they allege no facts to plausibly establish that Freedom violated

this statute." *Id.*; *see id.* at 28-29.

**B.    Defendant LoanDepot's Motion to Dismiss the FAC**

LoanDepot separately moves to dismiss the FAC on grounds that each cause of action fails to state a claim against LoanDepot upon which relief may be granted under Federal Rule of Civil Procedure 12(b)(6).  (Doc. 7 at 2).  LoanDepot argues that this case has "nothing to do" with LoanDepot because it no longer services the Loan it issued to Plaintiffs in April 2020 following its transfer of servicing of the Loan to Freedom in October 2024, and the assignment of the beneficial interest in the Deed of Trust to Freedom in June 2025.  *Id.* at 8 ("[L]oanDepot no longer services the loan, holds no interest in the note or deed of trust, and claims no interest in the property.").  LoanDepot contends that every cause of action in the FAC fails as to LoanDepot "because Plaintiffs cannot connect [it] to the challenged conduct" such that the Court should dismiss the FAC with prejudice as to LoanDepot.  *Id.*  As to Plaintiffs' 26 U.S.C. § 7434 claim, LoanDepot asserts the FAC fails to state a claim against LoanDepot because it fails to establish fraud, deceit, or bad faith, and does not otherwise allege any causation or damages.  *Id.* at 16-17.

**IV.    Defendants' Unopposed Requests for Judicial Notice**

Freedom requests the Court take judicial notice of public records filed with the County of Kern at issue in this case, including the Deed of Trust, the Corporate Assignment of Deed of Trust, the Substitution of Trustee, and the Notice of Default and Election to Sell Under Deed of Trust. (Doc. 6 at 1-2); *see* (Docs. 6-1, 6-2, 6-3, 6-4).  Freedom contends the Court may take judicial notice of these documents because they are referenced in Plaintiffs' FAC, are central to Plaintiffs' claims, are matters of public record, and/or are filings from other judicial proceedings.  *Id.* at 2.  LoanDepot separately requests the Court take judicial notice of the same public records as proposed in Freedom's request for judicial notice.  (Doc. 8 at 1-2); *see* (Doc. 8-1, 8-2, 8-3, 8-4).  LoanDepot also contends the Court may take judicial notice of these documents as matters of public records under Federal Rule of Evidence 201(b).  *Id.* at 2.  Plaintiffs did not file any opposition to the requests for judicial notice.  *See dkt.*

A court may take judicial notice of facts "not subject to reasonable dispute" because they are either "(1) generally known within the territorial jurisdiction of the trial court or (2) capable of

accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201. A court "must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c). "Facts subject to judicial notice may be considered by a court on a motion to dismiss." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (noting a court may consider on a Rule 12(b)(6) motion "matters of which a court may take judicial notice"); *Pruitt v. United States Bank, N.A.*, No. 1:13-cv-01198-AWI-SKO, 2013 WL 6798999, at *1 (E.D. Cal. Dec. 20, 2013) (*citing In re Russell*, 76 F.3d 242, 244 (9th Cir. 1996)); *see Indemnity Corp v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986) (a court may take judicial notice of matters of public record outside the pleadings).

Here, the undersigned finds Defendants' identical proffer of public records filed with the County of Kern appropriate for judicial notice as these documents are matters of public record that can readily be determined from sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b)(2); *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) ("a court may take judicial notice of matters of public record."); *see, e.g.*, *Gardner v. Am. Home Mortg. Servicing, Inc.*, 691 F. Supp. 2d 1192, 1196 (E.D. Cal. 2010) (taking judicial notice of documents publicly filed with a county recorder's office, including a deed of trust and a notice of trustee sale, on a motion to dismiss); *W. Fed. Sav. & Loan Ass'n v. Heflin Corp.*, 797 F. Supp. 790, 792 (N.D. Cal. 1992) (taking judicial notice of documents in a county's public record, including deeds of trust.). The undersigned takes judicial notice of these public deeds and instruments as recorded in the Official Records of the Kern County Recorder's Office.

V.    **Discussion**

For purposes of these findings and recommendations, and as a matter of judicial economy, the undersigned evaluates the merits of Plaintiffs' sole federal cause of action raised in the FAC for violation of 26 U.S.C. § 7434 before determining whether the Court may exercise supplemental jurisdiction over Plaintiffs' remaining state law causes of action and consider the merits of those claims.[4]

---

[4] Plaintiffs' fifth cause of action asserts a violation of the Rosenthal Act under California law and alleges in support that "Civil Code § 1788.17 incorporate the FDCPA, including 15 U.S.C. § 1692(e) and 1692(f)." (Doc. 1-1 at 46-47). The undersigned finds that Plaintiffs' mere reference to these federal statutes, without more, do not appear to raise any separate federal claim under such

**A.      The FAC Fails to State a Claim Under 26 U.S.C. § 7434**

1.      Governing Authority

Under 26 U.S.C. § 7434, it is a civil violation for any person who "willfully" files a fraudulent tax return with the Internal Revenue Service ("IRS") "with respect to payments purported to be made to any other person[.]" 26 U.S.C. § 7434(a). The statute authorizes the person on whose behalf the fraudulent return was filed to bring a civil action for damages against the person filing the return. *Id.*; *see id.* § 7434(b). "To state a fraudulent filing claim under [] § 7434, Plaintiff must plead that (1) Defendants issued an information return, (2) the information return was fraudulent, and (3) Defendants willfully issued the fraudulent return." *Derosa v. ViacomCBS Inc.*, No. 2:20-cv-02965-MCS-(GJSx), 2021 WL 1235039, at *3 (C.D. Cal. Mar. 3, 2021) (citing *Gidding v. Zurich Am. Ins. Co.*, No. 15-cv-01176-HSG, 2015 WL 6871990, at *5 (N.D. Cal. Nov. 9, 2015)). Accord *Katzman v. Essex Waterfront Owners LLC*, 660 F.3d 565, 568 (2d Cir. 2011) ("The private right of action created by § 7434(a) applies only [i]f any person *willfully files* a fraudulent information return.") (emphasis in original); *Leon v. Tapas & Tintos, Inc.*, 51 F. Supp. 3d 1290, 1297 (S.D. Fla. 2014). "Information return" is defined as "any statement described in section 6724(d)(1)(A)." 26 U.S.C. § 7434(f).[5]

2.      Analysis

In support of their twelfth cause of action for violation of § 7434 for filing false information returns, Plaintiffs allege that Defendants LoanDepot and Freedom "prepared, issued, and filed false federal tax information returns relating to Plaintiffs' mortgage loan, including but not limited to

---

statutes.

[5] As noted in the findings and recommendations to deny Plaintiffs' motion to remand, Plaintiffs argue that its claim under § 7434 is "legally impossible" because a Form 1098 "is not an information return within the meaning" of the statute. *See* (Doc. 41 at 7-8) (citing Doc. 17 at 136-137). However, Plaintiffs cite no authority for that proposition, and neither LoanDepot nor Freedom argues that a Form 1098 is not an information return within the meaning of § 7434. Therefore, the undersigned disregards Plaintiffs' contention that a Form 1098 is not an information return within the meaning of the statute. *See* 26 U.S.C. § 6724(d)(1)(B)(v) ("[I]nformation return" means … any return required by … section 6050H(a) or (h)(1) (relating to mortgage interest received in trade or business from individuals)"); *Pemberton v. Nationstar Mortgage LLC*, 331 F. Supp. 3d 1018, 1031-32 (S.D. Cal. 2018) (discussing a Form 1098 as an information return under 26 U.S.C. § 6050H, an information reporting statute).

Forms 1098 and any related IRS-required mortgage reporting documents." (Doc. 1-1 at 52). Plaintiffs allege that these information returns contained false account numbers, origination dates, and principal balances, and Defendants failed to comply with requirements to file accurate information returns and "willfully submitted false information to the IRS." *Id.* Plaintiffs further allege that these "inaccuracies were not clerical mistakes" but "were part of a pattern of misrepresentation also found in Defendants' foreclosure documents, assignments, declarations, and servicing records." *Id.* Plaintiffs assert they suffered reporting discrepancies, clouded financial records, inability to reconcile mortgage interest deductions, exposure to potential IRS audits or penalties, and emotional distress as a result of Defendants' false IRS filings. *Id.* at 52-53.

Plaintiffs' allegations do not satisfy the heightened pleading standard under Federal Rule of Civil Procedure 9(b) of demonstrating that either Freedom or LoanDepot willfully filed false information. Thus, "where a complaint includes allegations of fraud, [] Rule 9(b) requires more specificity including an account of the 'time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007) (citing *Edwards v. Marin Park, Inc.,* 356 F.3d 1058, 1066 (9th Cir. 2004)). "To comply with Rule 9(b), allegations of fraud must be specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Id.* (*citing Bly–Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001)). In other words, "a party must state with particularity the circumstances constituting fraud," including the "who, what, when, where and how of the alleged misconduct." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1126 (9th Cir. 2009).

Plaintiffs' FAC fails to plead particularized facts sufficient to establish the specific involvement of either Freedom or LoanDepot in willfully filing false information returns and how each Defendants' conduct amounted to fraud under § 7434. *See, e.g., Gidding*, 2015 WL 6871990, at *6 ("[U]nder [Rule] 9(b), where there are multiple defendants, Gidding is required to allege with specificity each Defendant's wrongdoing.") (citing *Swartz*, 476 F.3d at 764-65). Moreover, Plaintiffs' conclusory allegations do no more than describe generally the elements of a §7434 claim. Specifically, the allegations do not provide detail sufficient to notify Defendants or inform the

Court about the purportedly false tax returns, do not explain the significance of any identified information appearing on purported 1098 documents attached as exhibits to the FAC, such as various payments amount owed and balances, and do not clarify what of this information was fraudulent and willfully filed by LoanDepot, or by Freedom, or by both. *See* (Doc. 1-1 at 67-69) (Plaintiffs' Exhibits 8-10 to the FAC).

Therefore, the undersigned will recommend both LoanDepot's and Freedom's motions to dismiss be granted because Plaintiffs' allegations do not demonstrate under Rule 9(b) that either Defendant willfully filed false information in violation of § 7434. Because it is unclear whether the FAC's deficiencies could be cured by amendment, the undersigned will recommend Plaintiffs be granted leave to amend its claim under § 7434. *Lopez*, 203 F.3d at 1129; *e.g.*, *Gidding*, 2015 WL 6871990, at *6 (dismissing § 7434 claim with leave to amend where plaintiff fails to describe "each [d]efendant's alleged role in the fraudulent scheme").

### B.    Declining Supplemental Jurisdiction Over Remaining Claims

#### 1.    Governing Authority

Under 28 U.S.C. § 1367(a), a court that has original jurisdiction over a civil action "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). "A state law claim is part of the same case or controversy when it shares a common nucleus of operative fact with the federal claims and the state and federal claims would normally be tried together." *Bahrampour v. Lampert*, 356 F.3d 969, 978 (9th Cir. 2004) (internal quotation and citation omitted). "Section 1367(a) requires courts to exercise supplemental jurisdiction, while [Section] 1367(c) provides 'the exclusive means by which supplemental jurisdiction can be declined by a court.'" *Carne v. Stanislaus Cnty. Animal Services Agency*, 445 F. Supp. 3d 772, 774 (E.D. Cal. Mar. 31, 2020) (quoting *Executive Software N. Am., Inc. v. U.S. Dist. Court for the Cent. Dist. of Cal.*, 24 F.3d 1545, 1556 (9th Cir. 1994)). However, even where supplemental jurisdiction over a claim exists under § 1367(a), the Court may decline jurisdiction over the claim under § 1367(c) if:

(1) the claim raises a novel or complex issue of State law,

10

(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

(3) the district court has dismissed all claims over which it has original jurisdiction, or

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

§ 1367(c)(1)–(4). Courts have "discretion to keep, or decline to keep, [supplemental state law claims] under the conditions set out in § 1367(c)." *Acri v. Varian Assocs.*, 114 F.3d 999, 1000 (9th Cir. 1997) (en banc). Courts "should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity" when deciding whether to exercise supplemental jurisdiction. *City of Chi. v. Int'l Coll. of Surgeons*, 522 U.S. 156, 174 (1997).

          2.      Analysis

The remaining twelve causes of action asserted in Plaintiffs' FAC are state law claims. (Doc. 1-1 at 42-54). As Plaintiffs fail to assert any viable claims under federal law, the undersigned elects not to evaluate Plaintiffs' remaining state law claims at this stage as there does not appear to be any reasonable basis to assert supplemental jurisdiction over such claims. *See Pell v. Nuñez,* 99 F.4th 1128, 1135 (9th Cir. 2024) ("When a district court 'has dismissed all claims over which it has original jurisdiction,' it 'may decline to exercise supplemental jurisdiction' over remaining state law claims.") (quoting 28 U.S.C. § 1367(a)); *Watison v. Carter*, 668 F.3d 1108, 1117 (9th Cir. 2012) (if court declines to exercise supplemental jurisdiction over state law claims once court dismissed federal claims, then the court should dismiss the state law claims without prejudice); *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010) (noting that a district court may decline to exercise supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction); *see also Carnero v. Elk Grove Fin., LLC*, No. 16-cv-03606-BLF, 2016 WL 6873544, at *3 (N.D. Cal. Nov. 22, 2016) (declining to exercise supplemental jurisdiction over remaining state law claims in evaluating an application for temporary restraining order).

          Here, the case is unscheduled and at an early stage, and Plaintiffs have expressed their desire

to pursue their claims in state court.  Accordingly, because the Court should not exercise supplemental jurisdiction over the remaining state law claims asserted against Defendants, the undersigned will recommend these claims be dismissed without prejudice.

### C.    Leave to Amend

As noted above, "leave [to amend] shall be freely given when justice so requires."  Fed. R. Civ. P. 15(2).  However, district courts are only required to grant leave to amend if a complaint can be saved.  *Lopez*, 203 F.3d at 1129.  A court should dismiss a pro se complaint if "it is absolutely clear that the deficiencies of the complaint could not be cured by amendment."  *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012).

Here, because the FAC's deficiencies in Plaintiffs' § 7434 claim could be cured by amendment, the undersigned will recommend LoanDepot's and Freedom's motions to dismiss be granted with leave to amend.  *Lopez*, 203 F.3d at 1129.

### IV.    <u>Conclusion and Recommendation</u>

Accordingly, it is HEREBY RECOMMENDED that:

1. Defendant Freedom Mortgage Corporation's motion to dismiss the first amended complaint ("FAC") (Doc. 5) be GRANTED.

2. Defendant LoanDepot.com, LLC's motion to dismiss the FAC (Doc. 7) be GRANTED.

3. Plaintiffs' FAC (Doc. 1) be DISMISSED with leave to amend.

4. Plaintiffs be ORDERED to file within 21 days of any order adopting these findings and recommendations any second amended complaint ("SAC") consistent with this order.

5. Defendants be ORDERED to file a response to any timely filed SAC within **14 days** of its filing.

These Findings and Recommendations will be submitted to the U.S. District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  **<u>Within 14 days</u>** after being served with a copy of these Findings and Recommendations, any party may file written objections with the Court. Local Rule 304(b).  The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and **shall not exceed 15 pages** without leave of Court and good cause shown.  The Court will not consider exhibits attached to the Objections.  To the

extent any party wishes to refer to any exhibit(s), that party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the 15-page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C). A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:   **June 29, 2026**

_____
UNITED STATES MAGISTRATE JUDGE

13