Jerry Wagner
3517 Beyers St
Bakersfield Ca 93312
(661)-371-5984
Wagnerjerry82@gmail.com
Pro Se

FILED
AUG 24 2026
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY DEPUTY CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY WAGNER, DANNY WAGNER<br>Plaintiff,<br>vs.<br>LOANDEPOT.COM, LLC, FREEDOM MORTGAGE CORPORATION, AFFINIA DEFAULT SERVICES, LLC, DOES 1-50<br>Defendant | Case No.: 1:26CV03848-JLT-CDB<br><br>MOTION TO REMAND AND MEMORANDUM OF POINTS AND AUTHORITIES |

August 24, 2026

## I. INTROUDUCTION

Plaintiffs respectfully move for an order remanding this action to the Superior Court of California, County of Kern, pursuant to 28 USC § 1447(c). The operative Second Amended Complaint ("SAC') asserts only California state-law causes of action, eliminating any basis for federal-question jurisdiction under 28 USC § 1331. Diversity jurisdiction under 28 USC 1332 is

also absent. Because the Eastern District of California lacks subject-matter jurisdiction, remand is mandatory.

Defendant Freedom removed this case based solely on allegations in a prior complaint that is no longer operative. Once Plaintiffs filed the SAC-asserting exclusively state-law-claims-any purported federal question disappeared. Federal courts are courts of limited jurisdiction, and removal statues are strictly construed against removal. The Court must remand.

## II. LEGAL STANDARD

Federal courts possess only the jurisdiction authorized by Congress. The removing defendant bears the burden of establishing federal jurisdiction. *Gaus v. Milles, Inc.,(9th Cir. 1992).* Any doubt must be resolved in favor of remand.

Under 28 USC § 1447(c),"if at any time before final judgment it appears that the district court lacks subject-matter jurisdiction, the case shall be remanded."

Jurisdiction is determined based on the operative complaint. When a plaintiff amends the complaint to remove federal claims, federal question jurisdiction is extinguished. *Rockwell Int's Corp. v. Untied States (2007)*

## III ARGUMENT

### A. The Second Amended Complaint Contains Only California State-Law Claims; No Federal Question Exists (§ 1331)

The SAC asserts exclusively California statutory and common-law claims, including violations of California Homeowner Bill of Rights, Rosenthal Act, Breach of Contract, and related California state-law causes of action. No federal statute, federal right, a federal cause of action appears on the face of the SAC.

Freedom's removal relied on allegations in the First Amended Complaint ("FAC"), which Plaintiffs have now superseded. Once the SAC was filed, it became the operative pleading for jurisdictional purposes. Because SAC presents no federal issue and does not raise a substantial federal question under *Grable & Sons Metal Prods, Inc v. Darue Eng'g & Mfg (2005),* federal-question jurisdiction is absent.

**B. Diversity Jurisdiction is Absent (§ 1332)**

Removal cannot be sustained under diversity jurisdiction. Complete diversity does not exist, and Freedom has not met its burden of providing otherwise. The Notice of Removal contains only conclusory allegations and fails to provide competent evidence as required by Ninth Circuit precedent. See *Krioske v U.S. Bank Corp, (9th Cir. 2005.*

Because neither the citizenship nor amount-in-controversy requirements are satisfied, diversity jurisdictions is unavailable.

**C. Removal Was Procedurally Defective (§ 1446)**

Even if jurisdictions existed-which it does not-remand is independently required due to multiple procedural defects:

- **Untimely Removal:** The Notice was not filed within the 30-day statutory window and Defendants chose to stay in state court by invoking CCP 430.41 Meet and Confer with Plaintiffs. Defendants chose not to raise federal question issues with Plaintiffs before removal.
- **Incomplete State**-Court Record: Defendants failed to attach all required state-court pleadings and orders, violating § 1446(a). Defendants failed to attach all filings from May 15, 2026, including three notices, Plaintiffs Oppositon and No Reply from Defendants, leaving May 20, 2026, PI hearing unopposed by defendants.

- **Lacking Unanimous Consent**-Both Freedom and LoanDepot merely state in their motions to dismiss that "Freedom removed this case May 18, 2026". Neither defendant states that LoanDepot affirmatively consented, nor does LoanDepot file any documents expressing consent. A defendant's vague statement is not consent under § 1446(b)(2)(A). It is merely a factual acknowledgement of who filed the Notice of Removal.
- **Removal Based on a Superseded Pleading**-Removal was premised on the FAC, which is no longer operative.

Any one of these defects requires remand; together they make removal unsustainable.

**IV. CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that this Court:

1.) **Remand this action to the Superior Court of California, County of Kern**, pursuant to 28 USC § 1447(c); and

2.) Plaintiffs respectfully ask the Court to do so in a way to **prevent further confusion and mischaracterization of the procedural history by Defendants.**

X Jerry Wagner 8/24/2026 X Danny Wagner

Jerry Wagner
Pro Se

Danny Wagner
Pro Se

Jerry Wagner
3517 Beyers St
Bakersfield Ca 93312
(661)-371-5984
Wagnerjerry82@gmail.com
Pro Se

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY WAGNER, DANNY WAGNER<br>Plaintiff,<br>vs.<br>LOANDEPOT.COM, LLC, FREEDOM MORTGAGE CORPORATION, AFFINIA DEFAULT SERVICES, LLC, DOES 1-50<br>Defendant | Case No.: 1:26CV03848-JLT-CDB<br><br>DECLARATION OF JERRY WAGNER SUPPORTING REMAND MOTION OF SECOND AMENDED COMPLAINT |

I, Jerry Wagner, declare:

I am a Plaintiff in this case, and I have personal knowledge of the facts stated herein.

I prepared and filed the Second Amended Complaint ("SAC"), I reviewed every claim. I determined the federal claim under 26 U.S.C. § 7434 was not supported by the facts, so I removed it completely.

1. With that claim withdrawn, every cause of action in the SAC is based only on California state law. There is no federal claim, and no federal question under 28 U.S.C. § 1331.
2. After filing the SAC, LoanDepot discussed giving them extra time to respond and stipulating remand. LoanDepot also stated in emails that they did not oppose remand.
3. LoanDepot did not give me enough time to prepare for that remand discussion. They reached out about a stipulation to extend their deadline only one day before their response was due, which did not allow meaningful time to prepare.
4. Even after saying they didn't oppose remand, LoanDepot — along with Freedom Mortgage — went ahead and filed a Motion to Dismiss instead of continuing the remand conversation.
5. This supports sending the case back to state court under 28 U.S.C. § 1447 because there is no federal jurisdiction left.
6. Exhibit 1 is the emails from LoanDepot dated May 8, 2026, before removal from state court not identifying any federal question invoking CCP 430.41(a) and emails regarding the stipulated remand dated August 10, 2026
7. Exhibit 2 is the emails from Freedom dated May 13, 2026, for the meet and confer under CCP 430.41(a) not identifying any federal question, and five days later May 18, 2026, before Freedom and only Freedom removed this action to Federal court, for Federal question.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on August 24, 2026

Jerry Wagner

Plaintiff, Pro Se

X

Jerry Wagner
Pro Se

# Plaintiff's Exhibit 1

- Meet : Confer email from LoanDepot on May 8, 2026 - 10 days before removal for federal question was filed on May 18, 2026 Invoking CCP §430.41(a)

# RE: Availability to Meet and Confer Regarding First Amended Complaint - Wagner v. loanDepot and Freedom Mortgage Corp.

1 message

**Shahbazi, Sara** <sara.shahbazi@stinson.com> Fri, May 8, 2026 at 14:05
To: wagnerjerry82@gmail.com <wagnerjerry82@gmail.com>
Cc: Coe, Loren W. <loren.coe@stinson.com>

Mr. Wagner,

Below is an outline of arguments we intend to make in our demurrer to your First Amended Complaint. Please provide your availability to meet and confer early next week over zoom. Thank you.

**I. Uncertainty – CCP § 430.10(f)**

Although the First Amended Complaint ("FAC") now alleges thirteen causes of action, the FAC remains uncertain in numerous respects. Several causes of action are duplicative, overlap substantially, and fail to delineate which facts support which claims. The FAC also adds Affinia Default Services LLC as a new defendant but fails to specify which causes of action are alleged against which defendants.

**II. Failure to State Facts Sufficient to Constitute a Cause of Action – Code Civ. Proc. § 430.10(e)**

- Each of the thirteen enumerated causes of action fails to state facts sufficient to constitute a cause of action.

**A. First Cause of Action: Violation of Homeowner Bill of Rights (FAC p. 7–8)**

- Plaintiffs allege Defendants initiated foreclosure without a valid beneficial interest and that the Notice of Default is void. loanDepot was the original lender who assigned its interest in the Loan to Freedom; loanDepot did not pursue foreclosure. The FAC fails to state a claim under a specific HBOR provision against loanDepot.

**B. Second Cause of Action: Violation of Civil Code § 2924.17 (FAC p. 9-10)**

- Plaintiffs allege Defendants relied on "false, contradictory, and fabricated loan records" and that LoanDepot's Customer Activity Statements show a same-day $190,000.00 "Loan Set Up" entry reversed by a $190,000.00 "Adjustment." These entries are standard loan entries reflecting the setup of a new loan on a servicer's system and do not constitute "fabrication" of a principal balance. Plaintiff admittedly obtained a $190,000 loan from loanDepot; how the loan was initially setup/reflected in loanDepot's internal systems has no bearing on Plaintiff's repayment obligation. Moreover, the "foreclosure documents" are not loanDepot's; Freedom services the loan, and Freedom pursued foreclosure. The FAC cannot state a claim for fabrication of loan documents against loanDepot.

**C. Third Cause of Action: Breach of Contract (FAC p. 10-11)**

- Plaintiffs allege Defendants breached the Note and Deed of Trust by holding payments in a suspense account from Sept. 2025 to Dec. 2025, recording defective documents, and initiating foreclosure without contractual

authority. Once more, loanDepot did not claim an interest in the Loan at this time. The FAC fails to identify the specific contractual provisions allegedly breached or attach the relevant contract. Moreover, Plaintiffs cannot simultaneously claim the contract is "void ab initio" and assert breach of that same contract.

**D. Fourth Cause of Action: Breach of Implied Covenant of Good Faith and Fair Dealing (FAC p. 11)**

- This claim is derivative of the breach of contract claim and fails for the same reasons. The allegations—providing contradictory information, failing to correct errors, advancing foreclosure despite disputes—are conclusory and do not identify specific contractual benefits of which Plaintiffs were deprived. loanDepot did not advance foreclosure; Freedom Mortgage is the current servicer and initiated the foreclosure process.

**E. Fifth Cause of Action: Violation of the Rosenthal Act / FDCPA (FAC p. 11-12)**

- Plaintiffs allege Defendants are "debt collectors" who violated Civil Code § 1788.17 and 15 U.S.C. §§ 1692e and 1692f. However, mortgage servicers servicing debts they originated or acquired are generally not "debt collectors" under the Rosenthal Act or the FDCPA. The FAC does not allege facts showing Defendants fall within the statutory definition of "debt collector." loanDepot transferred servicing to Freedom effective October 2024; Freedom is the entity currently collecting the debt, not loanDepot.

**F. Sixth Cause of Action: Negligence (FAC p. 12)**

- Plaintiffs allege Defendants owed a duty to maintain accurate records and process payments correctly. Freedom Mortgage, not loanDepot, processes Plaintiffs' payments as the current servicer. Under California law, a financial institution generally does not owe a duty of care to a borrower in the ordinary course of its lending or servicing activities absent a special relationship. While the FAC conclusorily alleges that Defendants owed Plaintiffs a duty, it fails to allege facts establishing a special relationship sufficient to give rise to such a duty to loanDepot, who is not the current servicer of the Loan.

**G. Seventh Cause of Action: Negligent Misrepresentation (FAC p. 12–13)**

- The FAC alleges misrepresentations regarding the amount owed, the loan status, the identity of the beneficiary, and the validity of foreclosure documents. The foreclosure documents were not prepared or issued by loanDepot; Freedom and Affinia are the entities that executed the foreclosure instruments. These allegations fail to satisfy the heightened specificity requirements for misrepresentation claims. Plaintiffs do not allege who made each misrepresentation, when, or the specific content of each alleged misrepresentation. The allegation that the Note's execution location was stated as Foothill, California instead of Bakersfield is immaterial to the enforceability of the loan.

**H. Eighth Cause of Action: Constructive Fraud (FAC p. 13–14)**

- Constructive fraud requires a fiduciary or confidential relationship. The FAC does not allege facts establishing that any Defendant owed Plaintiffs a fiduciary duty. The lender-borrower and servicer-borrower relationships are not fiduciary in nature under California law. loanDepot is not the current servicer; Freedom Mortgage services the loan. The allegations are substantively identical to the negligent misrepresentation claim and fail independently.

**I. Ninth Cause of Action: Unfair Competition — Bus. & Prof. Code § 17200 (FAC p. 14)**

- A UCL claim requires an underlying unlawful, unfair, or fraudulent act. Because each predicate cause of action fails to state a claim, the UCL claim necessarily fails as well. The FAC's extensive list of statutory violations (HBOR, Rosenthal Act, FDCPA, Civil Code § 2924.17, Civil Code § 2924(a)(1)) is entirely derivative and does not

independently state a claim. To the extent unlawful acts are alleged, they were committed by Freedom and Affinia, not loanDepot.

**J. Tenth Cause of Action: Declaratory Relief (FAC p. 15)**

- Declaratory relief is a remedy, not an independent cause of action. Because the FAC fails to state any viable underlying claim, there is no actual controversy warranting declaratory relief. loanDepot has no current interest in the Loan and has not claimed any right to foreclose.

**K. Eleventh Cause of Action: Quiet Title — Code Civ. Proc. § 760.010 et seq. (FAC p. 15–16)**

- A quiet title action requires Plaintiffs to allege they have satisfied their obligations under the deed of trust, including tender of amounts owed. The FAC acknowledges Plaintiffs are in default but argues tender is not required because the foreclosure instruments are "void." However, the FAC fails to establish that any instrument is void (as opposed to voidable), and the tender requirement therefore applies. The FAC also fails to allege a specific date on which Plaintiffs acquired title as required by statute. loanDepot assigned its interest in the Deed of Trust; it claims no current interest in the property adverse to Plaintiffs.

**L. Twelfth Cause of Action: Violation of 26 U.S.C. § 7434 — False Information Returns (FAC p. 17-18)**

- Plaintiffs allege Defendants filed false IRS Forms 1098 containing incorrect account numbers, origination dates, and principal balances. Section 7434 applies to "information returns" filed with respect to a person, but variations in loan numbers across servicer transfers and minor date discrepancies do not establish that returns were "knowingly" filed with false information. Clerical differences between loan numbers assigned by different servicers are commonplace and do not give rise to a § 7434 claim. The FAC does not allege willful intent. The different account numbers (loanDepot #4874 vs. Freedom #20760) and reporting discrepancies are the natural result of the October 2024 servicing transfer from loanDepot to Freedom; they do not evidence falsity.

**M. Thirteenth Cause of Action: Injunctive Relief (FAC p. 18–19)**

- Injunctive relief is a remedy, not an independent cause of action. Because the FAC fails to state any viable underlying cause of action, there is no basis for injunctive relief. loanDepot has no current interest in the Loan and is not pursuing foreclosure; there is nothing for Plaintiffs to enjoin as to loanDepot.

**<u>III. Recurring Frivolous Theories That Persist in the FAC</u>**

**A. Void Ab Initio / Mental Incapacity (FAC General Allegations)**

- The FAC continues to allege that Danny Wagner and Freda Wagner were "unsound minds incapable of contracting," but adds no new facts demonstrating incapacity at the time of signing. The conclusory allegation of "memory issues and a seizure disorder" is insufficient. Moreover, Plaintiffs ratified the contract by making payments for approximately six years.

**B. "Conversion" of Promissory Note / No Loan Was Made (FAC General Allegations)**

- The FAC retains the allegation that loanDepot "converted" the promissory note into a "bank entry" rather than making an actual loan. This reflects discredited "vapor money" theories that courts have uniformly rejected as frivolous. See *Sears v. Rocket Mortgage, LLC*, No. 2:25-cv-0409, 2025 WL 1001586, at *3 (E.D. Cal. Apr. 3, 2025); *Mercado v. Transp. Funding, LLC*, No. 2:23-CV-02052-HLT, 2025 WL 388661, at *3 (D. Kan. Feb. 4, 2025) [and cases cited therein]. Plaintiffs admittedly received a $190,000 loan from loanDepot and made payments for years; the "no loan was made" theory is contradicted by their own exhibits.

**C. Separation of Note and Deed of Trust (FAC General Allegations)**

- The FAC continues to assert that the note and deed of trust have been "separated" and are therefore unenforceable. Under California law, a deed of trust automatically follows the note when transferred. See Civil Code § 2936. loanDepot's assignment of the Deed of Trust via MERS does not "separate" the Note from the security interest; the assignment transferred both.

**D. Unauthorized Banking / Debt Collector Theories (FAC General Allegations)**

- The FAC persists in the theory that accepting mortgage payments constitutes accepting "deposits" under banking regulations and that loanDepot and Freedom Mortgage require bank charters. These theories have no basis in law. loanDepot is a licensed mortgage lender and does not require a bank charter to originate or service loans.

**IV. Tender Requirement**

- Plaintiffs argue they are excused from tender because they challenge a foreclosure based on "void" instruments. However, the FAC does not plead facts sufficient to establish that any instrument is void (as opposed to voidable). Absent a valid excuse, the failure to allege tender is fatal to Plaintiffs' claims for quiet title, cancellation of instruments, and injunctive relief. See *Abdallah v. United Savings Bank* (1996) 43 Cal.App.4th 1101, 1109.

loanDepot intends to demur to the First Amended Complaint in its entirety. We remain willing to meet and confer regarding these issues.

Regards,

Sara

**Sara Shahbazi**
Attorney

STINSON LLP
19100 Von Karman Ave. #700
Irvine, CA 92612
Direct: 949.225.3742 \ Bio

Assistant: Lorraine Johnson \ 949.225.7207 \ lorraine.johnson@stinson.com

**STINSON.COM**

**From:** Shahbazi, Sara
**Sent:** Friday, April 10, 2026 5:00 PM
**To:** 'wagnerjerry82@gmail.com' <wagnerjerry82@gmail.com>
**Cc:** Coe, Loren W. <loren.coe@stinson.com>
**Subject:** RE: Wagner v. loanDepot and Freedom Mortgage Corp.

# Plaintiff's

# Exhibit 1

- Emails from LoanDepot on August 10, 2026 Suggesting a stipulated Remand

**Proposed Stipulation to Extend Time - Remand**

1 message

**Shahbazi, Sara** <sara.shahbazi@stinson.com> Mon, Aug 10, 2026 at 12:44
To: wagnerjerry82@gmail.com <wagnerjerry82@gmail.com>
Cc: Coe, Loren W. <loren.coe@stinson.com>, Paino, Brian <bpaino@hinshawlaw.com>, Rico, Carolina <CRico@hinshawlaw.com>, Iqbal, Zeeshan <ZIqbal@hinshawlaw.com>

Mr. Wagner,

I am following up on my email from Friday, August 7 regarding a proposed stipulation to extend the response deadline while the parties evaluate a coordinated remand. Today is the August 10 deadline referenced in that email, and I want to confirm you received it.

All Defendants are amenable to evaluating remand, which could give Plaintiffs the result they are seeking. We simply need a short extension of the response deadline to allow that evaluation to be completed. Please let us know today whether Plaintiffs are willing to stipulate so that we can prepare the necessary paperwork. We look forward to your prompt response.

Regards,

Sara

**Sara Shahbazi**
Attorney

STINSON LLP
19100 Von Karman Ave. #700
Irvine, CA 92612
Direct: 949.225.3742 \ Bio

Assistant: Lorraine Johnson \ 949.225.7207 \ lorraine.johnson@stinson.com

**STINSON.COM**

This communication (including any attachments) is from a law firm and may contain confidential and/or privileged information. If it has been sent to you in error, please contact the sender for instructions concerning return or destruction, and do not use or disclose the contents to others.

**From:** Shahbazi, Sara
**Sent:** Friday, August 7, 2026 7:13 PM
**To:** 'wagnerjerry82@gmail.com' <wagnerjerry82@gmail.com>
**Cc:** Coe, Loren W. <loren.coe@stinson.com>; Paino, Brian <bpaino@hinshawlaw.com>; Rico, Carolina

## Re: Proposed Stipulation and Deadline Clarification

1 message

**Jerry Wagner** <wagnerjerry82@gmail.com> Mon, Aug 10, 2026 at 14:22
To: Shahbazi, Sara <sara.shahbazi@stinson.com>

Hi Sara,

Thank you for your follow-up.

I want to clarify that I did not receive the email you referenced as being sent on August 7th. Could you please provide a screenshot or image of the email thread showing it was sent to me on that date? The first communication I received on this topic was today.

Because I did not receive the earlier message, I have not had the opportunity to review the proposed stipulation. I will need adequate time to fully review and understand the request before making a decision.

I will provide a response no later than Friday.

Regards,
Jerry Wagner

# RE: Proposed Stipulation for 2-Week Extension for Defendants to Respond to Second Amended Complaint

1 message

**Shahbazi, Sara** <sara.shahbazi@stinson.com> Mon, Aug 10, 2026 at 16:34
To: Jerry Wagner <wagnerjerry82@gmail.com>
Cc: Coe, Loren W. <loren.coe@stinson.com>

Mr. Wagner,

Thank you for your response. I have attached a copy of the August 7th email for your reference. However, for some reason my colleague copied on the email did not receive it until this morning either, so we are looking into why that happened. Apologies for the confusion.

Regarding timing, the Defendants' responsive pleadings are due tomorrow, and we need to finalize the stipulation promptly in order to file it with the Court tomorrow. To be clear, I am only asking that you agree to a 2-week extension for the Defendants to respond to the second amended complaint so that all parties can discuss stipulating to remand the lawsuit to state court. loanDepot does not oppose remand, and we think stipulating to remand the lawsuit is the easiest and most cost-effective option for all parties. Please let me know if you agree to the 2-week extension and I will send over a short stipulation that says Plaintiff and Defendants agree to a 2-week extension for Defendants to respond to the complaint

Regards,

Sara

**Sara Shahbazi**
Attorney

STINSON LLP
19100 Von Karman Ave. #700
Irvine, CA 92612
Direct: 949.225.3742 \ Bio

Assistant: Lorraine Johnson \ 949.225.7207 \ lorraine.johnson@stinson.com

**STINSON.COM**

This communication (including any attachments) is from a law firm and may contain confidential and/or privileged information. If it has been sent to you in error, please contact the sender for instructions concerning return or destruction, and do not use or disclose the contents to others.

# Proposed Stipulation to Extend Time - Remand

1 message

**Shahbazi, Sara** <sara.shahbazi@stinson.com> Mon, Aug 10, 2026 at 08:38
To: wagnerjerry82@gmail.com <wagnerjerry82@gmail.com>
Cc: Coe, Loren W. <loren.coe@stinson.com>, Paino, Brian <bpaino@hinshawlaw.com>, Rico, Carolina <CRico@hinshawlaw.com>, Iqbal, Zeeshan <ZIqbal@hinshawlaw.com>

Mr. Wagner,

I write regarding the potential remand of this matter to state court. We understand Plaintiffs wish to have this action remanded. Freedom's counsel has informed us that they are currently evaluating whether to join in a request for remand, and loanDepot is also amenable to remand. To allow that evaluation to be completed, we respectfully request that Plaintiffs stipulate to a short extension of the current deadline for Defendants to respond to the Second Amended Complaint. A coordinated, stipulated remand will be faster and less costly for all parties, including Plaintiffs, than if the parties proceed separately.

Please let us know by **August 10, 2026**, whether Plaintiffs are willing to enter into the proposed stipulation, and we will prepare a draft for the parties to review and sign. Thank you.

Regards,

Sara

**Sara Shahbazi**
Attorney

STINSON LLP
19100 Von Karman Ave. #700
Irvine, CA 92612
Direct: 949.225.3742 \ Bio

Assistant: Lorraine Johnson \ 949.225.7207 \ lorraine.johnson@stinson.com

**STINSON.COM**

This communication (including any attachments) is from a law firm and may contain confidential and/or privileged information. If it has been sent to you in error, please contact the sender for instructions concerning return or destruction, and do not use or disclose the contents to others.

**From:** Jerry Wagner <wagnerjerry82@gmail.com>
**Sent:** Monday, August 10, 2026 2:23 PM
**To:** Shahbazi, Sara <sara.shahbazi@stinson.com>
**Subject:** Re: Proposed Stipulation and Deadline Clarification

**External Email – Use Caution**

Hi Sara,

Thank you for your follow-up.

I want to clarify that I did not receive the email you referenced as being sent on August 7th. Could you please provide a screenshot or image of the email thread showing it was sent to me on that date? The first communication I received on this topic was today.

Because I did not receive the earlier message, I have not had the opportunity to review the proposed stipulation. I will need adequate time to fully review and understand the request before making a decision.

I will provide a response no later than Friday.

Regards,
Jerry Wagner

---------- Forwarded message ---------
From: "Shahbazi, Sara" <sara.shahbazi@stinson.com>
To: "wagnerjerry82@gmail.com" <wagnerjerry82@gmail.com>
Cc: "Coe, Loren W." <loren.coe@stinson.com>, "Paino, Brian" <bpaino@hinshawlaw.com>, "Rico, Carolina" <CRico@hinshawlaw.com>, "Iqbal, Zeeshan" <ZIqbal@hinshawlaw.com>
Bcc:
Date: Sat, 8 Aug 2026 02:13:15 +0000
Subject: Proposed Stipulation to Extend Time - Remand

Mr. Wagner,

I write regarding the potential remand of this matter to state court. We understand Plaintiffs wish to have this action remanded. Freedom's counsel has informed us that they are currently evaluating whether to join in a request for remand, and loanDepot is also amenable to remand. To allow that evaluation to be completed, we respectfully request that Plaintiffs stipulate to a short extension of the current deadline for Defendants to respond to the Second Amended Complaint. A coordinated, stipulated remand will be faster and less costly for all parties, including Plaintiffs, than if the parties proceed separately.

Please let us know by **August 10, 2026**, whether Plaintiffs are willing to enter into the proposed stipulation, and we will prepare a draft for the parties to review and sign. Thank you.

Regards,

# Plaintiff's Exhibit 2

- Email from Plaitiff to Freedom May 12, 2026
- Email from Freedom to Plaitiff May 13, 2026, 5 days before removal May 18, 2026, and 2 days befor state court PI hearing May 20, 2026
  - Invoking CCP § 430.41(a)

M

# Jerry Wagner, et al. v. Freedom Mortgage Corporation, et al. (Case No. 26CUB00705)

1 message

**Jerry Wagner** <wagnerjerry82@gmail.com> Tue, May 12, 2026 at 12:41
To: Iqbal, Zeeshan <ZIqbal@hinshawlaw.com>

Afternoon,

Before I agree to a meet and confer, please provide a list of all issues, objections, or concerns your client intends to raise. Preparing will help ensure our conversation is productive.

Once I receive your list, I will review it and confirm my availability for a phone call.

Nothing in this communication shall be construed as a waiver of any rights, claims, objections, or remedies available to me as Plaintiff. All rights are expressly reserved.

Regards,

Jerry Wagner.

[Quoted text hidden]

**6 attachments**

**image006.png**
43 KB

**image004.jpg**
1 KB

**image003.jpg**
1 KB

**image002.jpg**
1 KB

**image005.png**
7 KB

**image001.jpg**
1 KB

# Jerry Wagner, et al. v. Freedom Mortgage Corporation, et al. (Case No. 26CUB00705)

1 message

**Iqbal, Zeeshan** <ZIqbal@hinshawlaw.com> Wed, May 13, 2026 at 01:42
To: Jerry Wagner <wagnerjerry82@gmail.com>

The arguments essentially come down to the same arguments made in the moving papers.

Best,

**Zeeshan Iqbal**

Associate

**Hinshaw & Culbertson LLP**

350 South Grand Ave., Suite 3600, Los Angeles, CA 90071

O: 213-614-7322 | F: 213-614-7399

ziqbal@hinshawlaw.com

My Bio | hinshawlaw.com | in f X

HINSHAW | *Proudly* MANSFIELD RULE CERTIFIED *PLUS*

**From:** Jerry Wagner <wagnerjerry82@gmail.com>
**Sent:** Tuesday, May 12, 2026 12:42 PM
**To:** Iqbal, Zeeshan <ZIqbal@hinshawlaw.com>
**Subject:** Re: Jerry Wagner, et al. v. Freedom Mortgage Corporation, et al. (Case No. 26CUB00705)

[Quoted text hidden]

Jerry Wagner
3517 Beyers St
Bakersfield Ca 93312
(661)-371-5984
Wagnerjerry82@gmail.com
Pro Se

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY WAGNER, DANNY WAGNER<br>Plaintiff,<br>vs.<br>LOANDEPOT.COM, LLC, FREEDOM MORTGAGE CORPORATION, AFFINIA DEFAULT SERVICES, LLC, DOES 1-50<br>Defendant | Case No.: 1:26CV03848-JLT-CDB<br>[PROPOSED] ORDERS GRANTING PLAINTIFFS MOTION TO REMAND SECOND AMENDED COMPLAINT |

August 24, 2026

**[Proposed] Order Granting Plaintiffs' Motion to Remand**

Plaintiffs' Motion to Remand came before the Court. Having considered the Motion, the supporting papers, the record in this matter, and good cause appearing, the Court finds that it lacks subject-matter jurisdiction over this action. The operative Second Amended Complaint asserts only California state-law claims, eliminating any basis for federal-question jurisdiction under 28 USC § 131, and Diversity jurisdiction under 28 USC § 1332 is also absent.

Accordingly, **IT IS ORDERED**:

1.) Plaintiff's Motion to Remand is **GRANTED**

2.) This action is **REMANDED to the Superior Court of California, County of Kern,** pursuant to 28 USC § 1447(c).

DATED:____________________,

United States District Judge