UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JERRY WAGNER, *et al.*,

Plaintiffs,

v.

LOANDEPOT.COM, LLC, *et al.*,

Defendants.

Case No. 1:26-cv-03848-JLT-CDB

FINDINGS AND RECOMMENDATIONS TO GRANT PLAINTIFFS' MOTION TO REMAND

(Doc. 66)

**14-DAY OBJECTION PERIOD**

Pending before the undersigned[1] is the motion of Plaintiffs Jerry Wagner and Danny Wagner ("Plaintiffs") to remand this action to state court, filed on August 24, 2026. (Doc. 66). On September 8, 2026, Defendant Freedom Mortgage Corporation ("Freedom") filed an opposition to the motion.[2] (Doc. 72). On September 15, 2026, Plaintiffs filed a reply. (Doc. 74). The undersigned deems the motion suitable for the preparation of findings and recommendations without hearing and oral argument. *See* Local Rule 230(g).

## I. Relevant Background[3]

### A. Procedural History

On July 15, 2026, the Court granted both Freedom and LoanDepot's respective motions to

[1] On October 14, 2026, the presiding district judge referred all pending dispositive motions in this matter, including Plaintiffs' instant motion to remand, to the undersigned for the preparation of findings and recommendations. (Doc. 77).

[2] The undersigned construes Defendant LoanDepot.com, LLC's ("LoanDepot") failure to file any opposition or statement of non-opposition to Plaintiffs' motion to remand as a non-opposition to the motion. *See* Local Rule 230(c).

[3] References to filings herein are to the CM/ECF-assigned page number.

dismiss Plaintiffs' first amended complaint ("FAC") with leave to amend. (Doc. 54). Plaintiffs thereafter filed their operative second amended complaint ("SAC") on July 28, 2026. (Doc. 57).

On August 11, 2026, LoanDepot and Freedom each filed a motion to dismiss the SAC and respective requests for judicial notice in support thereof. (Docs. 59, 60, 62, 63). Plaintiffs filed oppositions to the motions to dismiss on August 24, 2026, and both Freedom and LoanDepot filed replies on September 3, 2026. (Docs. 70, 71).[4]

**B. Plaintiffs' SAC**

In the operative SAC, Plaintiffs seek to hold Freedom and LoanDepot liable for violations of state law related to a loan and foreclosure of a property located in Bakersfield, California. *See generally* (Doc. 57). Plaintiffs allege this matter is "**not**" arising under the United States Constitution or federal laws … requiring federal question [jurisdiction] under 28 [U.S.C. § 1131]" and that "[a]ll claims arise solely under California" state law. *Id.* ¶ 1 (emphasis in original).

Plaintiffs assert eight (8) causes of action in the FAC, including for: (1) violation of the California Homeowner Bill of Rights ("HBOR"); (2) breach of contract; (3) breach of implied covenant of good faith and fair dealing; (4) violation of the California Rosenthal Act/Fair Debt Collection Practices Act ("FDCPA"); (5) negligent misrepresentation; (6) constructive fraud; (7) unfair competition in violation of Cal. Bus. & Prof. Code § 17200; and (8) declaratory relief. *See id.* at 10-20. In the prayer for relief, Plaintiffs seek various injunctive and declaratory relief, restitution, and damages. *Id.* at 20-22.

**C. Notice of Removal**

Invoking federal question jurisdiction, Freedom removed this action from state court shortly after Plaintiffs filed their FAC in which they added a cause of action pursuant to 26 U.S.C. § 7434 and incorporating claims under the FCDPA (15 U.S.C. § 1692, *et seq.*). (Doc. 1 at 2 ¶ 2); *see id.* ¶ 14. Freedom asserts the notice of removal is timely because it was filed within 30 days of its receipt of the FAC under Federal Rule of Civil Procedure 6(a). *Id.* ¶ 3. Freedom further asserts that to the

---

[4] The pending motions to dismiss (Docs. 59, 62) were referred to the undersigned for appropriate action. (Doc. 77). As explained further below, because the undersigned recommends this action be remanded to state court given the lack of subject matter jurisdiction, the undersigned recommends the pending motions to dismiss be addressed in state court following remand.

extent the since-superseded FAC asserts state law claims, this Court has supplemental jurisdiction over those claims. *Id.* ¶ 15.

## II. **Governing Authority**

Federal courts are courts of limited jurisdiction and may hear only those cases authorized by federal law. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Jurisdiction is a threshold inquiry, and "[f]ederal courts are presumed to lack jurisdiction, 'unless the contrary appears affirmatively from the record.'" *Casey v. Lewis*, 4 F.3d 1516, 1519 (9th Cir. 1993) (quoting *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 546 (1986)). A federal court's jurisdiction may be established in one of two ways: actions arising under federal law or those between citizens of different states in which the alleged damages exceed $75,000. 28 U.S.C. §§ 1331, 1332. "Subject-matter jurisdiction can never be waived or forfeited," and "courts are obligated to consider *sua sponte*" subject matter jurisdiction even when not raised by the parties. *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012).

Under 28 U.S.C. § 1441(a), a civil action may be removed to the district court where the action is pending if the district court has original jurisdiction over the action. Under 28 U.S.C. § 1332, a district court has original jurisdiction of a civil action where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and the dispute is between "citizens of different states." 28 U.S.C. § 1332. A district court also has original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States[,]" known as federal question jurisdiction. 28 U.S.C. § 1331; *Badgerow v. Walters*, 592 U.S. 1, 7-8 (2022).

The existence of federal question jurisdiction is determined by the complaint at the time of removal. *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1065 (9th Cir. 1979). "If a complaint filed in state court asserts federal-law claims, the defendant may remove the case to federal court." *Royal Canin U. S. A., Inc. v. Wullschleger*, 604 U.S. 22, 25-26 (2025) (citing 28 U.S.C. § 1441(a)). "And if the complaint also asserts state-law claims arising out of the same facts, the federal court may adjudicate those claims too, in the exercise of what is called supplemental jurisdiction." *Id.* (citing 28 U.S.C. § 1367).

Removal statutes are "strictly construe[d] against removal." *Gaus v. Miles, Inc.*, 980 F.2d

564, 566 (9th Cir. 1992) (per curiam). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* Thus, the removing party bears the burden of establishing original jurisdiction in the district court and "any doubt about the right of removal requires resolution in favor of remand." *Corral v. Select Portfolio Servicing Inc.*, 878 F.3d 770, 773 (9th Cir. 2017) (citing *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009)); *see Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) ("the court resolves all ambiguity in favor of remand to state court.") (citing *Gaus*, 980 F.2d at 566).

## III. Discussion

In the Court's order adopting findings and recommendations and denying Plaintiffs' initial motion to remand, the Court found that because Plaintiffs' FAC included a federal claim under Section 7434, this Court has subject matter jurisdiction, and removal was not procedurally defective. (Doc. 53 at 1).

In the Court's order granting Defendants' respective motions to dismiss Plaintiffs' FAC, the Court found that Plaintiffs' allegations failed to satisfy the heightened pleading standard under Federal Rule of Civil Procedure 9(b) to establish their sole federal claim under Section 7434, and because Plaintiffs failed to state a claim under federal law, the Court declined supplemental jurisdiction over Plaintiffs' remaining state law claims. (Doc. 54 at 1-2). The Court noted that Plaintiffs filed a motion to amend "in which they concede the allegations [of the FAC] were insufficient to support a claim under [28 U.S.C. § 7434]." *Id*. at 2 (citing Doc. 50 at 1). Because the Court dismissed the FAC with leave to amend, Plaintiffs' motion for leave to amend was terminated as moot and Plaintiffs were directed to file their SAC. *Id.* at 3.

In the SAC, Plaintiffs do not assert a claim under Section 7434 or any federal cause of action and expressly allege therein that "[a]ll claims arise solely under California statutory and common law, and Plaintiffs seek no relief under federal statutes or the U.S. Constitution." (Doc. 57 ¶ 1).

Freedom is correct that removal jurisdiction is assessed at the time of removal. (Doc. 72 at 1-2); *see Libhart*, 592 F.2d at 1065. However, "[w]hen an amendment excises the federal-law claims that enabled removal, the [Court] loses its supplemental jurisdiction over the related state-law claims. The case must therefore return to state court." *Royal Canin U.S.A., Inc.*, 604 U.S. at

25. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."). Because Plaintiffs' operative pleading no longer asserts a basis for this Court's subject matter jurisdiction, the Court no longer has discretion to exercise supplemental jurisdiction over Plaintiffs' remaining state law claims. *Royal Canin U.S.A., Inc.*, 604 U.S. at 28 ("That is because, to return to where we started, federal courts are courts of limited jurisdiction: When they do not have (or no longer have) authorization to resolve a suit, they must hand it over."). The Supreme Court's 2025 holding in *Royal Canin* "abrogated" the Ninth Circuit's precedent that district courts could retain supplemental jurisdiction over a party's state law claims even after the basis for federal jurisdiction was extinguished. *Walker v. State*, 158 F.4th 971, 980 (2025).

Because remand is required, the undersigned need not reach Plaintiffs' remaining arguments whether removal was procedurally defective. Accordingly, the undersigned will recommend this action be remanded to state court.

**IV. <u>Conclusion and Recommendation</u>**

Accordingly, it is HEREBY RECOMMENDED that:

1. Plaintiffs' motion to remand (Doc. 66) be GRANTED.
2. This action be REMANDED to state court.
3. Defendants' motions to dismiss and respective requests for judicial notice in support thereof (Docs. 59, 60, 62, 63) be REMANDED for action in state court.

These Findings and Recommendations will be submitted to the U.S. District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **<u>Within 14 days</u>** after being served with a copy of these Findings and Recommendations, any party may file written objections with the Court. Local Rule 304(b). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and **shall not exceed 15 pages** without leave of Court and good cause shown. The Court will not consider exhibits attached to the Objections.

To the extent any party wishes to refer to any exhibit(s), that party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed beyond the 15-page limitation may be

disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C). A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated: **October 19, 2026**

UNITED STATES MAGISTRATE JUDGE